UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CAROL McNEELY, SCOTT D. VLK, SHILPA
VLK, GEORGE K. BERNHARD, DEBORAH
JOYCE, and HARRY M. TUBER, on behalf of
themselves and all others similarly situated, and
DAVID T. RUDZIEWICZ, FREDERICK DEMAIO,
DONNA R. KOBIELSKI, and DONNA MOLTA,

        *Plaintiffs,*

        *-against-*

METROPOLITAN LIFE INSURANCE COMPANY,
METROPOLITAN LIFE RETIREMENT PLAN FOR
UNITED STATES EMPLOYEES, SAVINGS AND
INVESTMENT PLAN FOR EMPLOYEES OF
METROPOLITAN LIFE AND PARTICIPATING
AFFILIATES, METLIFE OPTIONS & CHOICES
PLAN, and WELFARE BENEFITS PLAN FOR
EMPLOYEES OF METROPOLITAN LIFE AND
PARTICIPATING AFFILIATES,

        *Defendants.*

------------------------------------------------------------------X

18 Civ. 885 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiffs, dentists and dental hygienists who evaluated claims submitted by treating

dentists for Metropolitan Life Insurance Company ("MetLife"), bring this proposed class and

collective action against MetLife and employee benefit plans[1] under the Fair Labor Standards

Act ("FLSA"), the Employee Retirement Income Security Act ("ERISA"), and the statutes and

common law of Illinois, New York, New Jersey, and Rhode Island. Plaintiffs allege that

MetLife unlawfully classified them and others similarly situated as independent contractors,

---

[1] Metropolitan Life Retirement Plan for United States Employees, Savings And Investment Plan For Employees of Metropolitan Life And Participating Affiliates, MetLife Options & Choices Plan, and Welfare Benefits Plan For Employees of Metropolitan Life And Participating Affiliates. The only claims against these employee benefit plans are the ERISA claims, which have been stayed.

when they were actually employees of MetLife who should have been compensated as regular fulltime employees in salary and benefits. Defendants moved to dismiss the ERISA and unjust enrichment claims entirely, and moved to dismiss the FLSA and state law overtime claims brought by the dentist Plaintiffs. The ERISA claims have since been stayed. (Dkt. 69.) The remaining claims at issue here are (1) the unjust enrichment claims of all Plaintiffs, and (2) the overtime FLSA and state law claims of the dentist Plaintiffs. For the following reasons, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss.

## FACTUAL BACKGROUND

### I. Plaintiffs

The Second Amended Complaint[2] alleges that, beginning some time before 2002, MetLife hired licensed dentists and dental hygienists as consultants to evaluate claims for benefits submitted by policyholders, participants, and beneficiaries in employee benefit plans (the "Dental Consultants"). (Dkt. 49 ("SAC") ¶ 1.) The Dental Consultants included licensed dentists—Plaintiffs Carol McNeely, Shilpa Vlk, George Bernhard, David T. Rudziewicz, and Frederick DeMaio (the "Dentist Plaintiffs"[3])—and dental hygienists—Plaintiffs Deborah Joyce, Donna Kobielski, and Donna Molta. (*Id.* ¶¶ 12-21.)

### II. Compensation

MetLife compensated the Dental Consultants as independent contractors even though, until November 2017, it determined and controlled all aspects of the performance of their duties

---

[2] In deciding the motion to dismiss, the Court accepts as true the allegations in Plaintiffs' Second Amended Complaint and resolves all factual disputes in Plaintiffs' favor. *See Schentag v. Nebgen*, No. 1:17-CV-8734-GHW, 2018 WL 3104092, at *14 (S.D.N.Y. June 21, 2018).

[3] Since the filing of the Second Amended Complaint, two of the named Dentist Plaintiffs—Harry M. Tuber and Scott D. Vlk—voluntarily dismissed all claims without prejudice. (Dkts. 70 & 71.)

to an extent that made them employees, not independent contractors. (*See id.* ¶ 1.) On October 31, 2017, MetLife rewrote its contract to explicitly call the Dental Consultants independent contractors, and changed some of its practices to treat them more like independent contractors. (*See id.* ¶¶ 2, 40-41; Dkt. 49-1 ("Prior Contract") ¶¶ 1, 3; Dkt. 49-2 ("New Contract") ¶¶ 1, 3.)

MetLife did not pay the Dental Consultants on a salary basis, did not pay overtime when they worked more than forty hours in a week, and did not pay on a biweekly basis. (*See* SAC ¶¶ 4-5, 101-03, 108, 115; Prior Contract ¶ 1; New Contract ¶ 3.) Instead, MetLife paid them monthly based on the number of hours worked times a contracted rate per hour, without overtime pay. (*See id.*) The Dental Consultants did, however, receive bonuses in the form of temporary increases in hourly rates based on the number of claims that they as a group were able to process during high-volume times. (SAC ¶ 93.)

The Dental Consultants were not offered certain employee benefits that generally were available to MetLife employees, including a variety of largely employer-paid insurance plans and a defined benefit pension plan. (*Id.* ¶¶ 6, 119.)

MetLife did not pay the employer portion of FICA taxes for the Dental Consultants' wages, and did not withhold the employee portion from their monthly pay. (*Id.* ¶¶ 7, 133; New Contract ¶ 3.) As a result, the Dental Consultants paid the combined employer and employee amount of FICA taxes. (SAC ¶ 134.)

### III. Duties

The Dental Consultants' primary duties were to review claims for services, which involved reviewing clinical information submitted by treating dentists and evaluating whether the services rendered—such as crowns, bridges, onlays, implants, or periodontal treatments— were dentally necessary, to assist MetLife in deciding whether to pay for services. (*Id.* ¶¶ 72,

105.) Dental Consultants could recommend that an alternate, less expensive benefit be applied to a service, and if MetLife adopted the recommendation, benefits would be paid based only upon the less costly service. (*Id.*)

The Prior Contract listed the Dental Consultants' duties as: "a) Reviewing dental claims and rendering your professional opinion; b) Providing advice and counsel to the Claims Office staff; c) Communicating via telephone with submitting dentists to explain and clarify dental claims; and, d) Training Dental Consultants, as may be required." (Old Contract ¶ 2.) These four duties are also described in the schedule of services under the New Contract, and a fifth service is added: "Assisting MetLife's Claims Office Staff and Special Investigation Unit with potential fraudulent dental claims submissions and fraud investigations, including abuse and overutilization." (New Contract Sched. A.)

The Dental Consultants were not practicing dentistry. (SAC ¶ 105.) They did not have patient-provider relationships with any of the policyholders, participants, or beneficiaries, did not diagnose the patients' dental needs for the purpose of providing services to those patients, and did not assist or advise the practicing dentist in providing services to the patient. (*Id.*)

## DISCUSSION

### I.    Motion to Dismiss Standard

To defeat a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* The court must construe the factual allegations contained in the complaint as true and view the complaint in the light most favorable to plaintiffs. *Twombly*, 550 U.S. at 572.

At the motion to dismiss stage, the court "assess[es] the legal feasibility of the complaint," but does not "assay the weight of the evidence which might be offered in support thereof." *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011). "When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents attached to the Complaint as exhibits or incorporated in it by reference." *Fraser v. Fiduciary Tr. Co. Int'l*, 417 F. Supp. 2d 310, 317 (S.D.N.Y. 2006) (Crotty, J.) (citing *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

## II.    Unjust Enrichment

The Internal Revenue Code ("IRC") provides that: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary. . . ." 26 U.S.C. § 7422(a). Pursuant to § 7422(f), "the exclusive remedy for a tax refund is an action against the United States." *Lehman v. USAIR Grp., Inc.*, 930 F. Supp. 912, 916 (S.D.N.Y. 1996). Accordingly, a state law claim seeking a federal tax refund is preempted. *See Brennan v. Sw. Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir.), *amended sub nom. Brennan v. Sw. Airlines*, 140 F.3d 849 (9th Cir. 1998).

Moreover, "the IRC does not explicitly create a private cause of action whereby an employee may sue an employer for a failure to make a required contribution." *Ferro v. Metro.*

*Ctr. for Mental Health*, No. 13 CIV. 2347 PKC, 2014 WL 1265919, at *5 (S.D.N.Y. Mar. 27, 2014). The Second Circuit has not opined on whether an implied cause of action exists under the IRC, but courts in this District have held that there is not. *See id.*; *Reynolds v. de Silva*, No. 09 Civ. 9218 CM), 2010 WL 743510, at *7 (S.D.N.Y. Feb. 24, 2010) (collecting cases), *abrogated on other grounds by Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015); *Spilky v. Helphand*, No. 91 CIV. 3045 (PKL), 1993 WL 159944, at *2-4 (S.D.N.Y. May 11, 1993).

The Dental Consultants' unjust enrichment claims against MetLife are for FICA taxes that the Dental Consultants paid to the Internal Revenue Service ("IRS"), and they are preempted. To allow these claims to move forward would undermine the IRS's administrative scheme, which allows individuals to file claims for tax refunds that they believe they need not have paid. *See Lehman*, 930 F. Supp. at 916 (§ 7422 prohibits suits for disguised refunds of taxes); *Umland v. PLANCO Fin. Servs.*, 542 F.3d 59, 66-68 (3d Cir. 2008) (unjust enrichment claim that employer withheld too much FICA tax preempted).

Most of the cases that analyze unjust enrichment claims for FICA taxes involve employers that withheld too much from employees, whereas here, the Dental Consultants allege that MetLife unjustly enriched itself because it did not collect or pay to the IRS any FICA taxes for employees who were mischaracterized as independent contractors. As their argument goes, the Dental Consultants had to pay their own and the employer share of FICA taxes to the IRS, and MetLife unfairly benefitted as a result, to the Dental Consultants' detriment. This distinction does not provide reason to allow the Dental Consultants a private right of action for an unjust enrichment claim for taxes paid where there is none, and where they had an avenue to pursue their claims through the proper administrative process. *Cf. Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007) (where defendant "was not acting as a collection agent for or

on behalf of the IRS," breach of contract and fraud claims were not preempted by § 7422 just because damages were calculated in terms of overpaid income taxes).

The present case is distinguishable from *Childers v. New York & Presbyterian Hosp.*, 36 F. Supp. 3d 292 (S.D.N.Y. 2014), where medical students and residents sought to recover FICA taxes that were withheld by hospitals affiliated with their medical schools. There, the "alleged liability . . . stem[med] not from its collection of FICA taxes but from later, independent actions and omissions, such as agreeing in [a] Settlement not to file protective refund claims on behalf of Plaintiffs, keeping the Settlement secret from Plaintiffs, not filing refund claims on behalf of Plaintiffs and not informing Plaintiffs that they should file refund claims for themselves." *Id.* at 303. Here, by contrast, the Dental Consultants' unjust enrichment claims seek a disguised tax refund. *See Lehman*, 930 F. Supp. at 916.

The Dental Consultants attempt to save unjust enrichment claims that are within state statutes of limitations, but outside the federal limitations period for claiming a refund with the IRS. § 7422 preemption, however, is not contingent on whether the federal statute of limitations has run on the claims a plaintiff wants to bring. This result would undermine the administrative scheme set forth by Congress and reward those who fail to file timely claims for refunds. *See Umland*, 542 F.3d 59 at 65.

## III.    Overtime

The FLSA exempts from its overtime requirements "any employee employed in a bona fide . . . professional capacity." 29 U.S.C. § 213(a)(1). This includes an employee "who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and is actually engaged in the practice thereof," even if not paid on a salary basis. 29

C.F.R. § 541.304(a)(1). "In the case of medicine, the exemption applies to physicians," which includes dentists. 29 C.F.R. § 541.304(b).

There is no dispute that the Dentist Plaintiffs held valid licenses to practice dentistry. (SAC ¶¶ 12-15, 17-19.) The question remains if the Dentist Plaintiffs were engaged in the practice of dentistry in their capacity as Dental Consultants for MetLife. Reading the SAC in the light most favorable to Plaintiffs, and notwithstanding MetLife's ability to raise this issue again in a motion for summary judgment following discovery, the Dentist Plaintiffs were not engaged in the practice of dentistry and are thus not exempt from the FLSA's overtime requirements.

The present record indicates that the Dentist Plaintiffs were not treating or providing services to patients. Rather, they were reviewing claims for services to assist MetLife in determining whether the services were dentally necessary and should be reimbursed. (*Id.* ¶¶ 72, 105.) Such activities do not fall under any of the relevant definitions of "practice of dentistry," which generally involve diagnosis, evaluation, prevention, or treatment of injuries, deformities, diseases, or conditions of teeth, oral cavity, and/or maxillofacial area. *See* Conn. Gen. Stat. § 20-123(a); 225 Ill. Comp. Stat. Ann. 25/17; N.J. Stat. Ann. § 45:6-19; N.Y. Educ. Law § 6601; R.I. Gen. Laws § 5-31.1-1(6); General Dentistry, ADA.org, https://www.ada.org/en/education-careers/careers-in-dentistry/general-dentistry. Where a dentist is merely reviewing claims for purposes of determining what benefits are payable, the dentist is not practicing dentistry for purposes of the FLSA learned professional exemption. *See Pfluger v. Sundstrand Corp.*, 84 Ill. App. 3d 272, 277-78 (1980).

## **CONCLUSION**

Defendants' motion to dismiss the unjust enrichment claims is GRANTED, and partial motion to dismiss the FLSA and state overtime claims is DENIED. The Clerk of Court is directed to terminate the motion at Dkt. 53.

Defendants shall answer the Second Amended Complaint. The parties are directed to confer and submit a civil case management plan by Friday, April 26, 2019.

Dated: New York, New York
      March 26, 2019

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge