

**MEHRI & SKALET PLLC**

1250 CONNECTICUT AVENUE NW, SUITE 300 · WASHINGTON, DC 20036
TEL 202.822.5100 · FAX 202.822.4997 · WWW.FINDJUSTICE.COM

CYRUS MEHRI (DC, CT)
STEVEN A. SKALET (DC, MD)
JAY ANGOFF (DC, MO, NJ)
CRAIG L. BRISKIN (DC, NY, MA)
ELLEN EARDLEY (DC. IL)
RICHARD E. CONDIT (DC)
JOANNA WASIK (DC, NY)
EZRA BRONSTEIN (NY)*
CHRISTINE MONAHAN (DC)

OF COUNSEL
U.W. CLEMON (AL)
MICHAEL D. LIEDER (DC)
N. JEREMI DURU (DC, MD)
KARLA A. GILBRIDE (DC, CA, NY)
BRETT WATSON (DC, MD)

*Pending in DC under the supervision of a DC attorney

April 3, 2019

**VIA ECF & HARD COPY**

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007

Re:   *McNeely et al. v. Metropolitan Life Insurance Co. et al.*, No. 18-885 (PAC)

Your Honor:

We write pursuant to Your Honor's Individual Rule 3 to request a pre-motion conference to seek leave to file Plaintiffs' motion for conditional certification of an FLSA collective action.[1]

As the Court well knows, motions for conditional certification proceed under a two-step process: at stage one, "a court determines whether notice should be sent to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs, 'thus issuing a conditional certification of the collective action.'" *Trawinski v. KPMG LLP*, No. 11-2978(PAC), 2012 U.S. Dist. LEXIS 183366, at *5–6 (S.D.N.Y. Dec. 21, 2012) (Crotty, J.) (quoting *Winfield v. Citibank,*

---

[1] The parties filed a proposed Civil Case Management Plan and Scheduling Order with the Court on February 1, 2019. (ECF No. 72.)  In that plan, the parties agreed that "Plaintiffs may seek leave to file and serve a motion for conditional certification of an FLSA collective action at any time after the Court rules on the pending motion to dismiss concerning overtime claims unless the Court dismisses Plaintiffs' FLSA claims in that ruling." *Id.* ¶ 11. However, because the Court has not yet entered the Civil Case Management Plan and Scheduling Order and has instructed the parties to submit a presumably new Civil Case Management Plan by April 26, 2019, Plaintiffs file this letter motion pursuant to Your Honor's Individual Rule 3.

The Honorable Paul A. Crotty, U.S.D.J.
April 3, 2019
Page 2

*N.A.*, 843 F. Supp. 2d 397, 402 (S.D.N.Y. 2012)).  At stage two, "following discovery, a court determines whether the 'collective action may go forward by determining whether the plaintiffs who have opted in are, in fact similarly situated to the named plaintiffs.'"  *Id.* at 6 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)).

      Plaintiffs seek to file a motion for conditional certification of a collective action under step one of this process.  The parties are still at the initial stages of discovery in this case, negotiating the search terms for MetLife's production of electronically stored information.  MetLife so far has made a single production of paper documents in response to Plaintiffs' written discovery requests, and no depositions have occurred.  To date, three hygienist Dental Consultants and two dentist Dental Consultants have opted in to this case, even without the sending of notice.  Other Dental Consultants should have the same opportunity.

      Attached to this Letter is Plaintiffs' memorandum in support of their proposed motion for conditional certification.  If the Court grants Plaintiffs leave to file their motion for conditional certification, Plaintiffs will file the motion, memorandum, and supporting exhibits via ECF.

      Plaintiffs have conferred with Defendants about their intention to file this request for a pre-motion conference but are unsure what position Defendants may take.  If any issues remain after their response, Plaintiffs suggest that they be addressed at the control status conference scheduled for April 16, 2019.

                              Respectfully submitted,

                              Michael D. Lieder

cc:    Counsel of Record *via* ECF