# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL McNEELY, SHILPA VLK, GEORGE K. BERNHARD, and DEBORAH JOYCE,<br><br>on behalf of themselves and all others similarly situated,<br><br>and<br><br>DAVID T. RUDZIEWICZ, FREDERICK DEMAIO, DONNA R. KOBIELSKI, DONNA MOLTA, NADINE JOY, SAMUEL PENTA, and ROLAND HOGG,<br><br>        Opt-In Plaintiffs,<br><br>     v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, METROPOLITAN LIFE RETIREMENT PLAN FOR UNITED STATES EMPLOYEES, SAVINGS AND INVESTMENT PLAN FOR EMPLOYEES OF METROPOLITAN LIFE AND PARTICIPATING AFFILIATES, METLIFE OPTIONS & CHOICES PLAN, and WELFARE BENEFITS PLAN FOR EMPLOYEES OF METROPOLITAN LIFE AND PARTICIPATING AFFILIATES,<br><br>        Defendants. | Civil Action No.:  1:18-CV-00885-PAC |

JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release (the "Agreement") is entered into by and between Plaintiffs (as hereinafter defined) and the Class of individuals that they represent (as hereinafter defined) and Defendants (as hereinafter defined) (together with the Plaintiffs, the "Parties").

RECITALS

WHEREAS, Plaintiff Carol McNeely filed a Class Action and Collective Action Complaint against Defendants, captioned McNeely, et al. v. Metropolitan Life Insurance Company, et al., Case No. 1:18-CV-00885-PAC, on February 1, 2018 in the Litigation (as

hereinafter defined) alleging, inter alia, that Defendants misclassified her and other Dental Consultants (as hereinafter defined) as independent contractors, rather than employees; and

WHEREAS, Plaintiff Carol McNeely filed an Amended Complaint in the Litigation on March 30, 2018 that, inter alia, added Scott D. Vlk, Shilpa Vlk, George K Bernhard, and Deborah Joyce, as Named Plaintiffs and David Rudziewicz as an Opt-In Plaintiff; and

WHEREAS, a Second Amended Complaint was filed in the Litigation on May 9, 2018 that, inter alia, added Harry M. Tuber as a Named Plaintiff and Frederick Demaio, Donna R. Kobielski, and Donna Molta as Opt-In Plaintiffs; and

WHEREAS, Nadine Joy filed her consent to join the case as an Opt-In Plaintiff, on May 10, 2018, Samuel Penta filed his consent to join the case as an Opt-In Plaintiff on May 13, 2019, and Roland Hogg filed his consent to join the case as an Opt-In Plaintiff on July 1, 2019 in the Litigation; and

WHEREAS, on December 4, 2018 Plaintiff Scott D. Vlk and Harry M. Tuber filed a stipulation to voluntarily dismiss all of their claims against Defendants; and

WHEREAS, the remaining Plaintiffs Carol McNeely, Shilpa Vlk, George K Bernhard, and Deborah Joyce, (collectively, "Named Plaintiffs") and Opt-In Plaintiffs David Rudziewicz, Frederick Demaio, Donna R. Kobielski, Donna Molta, Nadine Joy, Samuel Penta, and Roland Hogg (collectively, "Opt-in Plaintiffs") asserted in the Litigation, inter alia, class claims under the Employee Income Retirement Security Act ("ERISA") and various state wage and hour laws, as well as collective claims under the Fair Labor Standards Act ("FLSA"), and sought recovery of, among other things, allegedly unpaid employee benefits, overtime wages, penalties, liquidated damages, and attorneys' fees and costs; and

WHEREAS, the Parties engaged in private mediation with the assistance of Hunter Hughes, Esq. of Hunter Hughes Alternative Dispute Resolution (the "Mediator") including holding a mediation on July 31, 2019, and have worked diligently to reach a fair resolution of the claims in the Litigation; and

WHEREAS, Defendants have denied and continue to deny all of the allegations made by Plaintiffs in the Litigation and have denied and continue to deny that they are liable or owe damages or any other form of relief or recovery to Plaintiffs or to anyone else with respect to the alleged facts or causes of action asserted in the Litigation; and

WHEREAS, nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, risks and uncertainty of continuing the Litigation; and

WHEREAS, Class Counsel (as hereinafter defined) has conducted significant discovery, including but not limited to interviewing Plaintiffs and Class Members, reviewing and analyzing thousands of pages of documents produced by Defendants, and with the aid of a labor economist reviewing computerized data produced by Defendants; and

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims against Defendants in the Litigation, the various legal defenses of Defendants, and the impact of this Agreement on Plaintiffs and the Class (as hereinafter defined); and

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation with respect to certain claims, including the possibility that the Litigation, if not settled now, might result in a recovery that is less favorable to the Class, and that would not occur for several years, or at all, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Class.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.      DEFINITIONS

The defined terms set forth herein shall have the meanings ascribed to them below.

1.1     Agreement. "Agreement" shall mean this Joint Stipulation of Settlement and Release.

1.2     Claimant. "Claimant" shall mean the Service Award Plaintiffs (as hereinafter defined) who sign this Agreement, and any Eligible Class Member (as hereinafter defined) who negotiates/redeems an Individual Settlement Payment within the Settlement Negotiation Deadline (as hereinafter defined) in accordance with Section 2.5 of this Agreement.

1.3     Claims Administrator. "Claims Administrator" shall mean the entity selected by the Parties to provide Notice (as hereinafter defined) to the Class and administer payment of the Settlement (as hereinafter defined) to Class Members. The Parties have identified Settlement Services Inc. as the Claims Administrator.

1.4     Class; Class Members. "Class" and "Class Members" shall mean all persons who (a) contracted or otherwise arranged with Defendant Metropolitan Life Insurance Company or any related or affiliated entity to perform services as a Dental Consultant (which shall include dentists and hygienists) (b) in Illinois at any time between February 1, 2008 and July 31, 2019 or (c) anywhere else in the United States at any time between February 1, 2012 and July 31, 2019. A member of the Class is a "Class Member." For purposes of this Settlement only, the parties stipulate that the Class meets the requirements of Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b), and Plaintiffs will move for class and collective certification under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b), for settlement purposes only, together with their motions for Preliminary Approval and/or Final Approval. There are an estimated 118 class members.

1.5     Class Counsel. "Class Counsel" shall mean Mehri & Skalet, PLLC and Stacey Gray PC.

1.6     Collective; Collective Action Members. "Collective," "Collective Action" and "Collective Action Members" shall mean all persons who contracted or otherwise arranged with Defendant Metropolitan Life Insurance Company or any related or affiliated entity to perform services as a Dental Consultant (which shall include dentists

and hygienists) between the initial date applicable to them (which depends on when they filed an opt-in form or are deemed for settlement purposes to have joined the case and on tolling on which the parties agree for settlement purposes only) and July 31, 2019. The initial dates are:

| Dental Consultants | Date |
|---|---|
| Carol McNeely | 2/1/15 |
| George Bernhard, Deborah Joyce, David Rudziewicz, Scott Vlk, Shilpa Vlk | 4/1/15 |
| Harry Tuber, Frederick DeMaio, Nadine Joy, Donna Kobielski, Donna Molta | 5/1/15 |
| Samuel Penta | 12/1/15 |
| All other Dental Consultants | 1/1/16 |

1.7    Court. "Court" shall mean the United States District Court for the Southern District of New York.

1.8    Covered Period. "Covered Period" shall mean any time between February 1, 2012 and the date of Preliminary Approval (as hereinafter defined) of the Settlement by the Court, or for Class Members in Illinois, any time between February 1, 2008 and the date of Preliminary Approval of the Settlement by the Court, and for claims under ERISA or otherwise seeking any benefits or benefit status or accruals, any time between the date upon which each Eligible Class Member began providing any services to Defendants or any related or affiliated entity and the date of Preliminary Approval of the Settlement by the Court.

1.9    Defendants. "Defendants" shall mean Metropolitan Life Insurance Company ("MetLife"), MetLife Retirement Plan, MetLife 401(K) Plan, MetLife Options and Choices Plan, and MetLife Welfare Benefits Plan (which were incorrectly named in the Complaint as Metropolitan Life Retirement Plan for United States Employees, Savings and Investment Plan for Employees of Metropolitan Life and Participating Affiliates, MetLife Options & Choices Plan, and Welfare Benefits Plan for Employees of Metropolitan Life and Participating Affiliates, respectively).

1.10    Defendants' Counsel. "Defendants' Counsel" shall mean Christopher A. Parlo and Melissa C. Rodriguez of Morgan Lewis & Bockius LLP.

1.11    Effective; Effective Date. The Effective Date of the Settlement shall be the date, after the Final Approval Order has been entered and upon which : (a) any appeals of the Final Approval Order (as hereinafter defined) dismissing the Litigation with prejudice have been resolved with no further rights to appeal; or (b) the time for any appeals from the Final Approval Order have expired with no appeals having been taken.

1.12    Eligible Class Member. "Eligible Class Member" shall mean a Class Member who does not opt-out in the manner prescribed in Section 2.6 of this Agreement.

1.13    Fairness Hearing. "Fairness Hearing" shall mean the hearing on the Motion for Judgment and Final Approval.

1.14    Individual Settlement Payment; Base Award. "Individual Settlement Payment" and "Base Award" shall mean each Class Member's share of the Net Settlement Fund (as hereinafter defined), as calculated pursuant to Section 3.4 of this Agreement, pursuant to the allocations set forth in the table ("Individual Settlement Amount Table") that will be provided by counsel for the Parties to the Claims Administrator.

1.15    Litigation. "Litigation" shall mean McNeely, et al. v. Metropolitan Life Insurance Company, et al., Case No. 1:18-CV-00885-PAC, pending in the United States District Court for the Southern District of New York.

1.16    Notice. "Notice" shall mean the notice of this Settlement to be sent to all Class Members, in the form attached as Exhibit B.

1.17    Net Settlement Fund.   "Net Settlement Fund" shall mean the remainder of the Settlement Fund (as hereinafter defined) after deductions for court-approved attorneys' fees and costs as described in Section 3.2, court-approved service payments to the Service Award Plaintiffs as described in Section 3.3, settlement administration costs, as described in Section 2.1, any fees associated with investing and liquidating the Settlement Payment as described in Section 3.1, any taxes incurred directly or indirectly as a result of investing the Settlement Payment (as hereinafter defined), and any Unclaimed Funds (as hereinafter defined).

1.18    Order Granting Final Approval. "Order Granting Final Approval," "Final Approval Order," "Final Order and Judgment," "Final Approval," and "Final Order" shall all mean the final Order, entered by the Court after the Fairness Hearing, inter alia, authorizing distribution of payments under this Agreement, dismissing the Litigation with prejudice, and entering Judgment of Dismissal pursuant to this Agreement and in accordance with Fed. R. Civ. P. 58.

1.19    Order Granting Preliminary Approval. "Order Granting Preliminary Approval," "Preliminary Approval Order," or "Preliminary Approval" shall mean the Order, preferably in the form attached as Exhibit D, entered by the Court preliminarily approving, inter alia, the terms and conditions of this Agreement, the manner and timing of providing Notice to the Class, the time period for opt-outs and objections and scheduling the Fairness Hearing.

1.20    Payment Negotiation Deadline. "Payment Negotiation Deadline" and "Check Cashing Deadline" shall mean the date that is ninety (90) calendar days after the Claims Administrator mails the Individual Settlement Payments to Class Members pursuant to Section 3.4 of this Agreement. If the Payment Negotiation Deadline falls on a Saturday, Sunday, or holiday, the Payment Negotiation Deadline will be the next business day that is not a Saturday, Sunday, or holiday.

1.21    Plaintiffs. "Plaintiffs" shall refer to the Named Plaintiffs and Opt-in Plaintiffs in this Litigation and shall also include any and all of their representatives, heirs, administrators, executors, beneficiaries, agents, and assigns, as applicable and without limitation.

1.22    Reminder Notice. "Reminder Notice" shall mean the notice of this Settlement to be sent to all Class Members who have not negotiated the Individual Settlement Payment, in the form attached as Exhibit C.

1.23    Service Award Plaintiffs. "Service Award Plaintiffs" shall mean Carol McNeely, Frederick Demaio, Donna Molta, Shilpa Vlk, Samuel Penta, George Bernhard, Nadine Joy, Donna Kobielski, David Rudziewicz, Roland Hogg, Scott Vlk, Harry Tuber, and Deborah Joyce, and shall also include any and all of their representatives, heirs, administrators, executors, beneficiaries, agents, and assigns, as applicable and without limitation.

1.24    Settlement. "Settlement" means the proposed settlement reflected in this Agreement, subject to the Court's approval, entered into by the Parties to resolve the Litigation on behalf of Plaintiffs, Class Members, and Defendants as set forth in this Agreement.

1.25    Settlement Fund. The "Settlement Fund" shall be three million three hundred and ninety thousand dollars and zero cents ($3,390,000.00). Other than the Settlement Fund, Defendants shall have no obligation to pay any other amount under this Agreement. The Settlement Fund will be deposited in a depository bank designated by Class Counsel (and agreed upon by Defendants, which agreement will not be unreasonably withheld) in a FDIC insured interest-bearing account(s) created and controlled by the Claims Administrator and will be established as a qualified settlement fund ("QSF") under Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, et seq.

1.26    Settlement Payment. "Settlement Payment" shall mean the sum of the Individual Settlement Payments, the amount awarded by the Court for attorney fees and costs, Claims Administrator fees and costs and any Service Awards pursuant to Section 3.3 of this Agreement.

1.27    Unclaimed Funds. "Unclaimed Funds" shall mean the (a) aggregate amount of the portion of Individual Settlement Payments attributable to the FLSA claims that are not negotiated/redeemed by Eligible Class Members in a timely manner (i.e. by the Payment Negotiation Deadline) pursuant to Section 3.4 of this Agreement, (b) the remaining aggregate amount of the portion of Individual Settlement Payments attributable to the non-FLSA claims that are not negotiated/redeemed by Class Members in a timely manner (i.e. by the Payment Negotiation Deadline) pursuant to Section 3.4 of this Agreement and not redistributed to Eligible Class Members or through a cy pres award pursuant to Section 3.4(H) of this Agreement; and (c) the aggregate amount of Individual Settlement Payments attributable to Class Members who opt-out of the Settlement in the manner prescribed in Section 2.6 of this Agreement.

2.    APPROVAL AND CLASS NOTICE

2.1    Retention of Claims Administrator. The Claims Administrator selected by the Parties shall be responsible for the claims administration process and distributions to Eligible Class Members as provided herein, as well as for making any mailings required under this Agreement and providing any other services described in this Agreement. The Parties agree to cooperate with the Claims Administrator and assist it in any way possible in administering the Settlement. The Claims Administrator's fees and expenses shall be paid from the Settlement Fund.

2.2     Cooperation for Settlement Approval. The Parties will work together, diligently and in good faith, to obtain expeditiously an Order Granting Preliminary Approval, Order Granting Final Approval, and Judgment of Dismissal.

2.3     Certification of Class and Collective for Purposes of Settlement Only.

(A)     For purposes of this Settlement only, the Parties stipulate that the Court may certify the Class as an opt-out class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure (the "Class Stipulation"). More specifically, the Parties agree as part of the Class Stipulation that, for settlement purposes only, the requirements of Federal Rule 23(a) and 23(b)(3) are satisfied, with the exception of the manageability requirement of Federal Rule 23(b)(3) that the Court need not address for purposes of settlement.

(B)     For purposes of this Settlement only, the Parties also stipulate that all Class Members are similarly situated within the meaning of Section 16(b) of the FLSA, 29 U.S.C. § 216(b) (the "FLSA Stipulation").

(C)     The Class Stipulation and FLSA Stipulation are made solely for purposes of this Settlement. The Class Stipulation and FLSA Stipulation are in no way an admission that class or collective certification is proper under the more stringent litigation certification standard that requires a showing of, inter alia, manageability, that certification requirements would be established by further discovery, or that decertification of the class or collective action would not be warranted after additional discovery.

(D)     The existence and terms of this Settlement, the Class Stipulation, and the FLSA Stipulation shall not be admissible in this or any other action or proceeding for any purpose other than to enforce the terms of the releases herein, including as evidence that (i) the proposed Class or any other class should be certified or not decertified; (ii) this Action or any other action should be certified as a class or collective action or not decertified; (iii) Defendant or the Released Parties are or are not liable to Plaintiffs, the proposed Class, or any other putative class or collective action class members; or (iv) the amounts that Plaintiffs, the Proposed Class, or any other putative class or collective action members could have recovered absent this settlement equal the Individual Settlement Payments or the Settlement Payment.

2.4     Preliminary Approval by the Court. On or before October 10, 2019, Plaintiffs will submit to the Court a Motion for an Order Conditionally Certifying the Class and Collective and Preliminarily Approving the Class and Collective Action Settlement ("Preliminary Approval Motion") for settlement purposes only. A draft of the Preliminary Approval Motion was provided to Defendants for review and comment at least ten (10) calendar days prior to filing with the Court, and Plaintiffs have accepted Defendants' reasonable comments. In connection with the Preliminary Approval Motion, Plaintiffs will submit to the Court, among other things, (a) the proposed Notice and Reminder Notice which are appended hereto as Exhibits B and C, (b) a proposed Order Granting Preliminary Approval which is appended hereto as Exhibit D, (c) an allocation formula that will be used to calculate the Individual Settlement Payments appended

hereto as Exhibit E; and (d) a document under seal and appended to the Court's copy as Exhibit F explaining to the Court the parties' full agreement to provisions set forth incompletely in sections 2.6(B) and 3.6(E) below and the parties' reasons for not providing the full agreement to Plaintiffs and Class Members The Preliminary Approval Motion will seek preliminary approval of this Agreement as fair, reasonable and adequate; approval of the Notice and Reminder Notice; and the setting of dates for opt-outs, objections and comments, a Fairness Hearing, and the Payment Negotiation Deadline. Defendants will not oppose the Preliminary Approval Motion.

2.5     Class Notice

(A)     Within ten (10) business days of the date of the Order Granting Preliminary Approval, Defendants will provide the Claims Administrator with a list (the "Class List"), in electronic form, of each Class Member's name, last known mailing address, personal (i.e., not MetLife) e-mail address (if available), telephone number (including cell phone number, if available) and social security number or federal ID tax number. Defendants will simultaneously provide Class Counsel with a version of the Class List, which will include Class Member names but which will not include social security numbers, federal ID tax numbers, phone numbers or e-mail or other addresses. If necessary to resolve a question raised by a Class Member, or to otherwise provide individual advice to a Class Member, upon request by Class Counsel, and upon receiving consent from Defendants, Defendants' Counsel and/or the Claims Administrator will provide Class Counsel with the full contact information of such individual Class Member. Any information disclosed to Class Counsel pursuant to this subparagraph, including the names of the individual class members and the list containing those names, shall be used solely for purposes of the administration of this Settlement and shall not be disclosed or used for any other purpose or in any other matter without the written consent of Defendants.

(B)     Prior to mailing the Notice, the Claims Administrator will update the addresses for those on the Class List using reasonable skip tracing techniques.

(C)     Within seven (7) calendar days after receiving the Class List, the Claims Administrator shall distribute the Notice via First Class United States mail, postage prepaid, to each Class Member. The Notice shall inform each Class Member of his/her rights under this Agreement, including that: (1) Class Members will release their timely claims under the FLSA and be bound by the Settlement if they negotiate/redeem their settlement checks representing their Individual Settlement Payments; (2) Class Members who choose to do nothing (i.e., do not opt-out and do not negotiate a settlement check) will not release any FLSA claims, but the Notice shall provide that a Class Member will release all other claims that were asserted or could have been asserted and be bound by the Settlement unless they opt-out of the Settlement in the manner prescribed in Section 2.6 of this Agreement; (3) Class Members who opt-out of the Settlement will not receive their Individual Settlement Payment.

(D)     If a Class Member's Notice is returned as undeliverable, the Claims Administrator shall e-mail the Class Member if his/her e-mail address was included on the Class

List to seek a new address. In addition, for all Notices returned as undeliverable, the Claims Administrator shall forward them to any forwarding addresses provided by the U.S. Postal Service. If no such forwarding address is provided, the Claims Administrator shall use skip tracing techniques to attempt to obtain the most recent address for these Class Members. The Claims Administrator shall notify Class Counsel and Defendants' Counsel of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing as set forth in this Agreement within seven (7) calendar days after such Notice is received marked as undeliverable. Defendants' Counsel and Class Counsel have the right to make inquiries and, subject to the limitations in Section 2.5(A) and elsewhere in this Agreement, receive any information from the Claims Administrator related to the claims administration process.

(E)  Following the date the Preliminary Approval Order is entered, the Claims Administrator shall set up a website that (a) contains the same general information as the Notice, and (b) allows any Class Member to download a copy of the Notice. Unless it is taken, the website's domain name shall be dentalconsultantcase.com. If it is taken, the website's domain name shall be mutually agreed upon by the Parties and shall not include "MetLife" or other references to Defendants. The website shall be taken down the first business day following the Payment Negotiation Deadline.

(F)  Only the Service Award Plaintiffs who sign this Agreement and Eligible Class Members will receive an Individual Settlement Payment.

2.6  Class Member Opt-Out.

(A)  Any Class Member may request exclusion from the Class by "opting out" through the process set forth in this Agreement. Class Members who choose to opt-out of the Class must mail a written, signed statement to the Claims Administrator stating that they are opting out of the Settlement ("Opt-Out Statement").  The Opt-Out Statement must contain the name and address of the Class Member to be valid. To be valid, it must also contain the words, or substantially similar words, "I understand that, by excluding myself from the Settlement in this case, I am foregoing all monetary benefits from this Settlement and I will receive no money from the Settlement Fund. I understand that I may bring a separate legal action seeking damages but may receive nothing or less than what I would have received if I had not opted out of this case." The Notice shall inform Class Members of the deadline for opting out, which shall be 45 days after the date of mailing of the Notice (the "Opt Out/ Comment Deadline"). To be effective, any Opt-Out Statement must be placed in an envelope addressed to the Claims Administrator postmarked by the Opt Out/Comment Deadline.

(B)  Defendants may revoke this Agreement if (i) more than an agreed number of Class Members opt-out of the Settlement or (ii) any number of Class Members or a single Class Member whose awards exceed an agreed amount opt(s) out of the Settlement, Defendants may, in their sole discretion (a) choose to revoke and not proceed with Final Approval of the Settlement, and, if so, the Settlement shall

become null and void; or (b) negotiate with Class Counsel and/or involve the Mediator, to modify the settlement terms in a manner acceptable to Defendants and the Court. If the Parties agree, they will seek approval of the amended settlement. The agreed number of Class Members in clause (i) and agreed amount in clause (ii) are contained in a document submitted to the Court under seal as Exhibit F to avoid giving undue leverage to any Class Member or Members seeking to derail the Settlement.

(C)     Class Members who submit timely Opt-Out Statements may rescind their opt-outs and participate in the Settlement by mailing written, signed statements to the Claims Administrator. In order to be valid, the rescission statement must contain the name and address of the Class Member and the words, or substantially similar words, "I elect to rescind my prior exclusion of myself from the settlement in "McNeely et al. v. Metropolitan Life Insurance Co. et al.". To be effective, such rescission must be postmarked no later than 30 days after the Opt-out/Comment Deadline.

(D)     The Claims Administrator will provide Class Counsel and Defendants' Counsel with copies of any Opt-Out Statements within five business days of receipt. Except to the extent that the Opt-Out Statements subsequently are rescinded, Class Counsel will submit them to the Court along with any Motion for Judgment and Final Approval.

2.7     Objections and Comments to Settlement.

(A)     Class Members who wish to comment on or present objections to the proposed Settlement, including to the petition for attorneys' fees and costs or the Service Awards, at the Fairness Hearing must first do so in writing. To be effective, such comments or objections must be submitted to the Claims Administrator by the Opt-out/Comment Deadline. A Class Member who opts out may not also comment on or object to the Settlement.

(B)     A commenter or objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the commenter or objector. Commenters or objectors who wish to appear at the Fairness Hearing must state their intention to do so at the time they submit their written objection or comment. No objector or commenter may appear at the Fairness Hearing unless they have filed a timely objection or comment that complies with the procedures provided in Section 2.7(A) of this Agreement. Any Class Member who has submitted an Opt-Out Statement may not submit objections to the Settlement.

(C)     The Claims Administrator will provide Class Counsel and Defendants' Counsel with copies of any objections or comments within five business days of receipt. Class Counsel will submit them to the Court along with its Motion for Judgment and Final Approval, and may submit its written responses to the objections as part of the memorandum in support of the Motion for Judgment and Final Approval.

2.8     Final Order and Judgment from the Court. Plaintiffs will  seek to obtain from  the Court, as a condition of settlement, a Final Order and Judgment in the form to be agreed

upon by the Parties. The Proposed Final Order and Judgment will, among other things, (a) enter Judgment in accordance with this Agreement, (b) approve the settlement as fair, adequate, reasonable, and binding on all Eligible Class Members, (c) dismiss the Litigation with prejudice, (d) enter an order permanently enjoining all Eligible Class Members from pursuing and/or seeking to reopen claims that have been released by this Agreement, and (e) incorporate the terms of this Settlement and Release. Defendants will support the application for the Final Order and Judgment. If the Preliminary Approval Order or Final Order differ in any material way from the terms of this Agreement, Section 2.12 shall apply. Either Party may choose to proceed in accordance with the provisions in Section 2.12, and will have the right to (a) revoke and not proceed with the completion of the Settlement, and, if so, the Settlement shall become null and void; or (b) negotiate with the other Party and/or involve the Mediator to modify the settlement terms in a manner acceptable to the objecting Party and the Court, and then proceed to seek approval of the amended settlement.

2.9    Motion for Judgment and Final Approval. No later than seven (7) calendar days before the Fairness Hearing, which shall be at least 75 days after the mailing of the Notice, Plaintiffs will submit a Motion for Judgment and Final Approval. The Motion for Judgment and Final Approval and supporting memorandum will be provided to Defendants for review and comment at least seven (7) calendar days prior to filing the motion with the Court, and Plaintiffs will accept Defendants' reasonable comments. The Fairness Hearing shall be held at the Court's convenience.

2.10   Entry of Judgment. At the Fairness Hearing, and through Plaintiffs' Motion for Judgment and Final Approval, the Parties will request that the Court, among other things, (a) certify the Class under Fed. R. Civ. P. 23(b)(3) and 29 U.S.C. § 216(b) for purposes of settlement only, (b) enter Judgment in accordance with the terms of this Agreement, (c) approve the Settlement as fair, adequate, reasonable, and binding on Defendants and all Eligible Class Members, (d) dismiss the Litigation with prejudice, (e) enter an order permanently enjoining all Eligible Class Members from pursuing and/or seeking to reopen claims that have been released by this Agreement, and (f) incorporate the terms of this Agreement.

2.11   Waiver of Right to Appeal.   Provided that the Final Approval Order is consistent with the terms and conditions of this Settlement without material modification, Class Members who did not timely submit an objection to the Settlement in the manner prescribed in Section 2.7 of this Agreement and Class Counsel hereby waive any and all rights to appeal from the Final Approval Order, including all rights to any post-judgment proceeding and appellate proceeding, such as a motion to vacate or set-aside judgment, a motion for new trial, and any extraordinary writ. The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings, or post-judgment proceedings.

2.12   Effect of Revocation or Failure to Grant Approval.  In  the  event  the Court fails  to enter Judgment in accordance with this Agreement, or such Judgment does not become Final as defined herein, the Parties will work together in good faith to address the concerns raised in the Court's order denying preliminary or final approval. If the Parties are unable to jointly agree on solutions to address the Court's concerns, then the Parties shall request that the Mediator assist them. After exhausting this Mediator option, either Party may withdraw from and fully terminate the Settlement Agreement and the case will

return to the status quo as of August 1, 2019, as if no settlement had been attempted. In such an event, neither the fact of entry into this Agreement nor the terms of the Agreement will constitute or be construed, in any way, in any forum, to be an admission, and may not be used, by either Party in any subsequent proceedings in this Litigation or any other litigation, to argue for or against class certification, liability, or damages.

3.   SETTLEMENT PAYMENT TERMS

3.1   Settlement Payment.

(A)   Defendants agree to pay a maximum settlement amount of $3,390,000.00, which shall resolve and satisfy all monetary obligations under this Agreement.

(B)   Defendants shall deposit $100,000.00 into the Settlement Fund no later than ten (10) business days after the Court's Preliminary Approval Order. If the Court does not grant a Final Approval Order of the Settlement or the Settlement does not become Effective for any reason, this amount, less any amount already paid to the Claims Administrator or payable to the Claims Administrator for work already performed or expenses already incurred, shall immediately be returned to Defendants.

(C)   Defendants shall deposit the $3,290,000.00 balance (or a lesser amount if there are any opt outs) into the Settlement Fund no later than twenty (20) business days after the Court's Final Approval Order. If the Settlement does not become Effective for any reason, this amount shall immediately be returned to Defendants. Any interest accrued from the Settlement Fund, net of taxes and any fees associated with investing such amount, shall immediately be added to and become part of the Settlement Payment.

(D)   Within ten (10) calendar days following the Effective Date, the Claims Administrator will distribute the money in the Settlement Fund by making the following payments:

(1)   Paying Class Counsel Court-approved attorneys' fees as described in Section 3.2(A) of this Agreement.

(2)   Paying the Claims Administrator as described in Section 2.1 of this Agreement.

(3)   Reimbursing Class Counsel for all costs and expenses approved by the Court as described in Section 3.2(A) of this Agreement.

(4)   Paying Court-approved Service Awards in the maximum total amount described in Section 3.3 of this Agreement.

(5)   Paying Eligible Class Members their Individual Settlement Payments as described in Section 3.4 of this Agreement.

3.2     Settlement Amounts Payable as Attorneys' Fees and Costs.

(A)     No later than twenty (20) days after the Notice is mailed to Class Members, Class Counsel shall petition the Court for attorneys' fees and costs up to $1,260,000.00. Defendants will not oppose such application in such amount. A copy of the petition shall be promptly posted on the website with information about the settlement. Defendants shall have no additional liability for attorneys' fees and costs. Any amount of attorneys' fees and costs not approved by the Court shall become part of the Net Settlement Fund.

(B)     The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement.

3.3     Service Awards. No later than twenty (20) days after the Notice is mailed to Class Members, Service Award Plaintiffs will apply to the Court to award an aggregate of $168,000 in Service Awards for services rendered to the Class and for their general release of claims. Defendants may object to the amount of the requested Service Awards. The Service Awards approved by the Court shall be paid in addition to the Individual Settlement Amounts of those individuals, and all amounts for both the Service Awards and the Individual Settlement Amounts will be paid out of the Settlement Fund. The Service Award Plaintiffs may receive the Service Award only if they participate in the settlement and do not opt out. The outcome of the Court's ruling on the application for Service Awards shall not terminate this Agreement. Any reduction by the Court of Plaintiffs' application for Service Awards shall become part of the Net Settlement Fund.

3.4     Distribution to Eligible Class Members.

(A)     The Net Settlement Fund shall be the amount of money remaining from the $3,390,000.00 Settlement Fund after deductions for court-approved attorneys' fees and costs as described in Section 3.2 of this Agreement, Court-approved Service Awards to the Service Award Plaintiffs as described in Section 3.3 of this Agreement, settlement administration costs, as described in Section 2.1 of this Agreement, any fees associated with investing and liquidating the Settlement Payment as described in Section 3.1 of this Agreement, any taxes incurred directly or indirectly as a result of investing the Settlement Payment, and any Unclaimed Funds.

(B)     The Net Settlement Fund shall be distributed by the Claims Administrator to Eligible Class Members pursuant to the Individual Settlement Payments set forth in a table ("Individual Settlement Amount Table") that will be provided by Class Counsel to the Claims Administrator no later than thirty (30) days after Preliminary Approval. Class Counsel shall provide the table to Defendants' Counsel at least twenty (20) days prior to provision to the Claims Administrator to permit Defendants' Counsel to determine if it agrees that the Individual Settlement Payments are correct under the formula. The Individual Settlement

Amount Table will include a column showing the Individual Settlement Payments allocated for each Eligible Class Members' FLSA claim as agreed upon by counsel for the Parties based on the data provided for the mediation and afterward by MetLife. The amount allocated for FLSA claims for each Eligible Class Member who began service for MetLife as a dental consultant before November 1, 2017 shall be no less than 100% of the aggregate amount that the Eligible Class Member would have been paid in overtime under the FLSA each month if the Eligible Class Member was a non-exempt employee during the FLSA liability period. No Eligible Settlement Class Member will receive less than a $1,000 Individual Settlement Payment. Eligible Class Members may receive more than the amount shown in the Individual Settlement Amount Table, as set forth in this Agreement, under the following three circumstances:

(1)     Any interest or investment income earned by the Settlement Fund will be distributed to Eligible Class Members in proportion to their original allocations in the Individual Settlement Amount Table.

(2)     Any amounts sought for attorneys' fees and costs or for Service Awards but not approved by the Court will be distributed to Eligible Class Members in proportion to their original allocations in the Individual Settlement Amount Table.

(3)     Any Individual Settlement Payments allocated to Eligible Class Members who do not negotiate/redeem their Individual Settlement Payments by the Settlement Negotiation Deadline will be redistributed to Claimants in accordance with Section 3.4(G) of this Agreement.

(C)     The Individual Settlement Payments will be distributed in the form of checks sent to each Eligible Class Member's last known address via First Class U.S. Mail within 14 days after the Effective Date. The Settlement checks will contain the following legend on the back of the checks: "I have received and read the Class Notice in McNeely et al. v. MetLife et al. By negotiating this check and accepting payment I have knowingly and voluntarily waived and released the Released Parties from all Released Claims as defined in the Settlement Agreement and in the Notice." The Settlement checks shall be made out to Eligible Class Members in their individual capacities, and not to any corporate entity that they may have formed or used in connection with Dental Consultant services pursuant to a contract or other arrangement with MetLife.

(D)     Eligible Class Members will have ninety (90) calendar days after the Individual Settlement Payments are mailed by the Claims Administrator to negotiate/redeem their Individual Settlement Payments ("Settlement Negotiation Deadline"). Only Eligible Class Members who negotiate/redeem their Individual Settlement Payments will be considered Claimants.

(E)     Forty-five (45) calendar days after the Individual Settlement Payment checks have been mailed to Eligible Class Members by the Claims Administrator, the Claims Administrator shall send the Reminder Notice by email to any Eligible Class

Members who have not negotiated/redeemed their Individual Settlement Payments.

(F)     Fourteen (14) calendar days prior to the Settlement Negotiation Deadline, the Claims Administrator shall send a reminder post card and a second reminder email to all Eligible Class Members who have not negotiated/redeemed their Individual Settlement Payments. The Claims Administrator will prepare a draft of the reminder post card to be approved by Class Counsel and Defendants' Counsel.

(G)     The Individual Settlement Payments in the Individual Settlement Amount Table allocated to any Eligible Class Members who fail to negotiate/redeem their Individual Settlement Payments by the Settlement Negotiation Deadline will be divided between the Settlement Fund and Defendants as follows: (a) all amounts allocated to FLSA claims will be considered Unclaimed Funds and be returned to MetLife by the Claims Administrator as a credit against a potential FLSA claim that any Eligible Class Member who does not negotiate/redeem an Individual Settlement Payment may subsequently file; and (b) all other non-FLSA amounts which are a part of the allocations in the Individual Settlement Amount Table ("Non-FLSA Amounts") will be redistributed to Claimants in proportion to their original allocations in the Individual Settlement Amount Table, except under the following circumstances:

(1)     If the aggregate total amount of the Non-FLSA Amounts allocated to Eligible Class Members who fail to negotiate/redeem their Individual Settlement Payments by the Settlement Negotiation Deadline is less than $5,000, that amount will become a cy pres award to be distributed to a charitable non-profit organization that protects the rights of workers and is tax-exempt under Section 501(c)(3) of the Internal Revenue Code. The charity will be selected by Plaintiffs, but subject to the approval of Defendants, and which approval shall not be unreasonably withheld.

(2)     If the aggregate total amount of the Non-FLSA Amounts allocated to Eligible Class Members who fail to negotiate/redeem their Individual Settlement Payments by the Settlement Negotiation Deadline exceeds $200,000, that amount will be redistributed to Claimants in proportion to their original allocations in the Individual Settlement Amount Table for a maximum total Individual Settlement Payment of 120% of the amount they were originally allocated to receive in the Individual Settlement Amount Table. Any Non-FLSA Amounts that exceed 120% will be considered Unclaimed Funds and be returned to Defendants as a credit against any potential claim that any person who does not negotiate/redeem a settlement check may subsequently file against Defendants.

(H)     Any amounts to be redistributed to the Claimants pursuant to Section 3.4(G) of this Agreement shall be done by the Claims Administrator within sixty (60) days of the Settlement Negotiation Deadline.

(I)     All Unclaimed Funds shall be returned to Defendants within sixty (60) days of the Settlement Negotiation Deadline.

(J)     Defendants and the Claims Administrator shall exchange such information as is necessary for the Claims Administrator to make proper tax withholdings and comply with tax reporting obligations as described in Section 3.5 of this Agreement.

(K)     All payments to Eligible Class Members made pursuant to this Agreement shall be deemed to be paid to such Eligible Class Members solely in the year in which such payments actually are received by the Eligible Class Members, and which shall be assumed to be five days after the mailing of the payment. It is expressly understood and agreed that the receipt of such payments will not entitle any Eligible Class Members to additional compensation, status or benefits under any of Defendants' bonus, contest or other compensation or benefit plans or agreements in place (collectively, the "MetLife Benefit Plans"). Similarly, no payment made pursuant to this Settlement is or will be considered as "Compensation," "Earnings," "Salary," or any similar definition under any MetLife Benefit Plans, no payment is or may be considered eligible compensation for any MetLife Benefit Plan, or for MetLife's 401(k) Savings and Retirement Plans, or for any other benefit purposes, and no payment will require any contribution or award under any MetLife Benefit Plan, or otherwise modify benefits, status, contributions or coverage under any MetLife Benefit Plan.

3.5     Reportability of Settlement Payments.

(A)     For tax reporting purposes, 50% of the payments to Eligible Class Members pursuant to Section 3.4 of this Agreement will be subject to reporting in Box 7 of Form 1099-MISC and the other 50% will be subject to reporting in Box 3 of Form 1099-MISC.

(B)     All Individual Settlement Payments shall be reportable on a Form 1099-MISC in the manner prescribed in Section 3.5(A) of this Agreement and shall be made without withholding. Payments of attorneys' fees and costs pursuant to Section 3.2 of this Agreement shall be made without withholding. Class Counsel will receive a Form 1099 for this payment. Any Service Award payments pursuant to Section 3.3 of this Agreement shall be made without withholding and will be reported to the IRS and the payee under the payee's name and social security number in Box 3 of Form 1099-MISC.

(C)     The Claims Administrator shall notify each Claimant, in writing, of the amounts of his or her Individual Settlement Payment that are to be separately reported on Box 7 and Box 3.

(D)     Each Service Award Plaintiff and Claimant will be solely responsible for all federal, state, and local tax liabilities that may result from such Service Award Payments or Individual Settlement Payments subject to reporting on a Form 1099-MISC. Plaintiffs, on behalf of the Class, acknowledge and agree that they have not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Settlement, and that Releasees (defined below) shall bear no responsibility for any tax liabilities arising from the payments any individual received pursuant to this Settlement.

3.6     Releases

(A)     Release of Eligible Class Member Claims. Upon the granting of the Final
        Approval Order, and except as to such rights or claims as may be created by this
        Agreement, each Eligible Class Member, on his or her behalf, and on behalf of his
        or her respective current, former and future heirs, spouses, executors,
        administrators, agents, and attorneys, as well as on behalf of any corporate
        entity(ies), partnerships, or other business entities that they may have formed or
        used in connection with Dental Consultant services pursuant to a contract or other
        arrangement with MetLife, fully releases and discharges Defendants, Defendants'
        present and former parent companies, subsidiaries, related or affiliated companies,
        and each of their shareholders, officers, directors, employees, members,
        managers, co-joint venturers, employees, fiduciaries, trustees, employee benefit
        plan administrators, agents, attorneys, insurers, successors and assigns, and all
        persons or entities acting by, through, under or in concert with any of them, and
        any individual or entity which could be jointly liable with any of them
        ("Releasees"), from any claims for misclassification, unpaid wages, employee
        benefits (including but not limited to any pension, retirement, health and welfare
        plan benefits or status), overtime pay, failure to maintain and furnish employees
        with proper wage records, timely payment of wages, unjust enrichment and all
        other claims that were or could have been asserted in the Litigation under state
        wage and hour laws and ERISA to the extent permitted by law, whether known or
        unknown, arising during the Covered Period, including but not limited to any
        claims for overtime, timely payment of wages, unpaid wages, interest, liquidated
        damages, and attorneys' fees and costs related to such claims.

(B)     Release of Claimants' Claims. In addition, each Claimant, on his or her behalf,
        and on behalf of his or her respective current, former and future heirs, spouses,
        executors, administrators, agents, and attorneys, as well as on behalf of any
        corporate entity(ies), partnerships, or other business entities that they may have
        formed or used in connection with Dental Consultant services pursuant to a
        contract or other arrangement with MetLife or any affiliated or related entity,
        fully releases Releasees from any FLSA claims for unpaid wages, overtime pay,
        failure to maintain and furnish employees with proper wage records, liquidated
        damages, and attorneys' fees and costs related to such claims, that were or could
        have been asserted in the Litigation, whether known or unknown, through the date
        of the Preliminary Approval Order.

(C)     Release of Service Award Plaintiffs' Claims. Except as set forth in the last
        sentence of this paragraph, in addition to the waiver and releases contained in
        Section 3.6(A)-(B) of this Agreement, upon the granting of the Final Approval
        Order, each Service Award Plaintiff (including Scott Vlk and Harry Tuber if
        approved by the Court as Service Award Plaintiffs), knowingly and voluntarily,
        on his or her behalf, and on behalf of his or her respective current, former and
        future heirs, spouses, executors, administrators, agents, and attorneys, as well as
        on behalf of any corporate entity(ies), partnerships, or other business entities that
        they may have formed or used in connection with Dental Consultant services
        pursuant to a contract or other arrangement with MetLife or any affiliated or
        related entity, fully releases and discharges Releasees from any and all claims

17

arising up to and as of the date of the Preliminary Approval Order, both known and unknown, which the Service Award Plaintiffs have or may have against Releasees including, but not limited to, any alleged violation of: Title VII of the Civil Rights Act of 1965; The Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; The Equal Pay Act; The Employee Retirement Income Security Act of 1974; The Immigration Reform and Control Act; The Consolidated Omnibus Budget Reconciliation Act; The Age Discrimination in Employment Act; The Americans with Disabilities Act of 1990; The Fair Labor Standards Act; The Fair Credit Reporting Act; The Sarbanes Oxley Act; The Occupational Safety and Health Act; The New York Corrections Law, including Sections 750-755 thereof; The Family and Medical Leave Act of 1993; The New York State Human Rights Law; The New York Civil Rights Law; The New York City Human Rights Law; and any other federal, state, and/or local law or ordinance and any claim under the common law, tort, contract or equity. This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, penalties, interest, and attorneys' fees' and costs. Notwithstanding the foregoing general releases, each Service Award Plaintiffs acknowledges that he/she has not made any claims or allegations related to sexual harassment or sexual abuse, and none of the payments set forth as consideration in this Agreement are related to sexual harassment or sexual abuse. For purposes of the release of claims under The Age Discrimination in Employment Act, each Service Award Plaintiff acknowledges that: (a) he/she read this Agreement and understands it; (b) he/she is signing this Agreement voluntarily in order to release his or her claims against the Company in exchange for payment that is greater than he or she would otherwise have received or been entitled to receive; (c) he/she was offered at least 21 days to consider his/her choice to sign this Agreement; (d) Defendants advises him/her to consult with an attorney; and (e) he/she knows that he/she can revoke this Agreement within 7 days of signing it and that the Agreement does not become effective until that 7-day period has passed; and; (f) he/she agrees that changes to this Agreement before its execution, whether material or immaterial, do not restart the time to review the Agreement. To revoke the Agreement, contact Christopher A. Parlo in writing at Morgan, Lewis & Bockius LLP 101 Park Avenue New York, New York 10178, fax number (212) 309-6001, within 7 days of signing the Agreement. Notwithstanding the above paragraph, the release as to individuals who are Releasees solely by reason of their being employees or shareholders of Defendants, Defendants' present and former parent companies, subsidiaries, related or affiliated companies is limited to the terms and extent of the release in Sections 3.6(A-B).

(D)     Consideration for General Release and Separate General Release. It is expressly understood and agreed that the Service Award being paid to the Service Award Plaintiffs is in part being paid as consideration for their general release of claims and that the Service Awards would be smaller in the absence of the general release. Scott Vlk and Harry Tuber must also participate in the settlement and not opt out, and execute the separate general release, as condition precedents to receiving their Service Award.

(E)     Release of Two Class Members' Claims. With the Court's approval, two Class

Members may participate in the Settlement and receive an Individual Settlement Payment only if they sign a general release of claims in the same form as the Service Award Plaintiffs. The details regarding this situation have been submitted to the Court in Exhibit F filed under seal.

(F)  Release of Fees and Costs for Settled Matters. Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member and Claimant, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of Plaintiffs, the Class, and the Claimants in this Litigation. Class Counsel further understand and agree that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of any individuals in this Litigation.

(G)  No Assignment. Class Counsel and Plaintiffs, on behalf of themselves and the Class, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action. Class Counsel and Plaintiffs also represent and warrant that they are unaware of any Class Member who has assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action. However, neither Class Counsel nor Plaintiffs have attempted to make inquiry of each individual Class Member as to whether they have engaged in any such assignment or transfer.

(H)  Non-Admission by Defendants. By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement. Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Lawsuit; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding. The Plaintiffs understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

(I)   Non-Admission by Plaintiffs. By entering into this Agreement, Plaintiffs in no way admit that Defendants may not be liable to Plaintiffs and/or the Class,

individually or collectively. Likewise, by entering into this Agreement, Plaintiffs in no way admit that this case may not be suitable for class or collective action litigation. Rather, Plaintiffs enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Defendants. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any lack of wrongdoing or liability on the part of Defendants or of the falsity of any of the factual allegations in any and all Complaints filed in the Lawsuit; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of lack of fault on the part of Defendants in any civil, criminal, administrative or arbitral proceeding. The Defendants understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

3.7   Miscellaneous

(A)   Cooperation Between the Parties; Further Acts. The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms. Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

(B)   Confidentiality. Except as is required by a Court or applicable law, neither the Parties nor their counsel will at any time hold a press conference or similar press event concerning the Settlement or Settlement Agreement. Either Party or their counsel may issue a press release after Preliminary or Final Approval of the Settlement. Counsel for either Party may also include on their social media, web posting or other static firm outward facing description of firm activities (e.g. the Firm's annual report of results) a note reporting the Preliminary and/or Final Approval of the Settlement and including a link to the approved press release. Any proposed press release or social media/web posting first shall be submitted to the other party and the other party shall be given a reasonable time (of no less than three (3) business days) to review and comment. If there are any objections to the press release, social media/web posting, or other document that cannot be worked out between the Parties the issue shall be submitted to the Mediator for a final and binding decision. Counsel for the Parties will in good faith discuss, and agree upon, language that counsel can use to describe their involvement in the Litigation and its result in response to any inquiries from the media. If the language cannot be worked out between the Parties the issue shall be submitted to the Mediator for a final and binding decision.

(C)   Entire Agreement. This Agreement and the attached exhibits constitute the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

(D)     Binding Effect. This Agreement shall be binding upon the Parties and with respect to Defendants, their successors, and assigns; and with respect to Plaintiffs and the Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns, as well as any corporate entity(ies), partnerships, or other business entities that they may have formed or used in connection with Dental Consultant services pursuant to a contract or other arrangement with MetLife.

(E)     Arms' Length Transaction; Materiality of Terms.  The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

(F)     Captions. The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

(G)     Construction. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

(H)     Governing Law. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

(I)     Continuing Jurisdiction. The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Court shall not have jurisdiction to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

(J)     Waivers, etc. To Be In Writing. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

(K)     When Agreement Becomes Effective; Counterparts. Except for provisions of this Agreement requiring any Party to act or seek Court action prior to Court approval, which provisions are intended to be binding on the parties upon mutual execution hereof, this Agreement shall become fully effective upon the Court's entering of an Order Granting Final Approval subject to the terms of this agreement. It is understood that such date is not the Effective Date for settlement implementation purposes, which is as defined above. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

(L)     Facsimile/Electronic Signatures. Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

CLASS COUNSEL:

DATED:_____, 2019     STACEY GRAY P.C.

By: /s/
Stacey M. Gray
sgray@staceygray.com
60 East 42nd Street
Suite 4600
New York, NY 10165
Tel.: (212) 227-9163
Fax: (212) 224-6706

MEHRI & SKALET, PLLC

By: /s/
Michael Lieder
mlieder@findjustice.com
1250 Connecticut Avenue, N.W.,
Suite 300
Washington, DC 20036
Tel.: (202) 822-5100

Attorneys for Plaintiffs

PLAINTIFFS:

DATED:_____, 2019

_____
Carol McNeely

DATED:_____, 2019

_____
Shilpa Vlk

DATED:_____, 2019

_____
George K. Bernhard

DATED:_____, 2019

_____
Deborah Joyce

DATED:_____, 2019

_____
David T. Rudziewicz

DATED:_____, 2019

_____
Frederick Demaio

DATED:_____, 2019

_____
Donna Kobielski

DATED:_____, 2019

_____
Donna Molta

DATED:_____, 2019

_____
Samuel Penta

DATED:_____, 2019

_____
Roland Hogg

DATED:_____, 2019

_____
Nadine Joy

DATED: _____, 2019        _____
                                     David T. Rudziewicz

DATED: _____, 2019        _____
                                     Frederick Demaio

DATED: _____, 2019        _____
                                     Donna Kobielski

DATED: _____, 2019        _____
                                     Donna Molta

DATED: _____, 2019        _____
                                     Samuel Penta

DATED: _____, 2019        _____
                                     Roland Hogg

DATED: _____, 2019        _____
                                     Nadine Joy

**DEFENDANTS:**

DATED: October 2, 2019        Metropolitan Life Insurance Company

                              By: _____
                              Name: Todd B. Katz
                              Title: EVP

DATED: October 2, 2019        MetLife Retirement Plan, MetLife 401(K) Plan,
                              MetLife Options and Choices Plan, and MetLife Welfare
                              Benefits Plan, By MetLife Group, Inc., the Plan Sponsor

                              By: _____
                              Name: Todd B. Katz
                              Title: EVP