# EXHIBIT B

McNeely et al. v. Metropolitan Life Insurance Company et al.
(S.D.N.Y. 1:18-CV-00885 (PAC))

IF YOU PERFORMED SERVICES AS A <u>DENTAL CONSULTANT</u> FOR METROPOLITAN LIFE INSURANCE COMPANY AT ANY TIME AFTER FEBRUARY 1, 2012 (OR IN ILLINOIS AFTER FEBRUARY 1, 2008), A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR LEGAL RIGHTS.

A federal court has authorized this Notice.
This is not a solicitation from a lawyer.

Please read this Notice carefully and fully.

Summary

A.    In 2018, several dentists and hygienists who served as dental consultants for MetLife (the "Plaintiffs") sued MetLife and several of its employee benefit plans (collectively, "MetLife") on behalf of themselves and other dental consultants (dentists and hygienists). The Plaintiffs claim that dental consultants were misclassified as independent contractors and that if MetLife had treated them as employees they would have been entitled to employee benefits, overtime pay, and more frequent payments of compensation. After extensive negotiations, the Plaintiffs and MetLife have agreed on the terms of a Settlement.

B.    MetLife denies that it has done anything wrong and believes it has complied with the law, and the Court has not determined whether the claims brought by the Plaintiffs do or do not have any merit.

C.    The Court has reviewed the Settlement and given it preliminary approval.

D.    This Notice informs you of the Settlement's terms and your rights under the Settlement.

E.    You are a Class Member if you fit the following definition:

All persons who contracted or otherwise arranged with Defendant Metropolitan Life Insurance Company or any related or affiliated entity to perform services as a Dental Consultant (which includes dentists and hygienists) (a) in Illinois at any time between February 1, 2008 and July 31, 2019 or (b) anywhere else in the United States at any time between February 1, 2012 and July 31, 2019.

F.    If you are a Class Member, then you have three options:

(1)    If you do not opt out and the Settlement becomes effective you will receive a check. Your first option is to deposit the check. This is the only way to receive money from the Settlement Fund. The awards of Plaintiffs and

Class Members will depend primarily on how many months they performed services under a contract with MetLife during the liability period, how many hours in excess of 40 hours in a week that they worked, and their pay rates, but all Class Members will be entitled to receive a minimum of $1,000.

(2)     As a second option, you can choose not to cash the check or to do anything else. If you elect this option, you will not receive any money from the Settlement Fund. While not cashing the check will allow you to, separately from this case, pursue any timely claims to unpaid overtime, if any, under the federal Fair Labor Standards Act ("FLSA"), you will give up your rights to pursue all other claims against MetLife and its pension and benefit plans arising out of the alleged misclassification of dental consultants as independent contractors.

(3)     As a third option, you can exclude yourself from the case ("opt out"). If you elect this option, you will not receive any money from the Settlement Fund. You will retain your right to pursue, separately from this case, any timely claims you may have against MetLife and its pension and benefit plans arising out of the alleged misclassification of dental consultants as independent contractors. You must submit your request to opt out by [ ].

G.     If you do not opt out of the Class, you also may comment on the Settlement, either favorably or unfavorably, in writing by [_____]. If you wish, you may also speak at the final approval hearing, either by yourself or through an attorney of your choice at your own expense. To be able to speak you must first have submitted your comments in writing to the Court.

H.     The Court will hold a final approval hearing to consider whether the Settlement is fair, reasonable, and adequate and whether to give final approval to this Settlement. The hearing will be held in the courtroom of The Honorable Judge Paul A. Crotty on_____, 2020 at _. The Court's judgment as to whether to finally approve the Settlement will be final and binding unless it is successfully appealed.

I.     You are not required to attend the hearing. If you are a Class Member and do not object to the Settlement or retain your own counsel, the attorneys for the Class will represent you at the hearing at no cost to you.

J.     The attorneys for the Class are called Class Counsel. Class Counsel are Cyrus Mehri, Michael Lieder, and Lauren Nussbaum of Mehri & Skalet, PLLC, and Stacey Gray of Stacey Gray PC.

BASIC INFORMATION

1.     Purpose of this Notice

This Notice contains information about this case, the certification of a class (the "Class"), the terms of a proposed settlement (the "Settlement"), and your rights in connection with a hearing to be held before the Court on_____, 2020, to consider the fairness, reasonableness, and adequacy of the Settlement. This Notice also describes the steps to be taken by those who wish to be

excluded from the Class and, for those who remain Class Members, what to expect in terms of payment from the Settlement Fund if the Settlement is approved by the Court.

2. <u>Background: About the Lawsuit</u>

Plaintiffs in this case allege that MetLife wrongly characterized them and fellow dental consultants as independent contractors. Plaintiffs claim that, as a result, MetLife wrongly failed to include dental consultants in employee benefit and pension plans, failed to pay consultants overtime when they worked more than 40 hours in a week, failed to pay consultants as frequently as the laws of the states in which they worked required that employees be paid, and wrongly failed to pay the employer share of employment taxes.

MetLife denies that it has done anything wrong and believes it has complied with the law. MetLife filed a motion to dismiss most of Plaintiffs' claims. Judge Paul Crotty agreed with MetLife that the claim that it failed to pay the employer share of employment taxes should be dismissed. The judge denied the motion to dismiss the overtime claims and, at the request of the parties, postponed ruling on the employee benefit claims.

The parties shortly afterward entered into settlement negotiations. Class Counsel employed a labor economist to help with calculations of potential damages while MetLife performed its own calculations. The parties were aided in their negotiations by mediator Hunter Hughes, one of the most respected mediators of employment law disputes in the country. Ultimately, with the help of Mr. Hughes, the parties reached a settlement in principle on July 31, 2019, the terms of which now appear in the Settlement Agreement. The Settlement, if finally approved, will resolve all the claims of Plaintiffs and Class Members that were asserted or could have been asserted in the case. The Court has not yet decided many important issues in the case and it will not resolve them if the Settlement is finally approved. It has not determined whether, in the absence of a settlement, Plaintiffs' proposed class or collective actions would be approved. The Court also has not determined whether MetLife misclassified the Dental Consultants or whether MetLife violated the employee benefit, overtime, and delay in payment laws. Finally, the Court has not determined the amounts, if any, that the Plaintiffs or other Class Members could recover if they ultimately prevailed on their claims. A settlement removes the risk and uncertainty for all involved.

3. <u>Class Definition</u>

You are a member of the Class affected by the Settlement if you fit within this definition:

> All persons who contracted or otherwise arranged with Defendant Metropolitan Life Insurance Company or any related or affiliated entity to perform services as a Dental Consultant (which includes dentists and hygienists) (a) in Illinois at any time between February 1, 2008 and July 31, 2019 or (b) anywhere else in the United States at any time between February 1, 2012 and July 31, 2019.

If you fit within the Class definition, you have legal rights and options that you may exercise before the Court finally approves the Settlement.

Even if you fit within the Class definition, you may exclude yourself from, or "opt out" of, the Class and therefore out of the lawsuit and the Settlement. If you do so, you will not be eligible to receive any money from the Settlement Fund, but will keep any legal rights that you would otherwise have. Information about how to opt out is included in section 6.c below.

4.  Summary of Settlement Terms

    a.  The Settlement Fund

Under the Settlement, MetLife will fund a Settlement Fund of $3,390,000, unless one or more Plaintiffs or Class Members opt out, in which case the amount will be reduced by the awards attributable to those individuals.

A portion of the Settlement Fund will be used to pay Class Counsel's fees and reimburse Class Counsel's expenses in amounts to be awarded by the Court. A second portion will pay the fees and expenses of a Claims Administrator. The remainder of the Settlement Fund will be distributed to the Plaintiffs and Class Members, except that a portion of not more than $5,000 may be distributed to a charity under circumstances described below and certain portions may be credited to MetLife for persons who do not participate in the Settlement as also described below.

    b.  Class Counsel's Fees and Expenses

If you are a Class Member and receive a payment from the Settlement Fund, you will not owe any fees or expenses to the lawyers who have represented you as part of the Class. The Court will award Class Counsel reasonable attorneys' fees and expenses, and those fees and expenses will be paid from the Settlement Fund only if and after the Settlement has been approved by the Court.

Class Counsel will file a motion for an award of attorneys' fees and expenses already incurred as well as the fees and expenses that will be incurred during the implementation of the Settlement. In its motion, Class Counsel will request that the Court award them reimbursement of out-of-pocket expenses plus attorneys' fees in the amount of up to $1,260,000. Class Counsel will file their motion for fees and expenses within 20 days after the mailing of this notice, and a copy of the motion will be available on the website www.dentalconsultantcase.com.

    c.  Claims Administrator

A professional claims administration company, Settlement Services, Inc., will provide required notices to Plaintiffs and Class Members, administer the Settlement Fund, and make the payments required under the Settlement Agreement. It will be paid fees and expenses from the Settlement Fund estimated not to exceed $15,000.

    d.  Awards to Class Members

For purposes of allocating the Settlement Fund among Plaintiffs and Class Members, the Settlement distinguishes between persons who performed services as Dental Consultants for MetLife before November 1, 2017 (regardless of whether they also worked for MetLife after that date) and persons who performed services for MetLife only after October 31, 2017. The formula is more generous to persons in the first group because changes in the contracts, and in the

relationship under which Dental Consultants performed services, would, in the absence of a settlement, give MetLife additional defenses to Plaintiffs' and Class Members' claims after November 1, 2017.

Class Members Who Performed Services Before November 1, 2017: The Individual Settlement Payments to Plaintiffs and Class Members who performed services as Dental Consultants for MetLife before November 1, 2017 are calculated based on two time periods: until October 31, 2017, and from November 1, 2017 through July 31, 2019. The Individual Settlement Payments to Class Members other than Service Award Plaintiffs through October 31, 2017 are the sum of four components:

i. $70 times the number of months a Dental Consultant invoiced MetLife between February 1, 2012-October 31, 2017;

ii. 1.15 times the estimated number of hours in excess of forty hours in a week for which each Dental Consultant invoiced MetLife during that consultant's maximum potential liability period under the FLSA times his/her applicable contractual rate of pay during that period (the "FLSA Exposure Amount");

iii. .325 times the estimated additional overtime payments, liquidated damages, and/or interest (if any) to which each Dental Consultant may have been entitled under the law of the state in which s/he performed services for MetLife if s/he were an employee; and

iv. .325 times the amount (if any) of interest or other amounts to which each Dental Consultant may have been entitled for alleged delays in payments under the law of the state in which s/he performed services for MetLife if s/he were an employee.

The Individual Settlement Payments to Service Award Plaintiffs through October 31, 2017 are the sum of the same four components identified immediately above and, subject to Court approval, Service Awards in the following amounts to the Service Award Plaintiffs who brought or assisted in prosecuting the case:

| | | | |
|---|---|---|---|
| Carol McNeely | $18,000 | George Bernhard | $15,000 |
| Frederick Demaio | $15,000 | Nadine Joy | $15,000 |
| Deborah Joyce | $15,000 | Donna Kobielski | $15,000 |
| Donna Molta | $15,000 | David Rudziewicz | $15,000 |
| Shilpa Vlk | $15,000 | Scott Vlk | $10,000 |
| Harry Tuber | $10,000 | Roland Hogg | $ 5,000 |
| Samuel Penta | $ 5,000 | | |

The Individual Settlement Payments to Plaintiffs and Class Members (not including Class Members discussed below) for the period from November 1, 2017 through July 31, 2019 are calculated based on the product of $175,000 times a fraction in which the numerator is the Individual Settlement Payment to each Plaintiff and Class Member (excluding Service Awards) and the denominator is the sum of all such Individual Settlement Payments (excluding Service Awards).

Class Members Who Performed Services Only on or After November 1, 2017: The Individual Settlement Payments to Class Members who performed services as Dental Consultants for MetLife exclusively after October 31, 2017 are the sum of three components:

    i.    $50 times the number of months a Dental Consultant invoiced MetLife after October 31, 2017;

    ii.    the estimated number of hours in excess of forty hours in a week for which each Dental Consultant invoiced MetLife during that period times his/her applicable contractual rate of pay (the "FLSA Exposure Amount"); and

    iii.    .25 times the estimated additional overtime payments, liquidated damages, and/or interest (if any) to which each Dental Consultant may have been entitled under the law of the state in which s/he performed services for MetLife if s/he were an employee.

The median Base Award will be approximately $6,200. No Class Member will receive less than $1,000 even if the sum of the award components above is less than $1,000. For more information about the formula, see Exhibit E to the Settlement Agreement available at www.dentalconsultantcase.com. You may contact the Claims Administrator at the email address or phone number set out in section 6 below to learn your Base Award.

Plaintiffs and Class Members may receive more than their Base Awards under three circumstances:

    (i)    The amount of any interest or dividends earned by the Settlement Fund by the time the Base Award checks are written will be allocated among Plaintiffs and Class Members who do not opt out in proportion to their Base Awards and will be included in the Base Award checks;

    (ii)    The amount (if any) sought for Service Awards or Class Counsel's fees and costs that are not approved by the Court will be allocated among Plaintiffs and Class Members who do not opt out in proportion to their Base Awards and will be included in the Base Award checks; and

    (iii)    If any Plaintiffs or Class Members who do not opt out fail to negotiate (i.e. cash) their initial award checks by the check expiration date, and if the "Redistribution Amount" is $5,000 or more, the Claims Administrator will redistribute the Redistribution Amount (less any Claims Administrator fees and costs associated with the redistribution) in proportion to the Base Awards of the Plaintiffs and Class Members who do negotiate their checks. The Redistribution Amount will be the total amount of the initial award checks that were not negotiated except for the portion to be credited to MetLife pursuant to Section 4(e) below. These second payments to Plaintiffs and Class Members will be made approximately 30 days after the expiration of the Base Award checks. However, if the Redistribution Amount, together with any other monies held by the Claims Administrator to finish any settlement administration duties and which are not used, is less than $5,000, the amount will be distributed to a 501(c)(3) organization that protects the rights of workers and not to Plaintiffs and Class Members.

   e.  Credits to MetLife

If one or more Plaintiffs or Class Members opt out of the Settlement and the Settlement is not terminated (see section 7 below), the amount of MetLife's principal payment to the Settlement Fund will be reduced by the total amounts of the Base Awards to the Plaintiffs and Class Members who opt out.

If one or more Plaintiffs or Class Members do not opt out but also do not deposit their checks within 90 days of the date of the checks, the Settlement Fund will pay MetLife the FLSA Exposure Amount for each such Plaintiff or Class Member. In addition, if the total Base Awards of those Plaintiffs and Class Members who do not deposit their checks exceeds $200,000, the non-FLSA claim portion of any uncashed check amounts will be distributed as follows: (a) Plaintiffs and Class Members who have negotiated their initial checks will receive an additional amount in proportion to their Base Awards that would bring each such Plaintiff or Class Member up to a maximum of 120% of their Base Awards, and (b) the remainder of the unnegotiated check amounts will be returned to MetLife as a credit against any potential claim that any person who does not negotiate a settlement check may subsequently file against MetLife.

   f.  Tax Reporting

The Claims Administrator shall notify each Class Member and Plaintiff who deposits a settlement check of the tax reporting allocations associated with the payment. The Plaintiffs and Class Members will be responsible for all taxes that may be due as a result of the settlement payment that they receive.

5. <u>Final Hearing</u>

The Court will decide whether or not to give final approval to this Settlement after a hearing to be held on_____,_____, 2020, at__, before the Honorable Paul A. Crotty at the United States District Court for the Southern District of New York, Courtroom__, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York NY 10007.

At this hearing, the Court will determine whether the proposed Settlement is fair, reasonable, and adequate and whether it should be approved. The Court will also consider whether the motion for an award of attorneys' fees and expenses to Class Counsel and the motion for Service Awards to Plaintiffs and former Plaintiffs should be approved, and whether an order and judgment should be entered concluding the litigation.

You are not required to appear at the hearing. Unless you retain your own counsel at your own cost, Class Counsel will appear at the hearing on behalf of all Class Members at no cost to you. But if you do not opt out and would like to comment on or object to the Settlement, you may be heard at the Settlement Hearing, either by yourself or, at your own expense, through an attorney of your choice. Information about how to comment on or object to the Settlement is included in Section 6.d below. If the Court gives final approval to this Settlement, the Court's judgment will be final and bind all Class Members who have not opted out.

6.    <u>Your Options</u>

You have three options: (a) remain in the lawsuit and, if the Settlement is finally approved, negotiate (i.e. cash) the check that you receive from the Settlement Fund; (b) do nothing; or (c) opt out and exclude yourself from a payment from the Settlement Fund. In addition, if you do not opt out, you have the option to object to or comment on the Settlement (see subsection d).

    a.    Option 1 - Accept Your Payment from the Settlement Fund

If the Settlement is approved and you have not opted out of the Class, then you will receive a check approximately 10 days after the date the Settlement becomes effective in the amount of your Base Award plus any additional money based on the circumstances set out in Section 4(d)(i) and (ii) above. The check will expire in 90 days. If Plaintiffs and Class Members become eligible for an additional award under the circumstance set out in Section 4(d)(iii), you also will receive a second check approximately 120 days after the initial check.

If you are a Plaintiff or Class Member and do not "opt out" of the Settlement, you will release any claims you have or could have brought in this lawsuit against MetLife, its pension and benefit plans, and individuals such as officers and directors, through the date of preliminary approval of the Settlement Agreement. These claims will include monetary claims arising under federal law for unpaid employee benefits, under state law for unpaid overtime premiums for working more than 40 hours in a week, and under state law for failure to pay for your work more frequently (together with the FLSA claims the "Released Claims" as fully defined in the Settlement Agreement). In addition, if you sign and cash your Basic Award check, you will release claims under the federal FLSA for unpaid overtime premiums for working more than 40 hours in a week. The individuals and entities being released include, but are not limited to, MetLife and all related companies, subsidiaries and affiliates, and their officers, directors, and employees, as well as MetLife's pension and benefit plans and the administrators and fiduciaries of those plans (the "Releasees" as fully defined in the Settlement Agreement).

The back of any check that you receive will reaffirm your release with this language:

> I have received and read the Class Notice in <u>McNeely et al. v. MetLife et al</u>. By negotiating this check and accepting payment I have knowingly and voluntarily waived and released the Released Parties from all Released Claims as defined in the Settlement Agreement and in the Notice.

If you are one of the eleven Plaintiffs or two Class Members who were plaintiffs earlier in the litigation and do not "opt out" of the Settlement, you will release any claims you have against MetLife, the pension and benefit plans, and individuals such as officers and directors, not just the claims that were asserted or could have been asserted in this lawsuit. These 13 persons will be eligible for an enhanced monetary award due to their release of additional claims and contribution to the initiation and settlement of the litigation.

    b.    Option 2 - Do Nothing

If you do not opt out, you will remain a part of the Class. If you then do not negotiate (i.e. cash) your check by the 90 day deadline, you will not receive any money from the Settlement Fund.

8

While not cashing the check will allow you to, separately from this case, pursue any timely claims to unpaid overtime, if any, under the federal Fair Labor Standards Act ("FLSA"), you will give up your rights to pursue all other claims against MetLife and the pension and benefit plans arising out of the alleged misclassification of dental consultants as independent contractors.

      c.      Option 3 - Opt-Out of the Settlement

You may opt out, or be excluded, from this case and the Settlement. If you opt out, you will not be eligible for any payment as part of this Settlement. If you wish to pursue your own separate lawsuit regarding your individual claims related to the claims asserted in this case, you must opt out.

Any Plaintiff or Class Member who wishes to opt out of the Settlement Class must mail a written, signed statement that she or he is opting out of the Settlement Class to the Claims Administrator at the following address:

> Settlement Services, Inc.
> P.O. Box 1657
> Tallahassee, FL 32302-1657

To be an effective opt-out, the statement you send must be postmarked on or before [__], and must contain each of the following:

    (a)    your name, current address, email address and telephone number;

    (b)    the name of this case, McNeely v. MetLife;

    (c)    a statement that you are excluding yourself from the Class, including the following language, or substantially similar language, that must be contained in your request:

> I understand that, by excluding myself from the Settlement in this case, I am foregoing all monetary benefits from this Settlement and I will receive no money from the Settlement Fund. I understand that I may bring a separate legal action seeking damages but may receive nothing or less than what I would have received if I had not opted out of this case.

    (d)    your signature or the signature of the lawyer representing you.

Class Members who submit timely and valid exclusions will have no right to object to the Settlement in Court and will no longer be represented by Class Counsel.

If you submit the necessary information to opt out, you may change your mind and rescind your opt-out request. To be effective, such a rescission must be in writing, signed, and postmarked on or before [_____], and be sent to the Claims Administrator at the address above.

      d.      Comment on or Object to the Settlement and/or Speak at the Hearing

Class Members who have not opted out of the Settlement may comment on or object to the Settlement in writing. To be effective as a comment or objection, a statement must be in writing,

9

include the name and number of this case (McNeely et al. v. Metropolitan Life Ins. Co. et al., No. 1:18-CV-00885-PAC (S.D.N.Y.)), be signed, and be postmarked on or before [_____], and be sent to the Claims Administrator at the address above.

You need not speak at the Settlement Hearing for your written objection or comments to be considered by the Court, but you may speak if you so desire. If you wish to speak at the Settlement Hearing, you must include with your written objection or comments a notice stating your desire to speak or to have an attorney you may retain at your own expense speak on your behalf. If you intend to be represented by an attorney for the purpose of making objections, your attorney must file a Notice of Appearance with the Court and serve copies by mail to Class Counsel and Defendants' counsel by [_].

7. <u>Termination of Settlement</u>

If (a) more than an agreed number of individuals opt out of the Settlement or (b) any number of individuals or a single individual whose Base Awards exceed an agreed dollar amount opt(s) out of the Settlement, MetLife may choose to terminate the Settlement and, if so, the Settlement shall become null and void. Alternatively, if the Parties agree, they may modify the Settlement terms in a manner acceptable to MetLife and the Court and then proceed to seek approval of the amended Settlement. The agreed number of individuals and agreed dollar amount that would give MetLife the right to terminate the Settlement will be provided on a confidential basis to the Court.

8. <u>Confidentiality</u>

Class Counsel and the Claims Administrator take your confidentiality seriously. The names and amounts of the awards to Plaintiffs and Class Members will not be disclosed to anyone other than Class Counsel, MetLife's Counsel, the Claims Administrator, and those employees of MetLife who have a business need to know. If the Court requires the names and amounts of the individuals who submit claims in this Settlement, the names will be provided in camera, meaning that they will not be publicly filed or otherwise publicly available and only the Court will have access to them.

9. <u>Non-Retaliation</u>

It is unlawful for MetLife to retaliate against you or anyone else for participating in this case or the Settlement.

10. <u>Class Counsel</u>

As a Class Member, you are represented in this litigation by Class Counsel, led by Cyrus Mehri, Michael Lieder, and Lauren Nussbaum of Mehri & Skalet, PLLC and Stacey Gray of Stacey Gray PC:

| Mehri & Skalet, PLLC | Stacey Gray PC |
|---|---|
| 1250 Connecticut Avenue NW, Suite 300 | 60 East 42nd Street, 46th Floor |
| Washington, DC 20036 | New York, NY 10165 |
| Phone: (202) 822-5100 | Phone: (212) 227-9163 |
| Facsimile: (202) 822-4997 | Facsimile: (866) 224-6703 |

cmehri@findjustice.com             sgray@staceygray.com
mlieder@findjustice.com
lnussbaum@findjustice.com

Unless you exclude yourself from the Settlement, you will be represented by Class Counsel in connection with the approval and implementation of the Settlement. Although it is not necessary, you may, if you wish to do so, retain your own attorney at your own expense.

11.     Getting More Information

If you have further questions or are still not sure whether you are included in the class and Settlement in this case, you can get free help by calling or writing to Class Counsel, at the addresses or phone numbers set out above.

This Notice contains only a summary of the terms of the Settlement, the provisions of the releases and related matters. For further information, the Settlement Agreement (which includes the complete terms of the Settlement), and other documents connected with the Settlement are available for review and/or downloading on the web at dentalconsultantcase.com.  Any orders that the Court may issue from time to time regarding the administration of the Settlement also will be available on the web at dentalconsultantcase.com.

PLEASE DO NOT CALL OR CONTACT THE COURT OR THE MEDIATOR WITH QUESTIONS REGARDING THIS NOTICE.