# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
CAROL McNEELY, SHILPA VLK, :
GEORGE K. BERNHARD, and DEBORAH :
JOYCE, :
 :
on behalf of themselves and all others :
similarly situated, :
 :
and :
 :
DAVID T. RUDZIEWICZ, FREDERICK :
DEMAIO, DONNA R. KOBIELSKI, :
DONNA MOLTA, NADINE JOY, :
SAMUEL PENTA, and ROLAND HOGG, :
 :
                Opt-In Plaintiffs, :    **1:18-CV-00885-PAC**
 :
                -against- :    *Electronically Filed*
 :
METROPOLITAN LIFE INSURANCE :
COMPANY, METROPOLITAN LIFE :
RETIREMENT PLAN FOR UNITED STATES :
EMPLOYEES, SAVINGS AND INVESTMENT :
PLAN FOR EMPLOYEES OF METROPOLITAN :
LIFE AND PARTICIPATING AFFILIATES, :
METLIFE OPTIONS & CHOICES PLAN, and :
WELFARE BENEFITS PLAN FOR EMPLOYEES :
OF METROPOLITAN LIFE AND :
PARTICIPATING AFFILIATES, :
 :
                Defendants. :
---------------------------------------------------------------x

**DECLARATION OF STACEY GRAY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS AND SETTLEMENT COLLECTIVE FOR SETTLEMENT PURPOSES ONLY, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT**

I, Stacey Gray, declare upon personal knowledge and under penalty of perjury that the following is true and correct pursuant to 28 U.S.C. § 1746(2):

1. I am the lawyer at Stacey Gray PC located in New York, New York who the originally named plaintiff, Carol McNeely, contacted in late 2017 when she sought legal counsel regarding her dispute with Metropolitan Life Insurance Company ("MetLife"). My extensive investigation revealed that her dispute with MetLife should be pursued as a class action and collective action because Ms. McNeely's underlying allegations matched those of similarly-situated Dental Consultants at MetLife.

2. Based on my investigation that Ms. McNeely's claims should be pursued as a class action and collective action, I sought to partner with a class action law firm to pursue this Litigation. I have partnered as co-lead counsel with Mehri & Skalet, PLLC ("M&S") with offices in Washington, DC in this action. I have been the primary lawyer with attorney Michael Lieder ("Lieder") at M&S for all stages of this matter.

3. I collected the facts from Plaintiff Carol McNeely and helped draft the Class Action and Collective Action Complaint against Defendants, captioned *McNeely, et al. v. Metropolitan Life Insurance Company, et al.*, Case No. 1:18-CV-00885-PAC, on February 1, 2018 (as hereinafter defined "Litigation") alleging, *inter alia,* that Defendants misclassified the plaintiff and other Dental Consultants as independent contractors, rather than employees. The plaintiff pled claims under the Employee Income Retirement Security Act ("ERISA") and various state wage and hour laws, as well as collective claims under the Fair Labor Standards Act ("FLSA"), and sought recovery of, among other things, allegedly unpaid employee benefits and overtime wages.

4. We filed amended complaints on March 30 and May 9, 2018 that added additional Plaintiffs and Opt-In Plaintiffs to this Litigation in response to our continuing fact-

2

finding investigation and legal research.

5.  I have attended and helped prepare for all court appearances which included research and writing, and I prepared for and participated in all scheduled calls with defense counsel.

6.  I along with M&S researched and drafted Plaintiffs' opposition motion to Defendants' F.R.C.P. 12(b)(6) dismissal motion which we filed on September 14, 2018.

7.  We assisted the plaintiffs exhausting their administrative remedies as well as their respective appeals in their pursuit of MetLife's welfare and benefits plans, and such efforts required research, the review of over 1,000 documents provided by MetLife, letters and discussion with the plaintiffs.

8.  On December 7, 2018, Plaintiff's served their initial disclosures that included approximately 8,800 pages of documents to MetLife as well as their responses to MetLife's subsequent document production requests. Also, Plaintiffs' written disclosures involved substantial legal research and the assessment of damages.

9.  Plaintiffs served their comprehensive interrogatories and document production requests, and then participated in numerous calls and correspondence with defense counsel that ultimately resulted in Defendants producing approximately 2,500 pages of documents that they had not stored electronically.  Prior to the parties reaching an agreement in principle concerning settlement terms, I along with M&S collectively reviewed over 11,000 pages of documents which helped perfect Plaintiffs' factual allegations, advance our legal research and identify appropriate search terms for electronically stored information ("ESI") as part of discovery.

10. In March 2019, the parties agreed to engage in settlement discussions before MetLife produced any of the ESI.

11. On June 6, 2019, Defendants produced a comprehensive spreadsheet showing the total number of daily hours invoiced by each dental consultant for during an 11-year period through early November 2017 and their respective hourly rates of pay each year. MetLife supplemented this information accordingly on June 21 on July 31, 2019 as requested for a sampling of dental consultants and for overtime hours. We engaged a labor economist, Dr. Alex Vekker, to analyze the data provided in the spreadsheet based on M&S' use of his services in the past.

12. On July 11, 2019, we sent MetLife a letter which set forth a settlement demand, a detailed analysis of claims against the defendants and an itemization prepared by counsel based on Dr. Vekker's calculations showing MetLife's exposure as to each dental consultant.

13. Plaintiffs' and defense counsel agreed to meet on July 24, 2019 to discuss settlement and that meeting paved the way for a successful resolution to this Litigation during the mediation session with Mr. Hunter Hughes of Hunter Hughes Alternative Dispute Resolution (the "Mediator") in Atlanta, Georgia a week later on July 31.

14. At the private mediation with Mr. Hughes on July 31, 2019, the parties worked diligently with each other to reach a fair resolution of the claims in this Litigation based on Mr. Hughes' recommendations. Mr. Hughes is one of this country's leading mediators in complex labor and employment litigation and has successfully helped M&S resolve complex cases in the past.

15. The parties executed a Memorandum of Understanding on August 29 and 30, 2019, as well as the full Settlement Agreement on September __ 2019. The negotiations have been conducted on an arms'-length basis at all times. This settlement required far-reaching legal and economic damages assessments because the dental consultants performed their duties in different states – research included the analysis of the statutory, regulatory and

caselaw under ERISA, the FLSA, and the labor laws of the eight states in which the approximately one hundred twenty dental consultants worked during the liability period. If this case is not settled, the parties will return to extensive discovery, including reviewing and producing ESI and depositions as examples. Experts similarly would be engaged to calculate and testify about damages.

16. M&S and I have been litigating this case on a contingent basis where our clients have not paid any attorney fees or costs or expenses based on the retainer agreements between Plaintiffs and Class Counsel that entitle Class Counsel to a fee award of 35% of any award that the Plaintiffs. Stacey Gray PC has not received any compensation from Plaintiffs or Class Members for my work on this case at this time. Stacey Gray PC has not yet completed its exercise of billing judgment to determine its lodestar fees and its reasonable expenses in the case, however, I anticipate the lodestar fees will be approximately $425,000.

17. I founded Stacey Gray PC as a sole practitioner twenty years ago in 1999 and I am admitted to practice in the United States District Courts for the Southern and Eastern Districts of New York, and my renewal application to the United States Circuit Court of Appeals for the Second Circuit is pending as I was admitted originally in 2003. Employment law has been my primary area of practice for the last 20 years. This past July 23, I was awarded *2019 Outstanding Woman Lawyer in a Solo/Small Firm* from the National Bar Association Women Lawyers Division, and I have been profiled in the New York Law Journal twice. Also, I have been a member of the Federal Bar Council's Program Committee since 2003, leading the majority of Continuing Legal Education (CLE) programs in the area of employment law for this organization and serving as a speaker on employment law programs over the years at the Federal Bar Council and other organizations. More information about me and my practice can be found at www.staceygray.com.

New York, New York


_____                                    _____
Date                                                                Stacey M. Gray
                                                                    Stacey Gray PC
                                                                    60 East 42nd Street, Ste. 4600
                                                                    New York, NY 10165
                                                                    sgray@staceygray.com
                                                                    (212) 227-9163