UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

CAROL McNEELY, SHILPA VLK,
GEORGE K. BERNHARD, and DEBORAH
JOYCE,

on behalf of themselves and all others
similarly situated,

and

DAVID T. RUDZIEWICZ, FREDERICK
DEMAIO, DONNA R. KOBIELSKI,
DONNA MOLTA, NADINE JOY,
SAMUEL PENTA, and ROLAND HOGG,

     Opt-In Plaintiffs,    : **1:18-CV-00885-PAC**

    -against-        : *Electronically Filed*

METROPOLITAN LIFE INSURANCE
COMPANY, METROPOLITAN LIFE
RETIREMENT PLAN FOR UNITED STATES
EMPLOYEES, SAVINGS AND INVESTMENT
PLAN FOR EMPLOYEES OF METROPOLITAN
LIFE AND PARTICIPATING AFFILIATES,
METLIFE OPTIONS & CHOICES PLAN, and
WELFARE BENEFITS PLAN FOR EMPLOYEES
OF METROPOLITAN LIFE AND
PARTICIPATING AFFILIATES,

     Defendants.

----------------------------------------------------------------x

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS AND SETTLEMENT COLLECTIVE FOR SETTLEMENT PURPOSES ONLY, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF FORMS AND METHOD <u>OF PROVIDING NOTICE OF THE SETTLEMENT</u>

The above-captioned matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class and

1

Settlement Collective for Settlement Purposes Only, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement.

All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement executed by the Parties and filed with this Court.

**Preliminary Approval of Settlement**

1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval, the Declarations of Class Counsel Michael Lieder ("Lieder Decl.") and Stacey Gray ("Gray Decl."), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between the parties, which was submitted to this Court as Exhibit A to the Motion. The Settlement Agreement covers Plaintiffs and approximately 110 additional individuals.

2. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980).

3. The Court finds that the Settlement Agreement is the result of extensive, arms' length negotiations by counsel well-versed in the prosecution and defense of employment class and collective actions.

**Conditional Certification of the Proposed Rule 23 Class and of the FLSA Collective Action for Settlement Purposes Only**

4. For settlement purposes only and with no other effect on this Action, including no effect on the Action should the settlement not ultimately be approved or should the Settlement Effective Date not occur, the Court provisionally finds that the proposed class of all persons who

2

(a) contracted or otherwise arranged with Defendant Metropolitan Life Insurance Company ("MetLife"), or any related or affiliated entity, to perform services as a Dental Consultant (which shall include dentists and hygienists) (b) in Illinois at any time between February 1, 2008 and July 31, 2019 or (c) anywhere else in the United States at any time between February 1, 2012 and July 31, 2019 (the "Class") meets each of the requirements for certification of Federal Rule of Civil Procedure 23.

5. In addition, for settlement purposes only and with no other effect on this Action, including no effect on the Action should the settlement not ultimately be approved or should the Settlement Effective Date not occur, the Court conditionally finds that a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, is appropriate pursuant to 29 U.S.C. § 216(b) for all persons who contracted or otherwise arranged with MetLife or any related or affiliated entity to perform services as a Dental Consultant (which shall include dentists and hygienists) between the initial dates set forth below and July 31, 2019 (the "Collective"). The initial dates of their FLSA claims are three years before Dental Consultants opted in to the litigation for the first 11 Dental Consultants listed below, and for the other Dental Consultants three years plus a period of tolling to which the Parties have agreed only for purposes of the Settlement Agreement:

| Dental Consultants | Date |
|---|---|
| Carol McNeely | 2/1/15 |
| George Bernhard, Deborah Joyce, David Rudziewicz, Scott Vlk, Shilpa Vlk | 4/1/15 |
| Harry Tuber, Frederick DeMaio, Nadine Joy, Donna Kobielski, Donna Molta | 5/1/15 |
| Samuel Penta | 12/1/15 |
| All other Dental Consultants | 1/1/16 |

**Appointment of Class Counsel**

3

6. For settlement purposes only and with no other effect on this Action, including no effect on the Action should the settlement not ultimately be approved or should the Settlement Effective Date not occur, the Court provisionally finds that Cyrus Mehri, Michael Lieder, and Lauren Nussbaum of the firm of Mehri & Skalet PLLC and Stacey Gray of the firm of Stacey Gray PC meet each of the requirements, including in Federal Rule of Civil Procedure 23(g)(1) and (4), to be appointed as Class Counsel for the Class identified in paragraph 4 above and as Class Counsel for the Collective identified in paragraph 5 above.

**Class Notices**

7. The Court approves the proposed Original Notice that has been attached as Exhibit B to the Settlement Agreement because it meets each of the requirements set out in Federal Rule of Civil Procedure 23(c)(2)(B). It states clearly and concisely in plain, easily understood language each of the following:

(a) the nature of the action. The Original Notice describes that the action seeks monetary relief;

(b) the definition of the proposed class. The Original Notice describes the class objectively in a manner that allows recipients to determine whether they are Class Members;

(c) the class claims, issues, or defenses. The Original Notice describes the Plaintiffs' contention that Class Members were misclassified as independent contractors and were actually employees and describes each of the types of resultant claims;

(d) that a class member may enter an appearance through an attorney if the member so desires. The Original Notice describes the right of Class Members who do not

4

        opt out to comment on or object to the Settlement and, if they do, to appear at the fairness hearing, through an attorney at their own expense if they so desire;

(e)    that the court will exclude from the class any member who requests exclusion. The Original Notice states the right of Class Members to exclude themselves, both in an initial summary and then at greater length in the body of the Notice;

(f)    the time and manner for requesting exclusion. The Original Notice describes the process and deadline for Class Members to exclude themselves from the Class and the Settlement and the consequences of exclusion;

(g)    the binding effect of a class judgment on members under Rule 23(c)(3). The Original Notice states in several places, including in the summary, that the final judgment of the Court will bind Class Members who do not exclude themselves from the case; and

(h)    other important information. The Original Notice informs Class Members, among other things, of: the formula by which their Base Awards will be calculated under the Settlement; circumstances under which their awards may be increased; approximately when they will receive awards; the purposes other than distributions to Class Members for which the Settlement Fund will be disbursed,; the extent of the release of claims; the date, time, and place of the final fairness hearing (the "Fairness Hearing"); a website address for obtaining additional information online; and persons to contact to answer additional questions.

8.    The Court approves the proposed Reminder Notice attached as Exhibit C to the Settlement Agreement because it clearly and concisely, in plain, easily understood language,

informs Class Members who have not yet negotiated their checks of the deadline for doing so and the consequences of not negotiating their checks by the deadline.

9. The Court finds that the means of disseminating the Original and Reminder Notices complies with the requirement of Rule 23(b)(3) to be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort" through "one or more of the following: United States mail, electronic means, or other appropriate means." The Settlement Agreement requires MetLife to provide to the Claims Administrator a list containing, among other information, the name of each Plaintiff and Class Member, their most recent known addresses, and their email addresses (if known). It requires the Claims Administrator to use skip tracing to update the addresses and then mail the Original Notice to each Plaintiff and Class Member. It also requires the Claims Administrator to use reasonable measures to try to update the address for any Class Member for whom the Original Notice is returned as undeliverable. The Settlement Agreement further requires the Claims Administrator to create a website with information about the Settlement. Next, the Settlement Agreement requires the Claims Administrator to send the Reminder Notice by email, or by mail if the email address is unknown, to all Plaintiffs and Class Members who have not negotiated their checks within 45 days of mailing. Finally, it requires the Claims Administrator to send the Reminder Notice and a postcard by email, or by mail if the email address is unknown, to all Plaintiffs and Class Members who have not negotiated their checks by 14 days before the checks expire.

**Class Action Settlement Procedure**

10. The Court approves and adopts the following settlement approval process as set forth in the Settlement Agreement:

6

      a.      MetLife will provide the Claims Administrator with the names and addresses of Class Members and other information required under the Settlement Agreement within ten (10) business days of the date of this Order.

      b.      Within ten (10) business days of the date of this Order, the Claims Administrator shall set up and thereafter maintain a website at the address www.dentalconsultantcase.com, unless that address is already taken, and include on that website the information required under the Settlement Agreement.

      c.      The Claims Administrator shall mail the Original Notice (Ex. B) to the Class Members within seven (7) calendar days of receipt of the names and addresses of Class Members from MetLife;

      d.      Class Counsel will file a motion for attorneys' fees and expenses and a motion for payment of the Service Awards within twenty (20) days of the date of this Order;

      e.      Class Members will have forty-five (45) days from the date that the Original Notice is mailed to mail any objections to or comments on the Settlement to the Claims Administrator;

      f.      Class Members will have forty-five (45) days from the date that the Original Notice is mailed to mail to the Claims Administrator any notice that they are opting out of the Settlement;

      g.      The Claims Administrator will transmit to Class Counsel and Defendants' Counsel any objections, comments, and opt-outs received from Class Members within five (5) business days of receipt.

      h.     Plaintiffs will file a Motion for Final Approval of Settlement at least seven (7) days before the Fairness Hearing. Plaintiffs shall file all objections, comments, and opt-outs received from Class Members along with the Motion for Final Approval;

      i.     The Court will hold the Fairness Hearing on [Date] and [Time] at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, Courtroom 14C, to determine: whether the Settlement is fair, just, reasonable, and adequate, and should be approved by the Court; the amount of attorneys' fees that should be awarded to Class Counsel; and the size of the Service Awards (if any) to be awarded to the Service Award Plaintiffs;

      j.     If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be thirty-five (35) days after the Court enters its Final Order and Judgment; and

      k.     If a party appeals the Court's Final Order and Judgment, then the "Effective Date" of the settlement shall be fifteen (15) days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final, without any further right of appeal.

**Impact of This Order on Subsequent Proceedings**

12.     This Order, the Settlement Agreement, and all other documents or information relating to the Settlement shall not constitute, be construed to be, or be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists or does not exist to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure or comparable state laws or rules, (b) that any party has

8

prevailed in this case, or (c) that the Defendants have engaged or not engaged in any wrongdoing. Further, in the event that the Settlement Effective Date does not occur, this Order and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever with the sole exception of those provisions of the Settlement Agreement pertaining to its effect in the event that the Settlement Effective Date does not occur for any reason. The Settlement Agreement may be admitted into evidence or otherwise used to enforce any of the terms of the Settlement Agreement if the Settlement Effective Date does occur.

It is so Ordered this 17th day of October, 2019.

_____
Honorable Paul A. Crotty
United States District Judge