UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
CAROL McNEELY, SHILPA VLK,
GEORGE K. BERNHARD, and DEBORAH
JOYCE,

on behalf of themselves and all others
similarly situated,

and

DAVID T. RUDZIEWICZ, FREDERICK
DEMAIO, DONNA R. KOBIELSKI,
DONNA MOLTA, NADINE JOY,
SAMUEL PENTA, and ROLAND HOGG,

                Opt-In Plaintiffs,                 **1:18-CV-00885-PAC**

                -against-                          *Electronically Filed*

METROPOLITAN LIFE INSURANCE
COMPANY, METROPOLITAN LIFE
RETIREMENT PLAN FOR UNITED STATES
EMPLOYEES, SAVINGS AND INVESTMENT
PLAN FOR EMPLOYEES OF METROPOLITAN
LIFE AND PARTICIPATING AFFILIATES,
METLIFE OPTIONS & CHOICES PLAN, and
WELFARE BENEFITS PLAN FOR EMPLOYEES
OF METROPOLITAN LIFE AND
PARTICIPATING AFFILIATES,

                Defendants.
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS REPRESENTATIVE SERVICE AWARDS**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

    I.  FACTUAL BACKGROUND ........................................................................... 1

        A.  Service Award Plaintiffs' Contributions ................................................. 1

        B.  Service Award Plaintiffs' Risks............................................................... 5

        C.  Scope of Service Award Plaintiffs' Released Claims.............................. 6

    II.  ARGUMENT.................................................................................................... 7

        A.  The Service Award Plaintiffs Expended Considerable Time and Effort................. 8

        B.  The Service Award Plaintiffs Assumed Significant Risks as Named or

            Opt-In Plaintiffs ..................................................................................... 11

        C.  The Service Award Plaintiffs Release All Claims Against MetLife ..... 12

        D.  The Service Awards Amounts Are Reasonable .................................... 12

CONCLUSION............................................................................................................ 14

Certificate of Service .................................................................................................. 16

# **TABLE OF AUTHORITIES**

**Cases**

*Aboud v. Charles Schwab & Co.*,
 No. 14 Civ. 2712 (PAC), 2014 U.S. Dist. LEXIS 157205 (S.D.N.Y. Nov. 4, 2014) ................ 10

*Butt v. Megabus Northeast LLC*,
 No. 11-cv-3993 (JPO), 2012 U.S. Dist. LEXIS 137683 (S.D.N.Y. Sept. 25, 2012) ................ 16

*Clark v. Ecolab Inc.*,
 No. 07 Civ. 8623 (PAC), 2010 U.S. Dist. LEXIS 47036 (S.D.N.Y. May 11, 2010) ............... 11

*DeLeon v. Wells Fargo Bank, N.A.*,
 No. 12 Civ. 4494 (RLE), 2015 U.S. Dist. LEXIS 65261 (S.D.N.Y. May 11, 2015).......... 13, 16

*Duchene v. Michael Cetta, Inc.*,
 No. 06 Civ. 4576 (PAC) (GWG), 2009 U.S. Dist. LEXIS 85955 (S.D.N.Y. Sept. 10, 2009) .. 16

*Flores v. Anjost Corp.*,
 No. 11 Civ. 1531 (AT), 2014 U.S. Dist. LEXIS 11026 (S.D.N.Y. Jan. 28, 2014) .................... 16

*Frank v. Eastman Kodak Co.*,
 228 F.R.D. 174 (W.D.N.Y. 2005) ........................................................................................... 11

*Hyun v. Ippudo USA Holdings*,
 No. 14 Civ. 8706 (AJN), 2016 U.S. Dist. LEXIS 39115 (S.D.N.Y. Mar. 24, 2016) ................ 17

*Johnson v. Brennan*,
 10 Civ. 4712 (CM), 2011 U.S. Dist. LEXIS 105775 (S.D.N.Y. Sept. 16, 2011) ...................... 17

*Karic v. Major Auto Cos.*,
 No. 09 CV 5708 (CLP), 2016 U.S. Dist. LEXIS 57782 (E.D.N.Y. Apr. 27, 2016) ............ 13, 16

*Khait v. Whirlpool Corp.*,
 No. 06-6381 (ALC), 2010 U.S. Dist. LEXIS 4067 (E.D.N.Y. Jan. 20, 2010) .......................... 16

*Manley v. Midan Rest. Inc.*,
 No. 14 Civ. 1693 (HBP), 2017 U.S. Dist. LEXIS 44560 (S.D.N.Y. Mar. 27, 2017) .... 12, 14, 16

*Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*,
 No. 06 Civ. 4270 (PAC), 2009 U.S. Dist. LEXIS 27899 (S.D.N.Y. March 31, 2009) ............. 11

*Parker v. Jekyll & Hyde Entm't Holdings, LLC*, No. 08 Civ. 7670 (BSJ) (JCF),
 2010 U.S. Dist. LEXIS 12762 (S.D.N.Y. Feb. 9, 2010) ............................................... 11, 12, 17

*Rainboth-Venditti v. Nat'l Retail Sols., Inc.*,
   No. 16-cv-137 (ATB), 2018 U.S. Dist. LEXIS 19130 (N.D.N.Y. Feb. 6, 2018) ...................... 15

*Raniere v. Citigroup Inc.*,
   310 F.R.D. 211 (S.D.N.Y. Sept. 29, 2015) .............................................................................. 14

*Rasulev v. Good Care Agency, Inc.*, No. 16 Civ. 1993 (LDH) (CLP),
   2017 U.S. Dist. LEXIS 221519 (E.D.N.Y. July 28, 2017) ................................................ 14, 16

*Reyes v. Altamarea Grp.*,
   No. 10-CV-6451 (RLE), 2011 U.S. Dist. LEXIS 115984 (S.D.N.Y. Aug. 16, 2011) ............... 17

*Roberts v. Texaco, Inc.*,
   979 F. Supp. 185 (S.D.N.Y. 1997) .......................................................................................... 11

*Robinson v. Carolina First Bank NA*,
   No. 18-cv-02927-JDA, 2019 U.S. Dist. LEXIS 26450 (D.S.C. Feb. 14, 2019) ....................... 15

*Ruiz v. JCP Logistics, Inc.*,
   No. SACV 13-1908-JLS (ANx), 2016 U.S. Dist. LEXIS 192760 (C.D. Cal. Mar. 10, 2016) .. 15

*Sewell v. Bovis Lend Lease LMB, Inc.*,
   No. 09 Civ. 6548 (RLE), 2012 U.S. Dist. LEXIS 53556 (S.D.N.Y. Apr. 16, 2012) ........... 13, 16

*Surdu v. Madison Global, LLC*,
   No. 15 Civ. 6567 (HBP), 2018 U.S. Dist. LEXIS 48356 (S.D.N.Y. Mar. 23, 2018) ................ 16

*Sykes v. Mel Harris & Assocs.,LLC*, No. 09 Civ. 8486 (DC), 2016 U.S. Dist. LEXIS 74566
   (S.D.N.Y. May 24, 2016) ................................................................................................. 13, 16

*Torres v. Gristede's Operating Corp.*,
   No. 04-CV-3316 (PAC), 2010 U.S. Dist. LEXIS 139144 (S.D.N.Y. Dec. 21, 2010) ......... 10, 16

*Willix v. Healthfirst. Inc.*,
   No. 07 Civ. 1143 (ENV) (RER), 2011 U.S. Dist. LEXIS 21102 (E.D.N.Y. Feb. 18, 2011) ..... 16

## INTRODUCTION

Plaintiffs respectfully move this Court to approve service awards for Class Representatives and other Plaintiffs who brought or assisted in prosecuting this case ("Service Award Plaintiffs"), in amounts that range from $5,000 to $18,000, depending on each Service Award Plaintiff's role and length of participation in the case. These service awards are reasonable in light of the time and effort each Service Award Plaintiff expended in furtherance of the class investigation, litigation, and settlement, the risks that they endured to vindicate their rights and the rights of the absent class members, and the vast scope of the claims they have released against MetLife.

## I.     FACTUAL BACKGROUND

### A.     Service Award Plaintiffs' Contributions

The Service Award Plaintiffs have significantly contributed to the investigation, prosecution, and fair resolution of this action on behalf of the Class Members. They assisted Class Counsel's investigation and prosecution of their claims by providing detailed factual information regarding their job duties and hours worked, as well as first-hand personal knowledge of MetLife's management, supervision, and compensation policies and practices. Ex. 1 (Declaration of Carol McNeely in Support of Plaintiffs' Motion for Service Awards ("McNeely Decl.")) ¶¶ 12, 14; Ex. 2 (Declaration of Deborah Joyce in Support of Plaintiffs' Motion for Service Awards ("Joyce Decl.")) ¶¶ 12–14; Ex. 3 (Declaration of Shilpa Vlk in Support of Plaintiffs' Motion for Service Awards ("Shilpa Vlk Decl.")) ¶¶ 11–12; Ex. 4 (Declaration of Donna Kobielski in Support of Plaintiffs' Motion for Service Awards ("Kobielski Decl.")) ¶¶ 9–11; Ex. 5 (Declaration of Donna Molta in Support of Plaintiffs' Motion for Service Awards ("Molta Decl.")) ¶¶ 9–11; Ex. 6 (Declaration of George Bernhard in

Support of Plaintiffs' Motion for Service Awards ("Bernhard Decl.")) ¶¶ 9–11; Ex. 7 (Declaration of Frederick DeMaio in Support of Plaintiffs' Motion for Service Awards ("DeMaio Decl.")) ¶¶ 8–10; Ex. 8 (Declaration of Nadine Joy in Support of Plaintiffs' Motion for Service Awards ("Joy Decl.")) ¶¶ 11–13; Ex. 9 (Declaration of David Rudziewicz in Support of Plaintiffs' Motion for Service Awards ("Rudziewicz Decl.")) ¶¶ 12–14; Ex. 10 (Declaration of Scott Vlk in Support of Plaintiffs' Motion for Service Awards ("Scott Vlk Decl.")) ¶¶ 8–9; Ex. 11 (Declaration of Harry Tuber in Support of Plaintiffs' Motion for Service Awards ("Tuber Decl.")) ¶¶ 11–14; Ex. 12 (Declaration of Roland Hogg in Support of Plaintiffs' Motion for Service Awards ("Hogg Decl.")) ¶¶ 8–9; Ex. 13 (Declaration of Samuel Penta in Support of Plaintiffs' Motion for Service Awards ("Penta Decl.")) ¶¶ 9–10. They also collectively provided many thousands of pages of documents, including their original invoices and MetLife manuals and guidelines, which were only available as hard copies and required extensive time copying, scanning, and sending to Class Counsel. Ex. 1 (McNeely Decl.) ¶¶ 12–14; Ex. 2 (Joyce Decl.) ¶ 13; Ex. 3 (Shilpa Vlk Decl.) ¶ 11; Ex. 4 (Kobielski Decl.) ¶¶ 10–11; Ex. 5 (Molta Decl.) ¶¶ 9–11; Ex. 6 (Bernhard Decl.) ¶¶ 9, 11; Ex. 7 (DeMaio Decl.) ¶¶ 8–9; Ex. 8 (Joy Decl.) ¶¶ 11–13; Ex. 9 (Rudziewicz Decl.) ¶¶ 12–14; Ex. 10 (Scott Vlk Decl.) ¶¶ 9–10; Ex. 11 (Tuber Decl.) ¶¶ 11, 14. Throughout the litigation, the Service Award Plaintiffs regularly communicated with Class Counsel and supported the litigation by participating in conference calls and responding to emails. Ex. 1 (McNeely Decl.) ¶ 14; Ex. 2 (Joyce Decl.) ¶¶ 12–14; Ex. 3 (Shilpa Vlk Decl.) ¶¶ 11–12; Ex. 4 (Kobielski Decl.) ¶¶ 9–11; Ex. 5 (Molta Decl.) ¶¶ 9–11; Ex. 6 (Bernhard Decl.) ¶¶ 9, 11; Ex. 7 (DeMaio Decl.) ¶¶ 8–10; Ex. 8 (Joy Decl.) ¶¶ 12–13; Ex. 9 (Rudziewicz Decl.) ¶¶ 12–14; Ex. 10 (Scott Vlk Decl.) ¶¶ 8–9; Ex. 11 (Tuber Decl.) ¶¶ 11, 14; Ex. 12 (Hogg Decl.) ¶¶ 8–9; Ex. 13 (Penta Decl.) ¶¶ 9–10. They also reviewed, signed, and returned letters

requesting ERISA benefits and appealing the denials of those benefit requests. Ex. 1 (McNeely Decl.) ¶¶ 99–100; Ex. 2 (Joyce Decl.) ¶¶ 64–65; Ex. 3 (Shilpa Vlk Decl.) ¶¶ 76–77; Ex. 4 (Kobielski Decl.) ¶ 11; Ex. 5 (Molta Decl.) ¶ 11; Ex. 6 (Bernhard Decl.) ¶ 11(c); Ex. 7 (DeMaio Decl.) ¶ 10; Ex. 8 (Joy Decl.) ¶ 13(c); Ex. 9 (Rudziewicz Decl.) ¶ 14; Ex. 10 (Scott Vlk Decl.) ¶ 9; Ex. 11 (Tuber Decl.) ¶ 14(c).

At Class Counsel's request, the original named Plaintiff Carol McNeely, as well as Plaintiffs Deborah Joyce and Shilpa Vlk, provide detailed but conservative itemized logs of their efforts to advance this case.[1] *See* Ex. 1 (McNeely Decl.) ¶¶ 17–124; Ex. 2 (Joyce Decl.) ¶¶ 16–116; Ex. 3 (Shilpa Vlk Decl.) ¶¶ 14–106. Plaintiffs McNeely and Shilpa Vlk are dentists from Illinois, the state with the most dental consultants, and Plaintiff Joyce is a dental hygienist from New York. Ex. 1 (McNeely Decl.) ¶ 4; Ex. 2 (Joyce Decl.) ¶¶ 4, 12–13; Ex. 3 (Shilpa Vlk Decl.) ¶ 4. These summaries reflect that seldom more than one month went by without Plaintiffs being asked to assist with this case; sometimes, Plaintiffs worked on this case several times a week. *See, e.g.*, Ex. 1 (McNeely Decl.) ¶¶ 51–68; Ex. 2 (Joyce Decl.) ¶¶ 23–31; Ex. 3 (Shilpa Vlk Decl.) ¶¶ 62–75. Plaintiff Joyce, for example, performed work to advance the case on 69 different days over the twenty-month period from February 2018 through October 2019. Ex. 2 (Joyce Decl.) ¶¶ 17–116.

Plaintiffs George Bernhard, Deborah Joyce, David Rudziewicz, Shilpa Vlk, and former Plaintiff Scott Vlk joined the case on March 15, 2018, approximately six weeks after the original Complaint was filed. Ex. 2 (Joyce Decl.) ¶ 1; Ex. 3 (Shilpa Vlk Decl.) ¶ 1; Ex. 6 (Bernhard Decl.) ¶ 1; Ex. 9 (Rudziewicz Decl.) ¶ 1; Ex. 10 (Scott Vlk Decl.) ¶ 1. Shortly afterward, Class

---

[1] For efficiency purposes, only these three Plaintiffs provide these detailed summaries as examples of the work Service Award Plaintiffs did to advance this case.

Counsel prepared a draft Amended Complaint, which the new Plaintiffs, along with Ms. McNeely, reviewed for factual accuracy and provided corrections and additional information. Ex. 1 (McNeely Decl.) ¶¶ 70–71, 74–75; Ex. 2 (Joyce Decl.) ¶¶ 14, 23, 26–29; Ex. 3 (Shilpa Vlk Decl.) ¶¶ 11, 36, 39; Ex. 6 (Bernhard Decl.) ¶ 11(a); Ex. 9 (Rudziewicz Decl.) ¶ 14; Ex. 10 (Scott Vlk Decl.) ¶ 9. Plaintiffs Fred DeMaio, Nadine Joy, and Donna Kobielski, along with former Plaintiff Harry Tuber, joined the case within the next two months, and they provided information that Class Counsel used in drafting the Second Amended Complaint, which all Plaintiffs reviewed and corrected. Ex. 4 (Kobielski Decl.) ¶ 11; Ex. 7 (DeMaio Decl.) ¶ 9; Ex. 8 (Joy Decl.) ¶ 13(a); Ex. 11 (Tuber Decl.) ¶¶ 14(a). Plaintiffs Samuel Penta and Roland Hogg joined the case on May 13, 2019 and July 1, 2019, respectively. Ex. 12 (Hogg Decl.) ¶ 1; Ex. 13 (Penta Decl.) ¶ 1.

The Service Award Plaintiffs, with the exception of Scott Vlk, Harry Tuber, Sam Penta, and Roland Hogg, responded to document requests and interrogatories. Ex. 1 (McNeely Decl.) ¶¶ 14, 89–93, 95, 98, 101–03, 105; Ex. 2 (Joyce Decl.) ¶¶ 13, 49–61, 66–68, 70–74; Ex. 3 (Shilpa Vlk Decl.) ¶¶ 11, 62–74, 78–80, 82; Ex. 4 (Kobielski Decl.) ¶ 11; Ex. 5 (Molta Decl.) ¶ 11; Ex. 6 (Bernhard Decl.) ¶ 11(b); Ex. 7 (DeMaio Decl.) ¶ 9; Ex. 8 (Joy Decl.) ¶ 13(b); Ex. 9 (Rudziewicz Decl.) ¶ 14.[2] All Service Award Plaintiffs except Scott Vlk and Samuel Penta provided declarations in support of Plaintiffs' Motion for Conditional Certification of FLSA Collective Action, *see* ECF No. 99-1 (July 2, 2019). Ex. 1 (McNeely Decl.) ¶ 106; Ex. 2 (Joyce Decl.) ¶ 75; Ex. 3 (Shilpa Vlk Decl.) ¶ 86; Ex. 4 (Kobielski Decl.) ¶ 11; Ex. 5 (Molta Decl.) ¶ 11;

---

[2] Former Plaintiffs Scott Vlk and Harry Tuber did not respond to document requests and interrogatories because they dismissed their claims without prejudice in early December 2018, after Class Counsel was in a position to estimate the size of their likely recovery if the case was not settled. *See Plaintiff Scott D. Vlk's Notice of Voluntary Dismissal* (Dec. 5, 2018), ECF No. 71; *Plaintiff Harry M. Tuber's Notice of Voluntary Dismissal* (Dec. 4, 2018), ECF No. 70; *see also* Ex. 10 (Scott Vlk Decl.) ¶ 9; Ex. 11 (Tuber Decl.) ¶ 13. Plaintiffs Samuel Penta and Roland Hogg had not yet joined the case when this discovery was due. *See* Ex. 12 (Hogg Decl.) ¶ 1; Ex. 13 (Penta Decl.) ¶ 1.

4

Ex. 6 (Bernhard Decl.) ¶ 11(d); Ex. 7 (DeMaio Decl.) ¶ 10; Ex. 8 (Joy Decl.) ¶ 13(d); Ex. 9 (Rudziewicz Decl.) ¶ 14; Ex. 11 (Tuber Decl.) ¶ 14; Ex. 12 (Hogg Decl.) ¶¶ 7–8.[3] Finally, all Service Award Plaintiffs participated in discussions with Class Counsel regarding the proposed settlement and, after asking questions and reviewing the settlement documents, authorized Class Counsel to sign the settlement agreement on their behalf. Ex. 1 (McNeely Decl.) ¶¶ 114, 117–18, 120–24; Ex. 2 (Joyce Decl.) ¶¶ 90, 92, 95, 97–101, 104, 106–15; Ex. 3 (Shilpa Vlk Decl.) ¶¶ 90, 95–103; Ex. 4 (Kobielski Decl.) ¶ 11; Ex. 5 (Molta Decl.) ¶ 11; Ex. 6 (Bernhard Decl.) ¶ 11(3); Ex. 7 (DeMaio Decl.) ¶ 10; Ex. 8 (Joy Decl.) ¶ 13(e); Ex. 9 (Rudziewicz Decl.) ¶ 14; Ex. 10 (Scott Vlk Decl.) ¶ 10; Ex. 11 (Tuber Decl.) ¶ 15; Ex. 12 (Hogg Decl.) ¶ 9; Ex. 13 (Penta Decl.) ¶ 10.

### B. Service Award Plaintiffs' Risks

All of the Service Award Plaintiffs feared (and still fear) retaliation from MetLife for pursuing this litigation. Ex. 1 (McNeely Decl.) ¶¶ 7–11; Ex. 2 (Joyce Decl.) ¶¶ 5–6, 8, 11–12; Ex. 3 (Shilpa Vlk Decl.) ¶¶ 5–6, 8, 10; Ex. 4 (Kobielski Decl.) ¶¶ 6–8; Ex. 5 (Molta Decl.) ¶¶ 6–8; Ex. 6 (Bernhard Decl.) ¶¶ 5, 7; Ex. 7 (DeMaio Decl.) ¶¶ 6–7; Ex. 8 (Joy Decl.) ¶¶ 5–10; Ex. 9 (Rudziewicz Decl.) ¶¶ 6–11; Ex. 10 (Scott Vlk Decl.) ¶ 7; Ex. 11 (Tuber Decl.) ¶¶ 5–6, 9; Ex. 12 (Hogg Decl.) ¶ 6; Ex. 13 (Penta Decl.) ¶¶ 6–7. They also fear that their participation in this case could jeopardize future employment or business opportunities throughout the insurance industry. Ex. 1 (McNeely Decl.) ¶ 11; Ex. 2 (Joyce Decl.) ¶ 11; Ex. 3 (Shilpa Vlk Decl.) ¶ 10; Ex. 8 (Joy Decl.) ¶ 9; Ex. 11 (Tuber Decl.) ¶ 9. Given MetLife's view of them as independent contractors

---

[3] Former Plaintiff Harry Tuber filed a declaration to explain MetLife's practices for his panel in Bridgewater, New Jersey. Ex. 11 (Tuber Decl.) ¶ 13. Plaintiff Roland Hogg filed a declaration explaining that he has provided essentially the same duties for both MetLife and Cigna, functionally identical companies, by reviewing insurance claims for dental necessity. Ex. 12 (Hogg Decl.) ¶¶ 7–8. MetLife, however, classified Mr. Hogg and as an independent contractor, while Cigna, Mr. Hogg's current employer, classifies him as an employee entitled to full employee benefits. *Id.*

5

without the protections accorded to employees, the Service Award Plaintiffs worried that MetLife would choose to terminate or simply not renew their annual contracts after they joined the lawsuit. Ex. 4 (Kobielski Decl.) ¶ 6; Ex. 5 (Molta Decl.) ¶ 6; Ex. 6 (Bernhard Decl.) ¶ 5; Ex. 7 (DeMaio Decl.) ¶ 6; Ex. 9 (Rudziewicz Decl.) ¶ 6; Ex. 10 (Scott Vlk Decl.) ¶ 7; Ex. 11 (Tuber Decl.) ¶ 5; Ex. 12 (Hogg Decl.) ¶ 6; Ex. 13 (Penta Decl.) ¶ 6. If that happened, they believed it would be very difficult to find alternative employment: few insurance companies of which they are aware offer similar positions, Ex. 13 (Penta Decl.) ¶ 7, and it would be easy for any companies performing background checks to discover Service Award Plaintiffs' involvement in the litigation, Ex. 1 (McNeely Decl.) ¶ 11; Ex. 2 (Joyce Decl.) ¶ 11; Ex. 3 (Shilpa Vlk Decl.) ¶ 10; Ex. 8 (Joy Decl.) ¶ 9; Ex. 11 (Tuber Decl.) ¶ 9; Ex. 12 (Hogg Decl.) ¶ 6. In early 2018, many Dental Consultants expressed interest in the litigation, but then backed out because of the risk of retaliation, according to what they told the Service Award Plaintiffs. Ex. 1 (McNeely Decl.) ¶ 8; Ex. 9 (Rudziewicz Decl.) ¶ 6; Ex. 10 (Scott Vlk Decl.) ¶ 7; Ex. 11 (Tuber Decl.) ¶ 5. Some Service Award Plaintiffs also experienced backlash from fellow Dental Consultants who did not join the litigation, who told the Service Award Plaintiffs that their decision put all Dental Consultants' contracts at risk. Ex. 2 (Joyce Decl.) ¶ 10; Ex. 9 (Rudziewicz Decl.) ¶ 6.

  **C.** **Scope of Service Award Plaintiffs' Released Claims**

The scope of the Service Award Plaintiffs' release of claims against MetLife is far greater than the release of other class members. Class members have only released any claims against MetLife and related entities regarding "misclassification, unpaid wages, employee benefits . . . , overtime pay, failure to maintain and furnish employees with proper wage records, timely payment of wages, unjust enrichment and all other claims that were or could have been asserted in the Litigation under state wage and hour laws and ERISA." Settlement Agreement § 3.6(A),

ECF No. 111-1, at 18; *see also id.* § 3.6 (B) (releasing FLSA claims). In other words, class members have only released the federal and state wage and hour claims and the ERISA claims that were brought or could have been brought in this litigation. *See id.* § 3.6(A)–(B). The Service Award Plaintiffs, by contrast, have released "*any and all claims* arising up to and as of the date of the Preliminary Approval Order, both known and unknown, which the Service Award Plaintiffs have or may have" against MetLife" and related entities. *Id.* § 3.6(C) (emphasis added). By releasing all claims, the Service Award Plaintiffs have given up far more than the narrow, case-specific claims of class members. Ex. 1 (McNeely Decl.) ¶ 16; Ex. 2 (Joyce Decl.) ¶ 15; Ex. 3 (Shilpa Vlk Decl.) ¶ 13; Ex. 4 (Kobielski Decl.) ¶ 12; Ex. 5 (Molta Decl.) ¶ 12; Ex. 6 (Bernhard Decl.) ¶ 12; Ex. 7 (DeMaio Decl.) ¶ 11; Ex. 8 (Joy Decl.) ¶ 14; Ex. 9 (Rudziewicz Decl.) ¶ 15; Ex. 10 (Scott Vlk Decl.) ¶ 10; Ex. 11 (Tuber Decl.) ¶ 15; Ex. 12 (Hogg Decl.) ¶ 10; Ex. 13 (Penta Decl.) ¶ 11.

## II. **ARGUMENT**

In light of their significant efforts resulting in a substantial settlement on behalf of the Class, the Service Award Plaintiffs should receive the requested awards. This Court has repeatedly acknowledged the crucial role that class representatives play in achieving justice for all class members. *See, e.g.*, *Aboud v. Charles Schwab & Co.*, No. 14 Civ. 2712 (PAC), 2014 U.S. Dist. LEXIS 157205, at *13–14 (S.D.N.Y. Nov. 4, 2014) ("Service awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff[s]." (internal quotation marks and citation omitted)); *Torres v. Gristede's Operating Corp.*, No. 04-CV-3316 (PAC), 2010 U.S. Dist. LEXIS 139144, at *22–23 (S.D.N.Y. Dec. 21, 2010) (same); *Clark v. Ecolab Inc.*, No. 07 Civ. 8623 (PAC), 2010

U.S. Dist. LEXIS 47036, at *30–31 (S.D.N.Y. May 11, 2010) (same); *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, No. 06 Civ. 4270 (PAC), 2009 U.S. Dist. LEXIS 27899, at *18–19 (S.D.N.Y. March 31, 2009) (same); *see also Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 200-01 (S.D.N.Y. 1997) ("The guiding standard in determining an incentive award is broadly stated as being the existence of special circumstances including the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, the time and effort expended by that plaintiff in assisting in the prosecution of the litigation or in bringing to bear added value (e.g., factual expertise), any other burdens sustained by that plaintiff in lending himself or herself to the prosecution of the claims, and, of course, the ultimate recovery.").

    **A.**    **The Service Award Plaintiffs Expended Considerable Time and Effort**

The Service Award Plaintiffs should be awarded service payments for the significant work they undertook on behalf of the class. Courts recognize the important factual knowledge that class representatives bring to employment class actions, including information about employer policies and practices that affect wages. See *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187–88 (W.D.N.Y. 2005) (recognizing the important role that class representatives play as the "primary source of information concerning the claims[,]" including by responding to counsel's questions and reviewing documents). Service awards also recognize the important role that class representatives play in the prosecution of the litigation and settlement negotiations. *See Parker v. Jekyll & Hyde Entm't Holdings, LLC*, No. 08 Civ. 7670 (BSJ) (JCF), 2010 U.S. Dist. LEXIS 12762, at *5 (S.D.N.Y. Feb. 9, 2010) (recognizing efforts by class representatives in meeting with counsel, reviewing documents, formulating theory of case, identifying and locating other class members to expand settlement participants, and attending court proceedings).

As discussed above, the Service Award Plaintiffs have made important contributions to the prosecution and fair resolution of this action on behalf of all class members. They assisted Class Counsel's investigation and prosecution of their claims by providing detailed factual information regarding their job duties and hours worked, and first-hand personal knowledge of MetLife's workplace policies and practices, including but not limited to supervision, compensation, monitoring, quality control, and provision of equipment. *Supra* § 1(A). Throughout the litigation, the Service Award Plaintiffs regularly communicated with Class Counsel and supported the litigation by providing information and producing relevant documents. *Id*. Some of them contacted other Dental Consultants, informing them about the lawsuit or answering their questions. *Id*. Most of the Service Award Plaintiffs also provided declarations in support of Plaintiffs' motion for conditional certification. *Id*.

Courts have routinely awarded comparable, if not greater, service awards to class representatives who, like the Service Award Plaintiffs here, "have done far more than merely agree to have their names added to the caption in this case." *Parker*, 2010 U.S. Dist. LEXIS 12762, at *5 (approving enhancement payments ranging up to $15,000 because the class representatives attended court proceedings, settlement negotiations, met with counsel, reviewed documents, participated in forming the theory of the case, and identified and located other class members); *see also Manley v. Midan Rest. Inc.*, No. 14 Civ. 1693 (HBP), 2017 U.S. Dist. LEXIS 44560, at *35 (S.D.N.Y. Mar. 27, 2017) (approving a service award of $15,000 where the named plaintiff "initiated this action and assisted counsel's investigation and prosecution of the claims by providing factual information, producing documents, reviewing defendants' document production, appearing for all depositions, responding to defendants' discovery requests, assisting with preparation for the mediation and attending the mediation"); *Sykes v. Mel Harris & Assocs.,*

9

*LLC*, No. 09 Civ. 8486 (DC), 2016 U.S. Dist. LEXIS 74566, at *54–55 (S.D.N.Y. May 24, 2016) (approving service awards of $30,000 in part because that amount was "comparable to awards made in other cases where the lead plaintiffs were able to effect substantial relief for class members"); *Karic v. Major Auto Cos.*, No. 09 CV 5708 (CLP), 2016 U.S. Dist. LEXIS 57782, at *23–25 (E.D.N.Y. Apr. 27, 2016) (approving service awards of $20,000 each to the seven class representatives whose "services included, but were not limited to: 'informing counsel of the facts initially and as the case progressed; providing counsel with relevant documents in their possession; reviewing defendants' document production; appearing for depositions; responding to defendants' discovery requests; assisting counsel to prepare for mediation[ ] and settlement discussions; and reviewing and commenting on the terms of the settlement.' . . . As a result of plaintiffs' efforts, six opt in plaintiffs joined the case prior to the Notice being issued." (first alteration in original) (internal citation omitted)); *DeLeon v. Wells Fargo Bank, N.A.*, No. 12 Civ. 4494 (RLE), 2015 U.S. Dist. LEXIS 65261, at *15 (S.D.N.Y. May 11, 2015) (approving a service award of $15,000 to "recognize the risks that the named-Plaintiff faced by participating in a lawsuit against her former employer and the efforts she made on behalf of the class, including producing documents, continuously speaking with Class Counsel, and actively participating in the mediation"); *Sewell v. Bovis Lend Lease LMB, Inc.*, No. 09 Civ. 6548 (RLE), 2012 U.S. Dist. LEXIS 53556, at *40–43 (S.D.N.Y. Apr. 16, 2012) (approving service awards of $15,000 and $10,000 where named plaintiffs "served class members by 'providing counsel with relevant documents in their possession, assisting counsel to prepare for the mediation, participating in litigation strategy, and reviewing and commenting on the terms of the settlement' . . . [and] provided detailed factual information to class counsel for the prosecution of their

claims and made themselves available regularly for any necessary communications with counsel").

### B. The Service Award Plaintiffs Assumed Significant Risks as Named or Opt-In Plaintiffs

In assessing the reasonableness of service awards, courts consider the risks the named plaintiffs assumed in serving as class representatives. *See Manley*, 2017 U.S. Dist. LEXIS 44560, at *35 (stating that service awards "serve the dual functions of recognizing the risks incurred by named plaintiffs and compensating them for their additional efforts" (internal citation omitted)). In the employment (or independent contractor) context, where workers are often blacklisted if they pursue litigation against their employers, class representatives are particularly vulnerable to retaliation. *See Raniere v. Citigroup Inc.*, 310 F.R.D. 211, 220 (S.D.N.Y. Sept. 29, 2015) ("It takes courage for any employee to challenge her employer's workplace practices, and this is particularly true when the employer is a powerful global financial institution. This recognition, combined with the effort put forth by the Named Plaintiffs during the litigation and the fact that the service awards are tailored to each Named Plaintiff's contribution to the case, lead to the conclusion that the service awards are allowable.").

Even where there is not a record of retaliation, class representatives merit recognition for assuming the risk of retaliation for the sake of absent class members. *See Rasulev v. Good Care Agency, Inc.*, No. 16 Civ. 1993 (LDH) (CLP), 2017 U.S. Dist. LEXIS 221519, at *21–23 (E.D.N.Y. July 28, 2017) ("Although there has been no threat or indication of retaliation, courts have held that class representatives merit recognition for assuming the risk of such for the sake of absent class members." (internal citation and quotation marks omitted)). Here, all of the Class Representatives faced the risk that MetLife would retaliate against them because of their participation in the lawsuit. *Supra* § 1(B). In fact, many Class Members decided to not come

11

forward and join the lawsuits as a named plaintiff due to this fear. *Id.* Furthermore, the Service Award Plaintiffs' status as independent contractors, where MetLife could terminate their contracts on short notice and with no justification, increased their risk of retaliation. *Id.*

### C. The Service Award Plaintiffs Release All Claims Against MetLife

Unlike the class members, who have only released claims related to the lawsuit against MetLife and related entities, the Service Award Plaintiffs have executed a general release against MetLife and related entities. *Supra* § 1(C). This general release of virtually all claims, rather than only the types of claims asserted in this litigation, merits an increased award. *Cf. Rainboth-Venditti v. Nat'l Retail Sols., Inc.*, No. 16-cv-137 (ATB), 2018 U.S. Dist. LEXIS 19130, at *2 (N.D.N.Y. Feb. 6, 2018) (approving an FLSA collective settlement agreement and awarding both a service award and a general release payment to the named plaintiff and pre-settlement opt-in plaintiffs); *see also Robinson v. Carolina First Bank NA*, No. 18-cv-02927-JDA, 2019 U.S. Dist. LEXIS 26450, at *33–34 (D.S.C. Feb. 14, 2019) (approving a service award of $15,000 for the named plaintiff who, *inter alia*, signed a general release); *Ruiz v. JCP Logistics, Inc.*, No. SACV 13-1908-JLS (ANx), 2016 U.S. Dist. LEXIS 192760, at *8 n.1 (C.D. Cal. Mar. 10, 2016) ("In exchange for a service award, Plaintiff also agrees to provide a general release to Defendant of any and all claims or liability." (internal citation and quotation marks omitted)).

### D. The Service Awards Amounts Are Reasonable

The service awards requested, which range from $5,000 to $18,000, are reasonable considering the Service Award Plaintiffs' time and effort expended, the risks they faced in pursuing this litigation, and their general release of claims against MetLife. This Court, as well as other judges in this District, have consistently approved similar service awards amounts, including during the past few years, despite the perception that service awards are trending

12

downward. *See Rasulev*, 2017 U.S. Dist. LEXIS 221519 at *21–23 ($15,000); *Manley*, 2017 U.S. Dist. LEXIS 44560, at *35–36 (S.D.N.Y. Mar. 27, 2017) (same); *Sykes*, 2016 U.S. Dist. LEXIS 74566, at *54–55 ($30,000); *Karic*, 2016 U.S. Dist. LEXIS 57782, at *23–25 ($20,000); *DeLeon*, 2015 U.S. Dist. LEXIS 65261, at *15 ($15,000); *Flores v. Anjost Corp.*, No. 11 Civ. 1531 (AT), 2014 U.S. Dist. LEXIS 11026, at *27 (S.D.N.Y. Jan. 28, 2014) (approving service awards of $25,000 to each named plaintiff and noting that "[t]he awards requested here are typical of service awards within the Second Circuit"); *Butt v. Megabus Northeast LLC*, No. 11-cv-3993 (JPO), 2012 U.S. Dist. LEXIS 137683, at *25 (S.D.N.Y. Sept. 25, 2012) ($15,000); *Sewell*, 2012 U.S. Dist. LEXIS 53556, at *40–43 ($15,000 and $10,000); *Torres*, 2010 U.S. Dist. LEXIS 139144, at *22–23 (Crotty, J.) (same); *Willix v. Healthfirst. Inc.*, No. 07 Civ. 1143 (ENV) (RER), 2011 U.S. Dist. LEXIS 21102, at *19–20 (E.D.N.Y. Feb. 18, 2011) ($30,000, $15,000, and $7,500); *Duchene v. Michael Cetta, Inc.*, No. 06 Civ. 4576 (PAC) (GWG), 2009 U.S. Dist. LEXIS 85955, at *9 (S.D.N.Y. Sept. 10, 2009) (Crotty, J.) ($25,000 and $10,000); *Khait v. Whirlpool Corp.*, No. 06-6381 (ALC), 2010 U.S. Dist. LEXIS 4067, at *26 (E.D.N.Y. Jan. 20, 2010) ($15,000 and $10,000).

With the help of the Service Award Plaintiffs, Class Counsel achieved what may be the largest recovery of a case of this kind in this District. *See* Class Counsel's Mem. of Law in Supp. of Mot. for Attys' Fees and Expenses at 7–8 (Nov. 6, 2019). As a result, the service award payments requested total $168,000, less than 5% of the settlement fund of $3,390,000, which is a smaller percentage than what has been deemed reasonable in similar cases. *See, e.g.*, *Surdu v. Madison Global, LLC*, No. 15 Civ. 6567 (HBP), 2018 U.S. Dist. LEXIS 48356, at *35 (S.D.N.Y. Mar. 23, 2018) (awarding incentive payments totaling approximately 12.4% of the settlement fund); *Hyun v. Ippudo USA Holdings*, No. 14 Civ. 8706 (AJN), 2016 U.S. Dist. LEXIS 39115, at

*6 (S.D.N.Y. Mar. 24, 2016) (awarding incentive payments totaling 5% of the settlement fund); *Johnson v. Brennan*, 10 Civ. 4712 (CM), 2011 U.S. Dist. LEXIS 105775, at *61 (S.D.N.Y. Sept. 16, 2011) (awarding incentive payments totaling approximately 9.1% of the settlement fund); *Reyes v. Altamarea Grp.*, No. 10-CV-6451 (RLE), 2011 U.S. Dist. LEXIS 115984, at *9 (S.D.N.Y. Aug. 16, 2011) (approving awards representing approximately 16.6% of the settlement fund); *Parker*, 2010 U.S. Dist. LEXIS 12762, at *6 (approving service awards totaling approximately 11% of the total settlement fund "given the value of the representatives' participation and the likelihood that class members who submit claims will still receive significant financial awards"). Accordingly, the requested service awards amounts are reasonable.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court enter the proposed order granting awards to the Service Award Plaintiffs in the amounts that follow:

(1) Carol McNeely: $18,000;

(2) George Bernhard, Frederick Demaio, Nadine Joy, Deborah Joyce, Donna Kobielski; Donna Molta, David Rudziewicz; Shilpa Vlk: $15,000;

(3) Harry Tuber, Scott Vlk: $10,000;

(4) Roland Hogg, Samuel Penta: $5,000.


Dated: November 6, 2019

Respectfully submitted,

/s/ *Stacey M Gray*          /s/ *Michael D. Lieder*

**STACEY GRAY PC**          **MEHRI & SKALET PLLC**
Stacey Gray                  Cyrus Mehri (*pro hac vice*)
60 East 42nd Street          Michael D. Lieder (*pro hac vice*)
46th Floor                   Lauren Nussbaum (*pro hac vice*)

New York, NY 10165  1250 Connecticut Ave., NW, Suite 300
Tel: (212) 227-9163  Washington, DC 20036
Fax: (866) 224-6703  Tel: (202) 822-5100
sgray@staceygray.com  Fax: (202) 822-4997
cmehri@findjustice.com
mlieder@findjustice.com
lnussbaum@findjustice.com

## Certificate of Service

I certify that on November 6, 2019, a true and correct copy of the Memorandum of Law in Support of Plaintiffs' Motion for Class Representative Service Awards was served via the Court's CM/ECF system upon all counsel of record.

 */s/ Michael D. Lieder*
Michael D. Lieder