# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL McNEELY, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> METROPOLITAN LIFE INSURANCE ) <br> COMPANY, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 1:18-cv-00885-PAC <br><br><br> **DECLARATION OF SHILPA VLK IN SUPPORT OF PLAINTIFFS' MOTION FOR SERVICE AWARDS** |

I, Shilpa Vlk, declare upon personal knowledge and under penalty of perjury that the following is true and correct:

1. I joined the above-captioned lawsuit as Class Representative on March 15, 2018.

2. I am competent to give this declaration, which I do in support of Plaintiffs' Motion for Service Awards.

3. All of the statements in this declaration are made based on my personal knowledge and I could testify about this declaration for my service award in the amount of $15,000.00.

4. I have worked for Metropolitan Life Insurance Co. ("MetLife") from 2008 until June 14, 2019: as a Dental Consultant in its Aurora, Illinois office with other dental consultants. By the term "Dental Consultant," I mean a dentist or hygienist engaged by MetLife primarily to review claims for dental benefits submitted by persons insured by MetLife in order to make recommendations concerning whether MetLife should pay benefits on the claims.

5. I initially was reluctant to become a named plaintiff after Carol McNeely filed the lawsuit on February 1, 2018 out of fear that MetLife would retaliate against me and I have two young children ages 13 and 9. My husband, Scott Vlk, also was a dental consultant and I was

terrified that both of us would be unable to care for our children if MetLife terminated us in retaliation.

6. The precarious nature of my income was emphasized to me when, on November 1, 2017, MetLife reduced the hourly rates of all Dental Consultants by 10% even though we performed the same duties under both the Old and New Contracts. MetLife decreased my hourly rate from $44.00 to $39.60.

7. Since beginning work for MetLife in 2008, I have adhered to MetLife's noncompete clause, which under the Old Contract prohibited us from "accept[ing] employment of any character hostile to the interests of MetLife or otherwise engag[ing] in activities adverse to the interests of MetLife." This clause limited my ability to generate more income in the future because I only have worked from MetLife for the last 16 years.

8. Before I decided to join this lawsuit, I spoke with Plaintiffs' counsel, Stacey Gray, to share my fears and I finally joined the lawsuit to recoup the money that MetLife had until this settlement refused to pay for my services.

9. Although I waited to join the lawsuit, I still supported Carol McNeely's bravery by contacting other dental consultants for them to learn more about her case because she filed it not just for herself but for all of us. On March 15, 2018, I gathered the courage to become a named plaintiff on March 15, 2018, which was two weeks before our Amended Complaint was filed on March 30.

10. Serving as a named plaintiff has the potential to jeopardize future employment prospects. I also understand that companies often are averse to hiring individuals who are involved in a lawsuit or who have sued their employer. My fears and risks are reasonable

2

because a perfunctory internet search and/or background check reveals that I am a named plaintiff in this action.

11. My work on the case began almost immediately after submitting my retainer and consent to join form, and for the next 15 months, I reviewed the Amended and Second Amended Complaints for accuracy, garnered facts along with supporting documentation concerning the practices for Dental Consultants nationally and in the Illinois office. In addition, I provided the lawyers with information about my own claims, assisted in the discovery process, reviewed any documents that the lawyers sent to me (and generally the other plaintiffs), participated in group calls about the case arranged by the lawyers, communicated frequently with other plaintiffs about the case, and reviewed and discussed all documents related to the settlement. On the numerous occasions in which the lawyers asked me for information or requested us to review or sign documents, I responded promptly as requested. In all of this work, I kept in mind the need to advance the interests of other dental consultants, not just myself.

12. I responded to numerous emails from the lawyers and from other plaintiffs with information about the practices that I experienced. My emails concerned subjects such as my relationship with MetLife, training, MetLife's quality assurance reviews and quizzes, the timesheets I submitted, records of payments from MetLife, MetLife's dental consultant guidelines, and periodic meetings that MetLife arranged between management and consultants. All this work took countless hours.

13. I realize that, unlike non-Plaintiff class members, the other Plaintiffs and I are required under the Settlement Agreement in order to accept our awards to release virtually all of our claims against MetLife and related entities and individuals that arose prior to the date of preliminary approval of the Settlement (October 17, 2019) rather than only the types of claims

asserted in the Second Amended Complaint. I believe that I may have at least one viable claim arising out of MetLife's termination of my contract in 2019 that I am relinquishing. There may be other unknown claims as well. MetLife and the related entities and individuals are vast. I may be unaware of actions taken by one of the released entities or individuals prior to October 17 that have damaged me. This is a risk I am being asked to take by the settlement.

14. I worked closely with my attorneys to honor my fiduciary obligations that resulted in the successful resolution of this lawsuit. Below is a conservative summary of my efforts and a chronological time log of my work because my records and memory are not complete:

15. Jan 25, 2018: Spoke to Carol McNeely regarding lawsuit against MetLife for misclassification of dental consultants as independent contractors.

16. Jan 26, 2018: Read email from Carol McNeely regarding phone call and considered joining the lawsuit. She provided information about Stacey Gray and Cyrus Mehri and I reviewed their information online.

17. Feb 2, 2018: Read email from Carol McNeely about the MetLife complaint filed by her and read through the attached copy of the complaint.

18. Feb 2, 2018: Received and read over email forwarded from Scott Vlk that was sent from Carol McNeely regarding legal complaint has been filed against MetLife and to contact attorneys if we want to join.

19. Feb 2, 2018: Emailed Stacey Gray with few questions about joining the lawsuit and possible repercussions from MetLife.

20. Feb 5, 2018: Spoke to Stacey Gray regarding joining the case.

21. Feb 6, 2018: Read email from Stacey Gray regarding joining class action and becoming a class representative.

22. Feb 9, 2018: Emailed Stacey Gray regarding joining the class action and becoming a class representative. Asked about setting up a conference call for other dental consultants who had questions about the case.

23. Feb 10, 2018: Emailed Stacey Gray the copy of the email sent by Scott Vlk to other dental consultants on the panel informing them of the case and scheduled conference call with the attorneys to answer questions.

24. Feb 11, 2018: Read email from Joseph Conner, one of the dental consultants who planned to attend conference call.

25. Feb 11, 2018: Read email from Stacey Gray regarding upcoming conference call.

26. Feb 12, 2018: Read emails from dental consultants Janice Swain (Lee), Michele Arnold, Robert Wollman, Alan Prochot, Lawrence Tomazin, John Formeller, Sam Penta, Harold Wyckoff and Nadine Joy (hygienist) about upcoming conference call and questions they had for the attorneys. Compiled list of questions from the dental consultants to send to Stacey so it could be discussed during conference call.

27. Feb 13, 2018: Emailed Stacey Gray a list of questions from dental consultants to address on conference call.

28. Feb 13, 2018: Emailed a dental consultant who used to work for MetLife, Joseph Costa, regarding conference call.

29. Feb 14, 2018: Emailed Stacey Gray additional questions for conference call.

30. Feb 15, 2018: Read email from Mike Lieder regarding conference call about the case.

31. Feb 15, 2018: Participated on initial conference call.

32. Feb 26, 2018: Received and read over and signed retainer and faxed it to Stacey Gray.

33. Mar 5, 2018: Read and replied to email from Stacey Gray about joining the lawsuit as a class representative and possible repercussions from MetLife.

34. Mar 7, 2018: Spoke to Stacey Gray about the retainer agreement to becoming a class representative, signing of consent to join form and I asked about possible repercussions by MetLife and being terminated if I was to join the lawsuit.

35. Mar 7, 2018: Signed consent form and faxed it to Stacey Gray.

36. Mar 23, 2018: Read amended complaint draft 78 pages and replied to email.

37. Mar 24, 2018: Scanned and emailed copies of my contracts from 2008-2017 and 2014 Dental Consultant Manual.

38. Mar 25, 2018: Emailed documents to Mike Lieder and Stacey Gray regarding correspondence with Liz Rudow and how MetLife controlled the work performed by the dental consultants.

39. Mar 26, 2018: Read emails from George Bernhard, Deborah Joyce, Mike Lieder and Stacey Gray about needed corrections in the amended complaint.

40. Mar 27, 2018: Replied to email from Stacey Gray regarding training, time sheets, guidelines and meeting.

41. Mar 28, 2018: Read email from Carol McNeely with her responses to March 27 emails.

42. Apr 2, 2018: Read email from Mike Lieder about the amended complaint and read the attached filed copy of Amended Complaint.

43.     Apr 2, 2018: Read email from Mike Lieder sent to all dental consultants expressing interest in the case.

44.     Apr 5, 2018: Read email from Mike Lieder about part time consultants and their ability to join the lawsuit.

45.     Apr 16, 2018: Read email and replied to Stacey Gray about setting up a phone meeting on April 17, 2018.

46.     Apr 17, 2018: Spoke to Stacy Gray about amended complaint.

47.     May 6, 2018: Read email from Mike Lieder regarding second amended complaint draft.

48.     May 9, 2018: Read email from Mike Lieder about filing of the second amended complaint.

49.     Jun 1, 2018: Emailed Stacey Gray to see if there were any updates with the case.

50.     Jun 4, 2018: Read email from Stacey Gray regarding MetLife's written motion to dismiss lawsuit.

51.     July 4, 2018: Read email from Mike Lieder and attachments regarding Letter Motion for Conference concerning defendants and Letter response to motion addressed to Judge Crotty.

52.     July 27, 2018: Read email from Mike Lieder regarding Initial conference with Judge Crotty.

53.     Aug 24, 2018: Read email from Mike Lieder regarding holding a conference call on 8/29/18.

54.     Aug 28, 2018: Read email from Mike Lieder regarding a motion MetLife filed on 8/24/18.

7

55. Aug 29, 2018: Participated in conference call.

56. Sept 10, 2018: Read email from Stacey Gray about online access to MetLife's Plan Administrator.

57. Sept 12, 2018: Read email from Stacey Gray and attachment to head of Human Resources at MetLife, printed, signed, scanned and emailed signature page to Stacey Gray.

58. Oct 8, 2018: Read an email from Mike Lieder and attached four declaration forms. Printed, signed, scanned and emailed back.

59. Oct 18, 2018: Read and replied to Mike Lieder regarding date of birth and benefits from pension plan.

60. Oct 19, 2018: Read emails from Mike Lieder and Carol McNeely about the role of Dr. Mort Rennert, Dr. Dave Guarerra, and Liz Rudow at MetLife.

61. Oct 22, 2018: Read email and attachments from Stacey Gray regarding benefit plans. Printed, signed, scanned and emailed back.

62. Nov 26, 2018: Participated in a conference call about discovery.

63. Nov 29, 2018: Read and printed list of discovery items sent by Stacey Gray.

64. Nov 29, 2018: Read email for Stacey Gray on how to submit documents.

65. Nov 30, 2018: Copied, scanned and emailed MetLife Badge to counsel.

66. Nov 30, 2018: Emailed rate of pay for the years 2008-2018 to counsel.

67. Nov 30, 2018: Scanned and emailed contracts for the years 2008-2017 to counsel.

68. Nov 30, 2018: Scanned and emailed Dental License to counsel.

69. Nov 30, 2018: Provided 2015 Dental Training Manual.

70. Dec 1, 2018: Scanned and emailed MetLife Consulting Invoices for January-December 2016 to counsel.

71. Dec 1, 2018: Sent correspondence and emails about work hours, QA, quizzes, time tracker, special projects, port authority claims, pay incentives to counsel.

72. Dec 1, 2018: Scanned and emailed personal and corporate tax returns from 2008-2017.

73. Dec 1, 2018: Located, scanned and emailed 1099s from 2009-2017.

74. Dec 2, 2018: Sent Mike Lieder email with estimated overtime, rate of pay and total pay.

75. Dec 1, 2018: Read email from Stacey Gray, printed, signed, scanned and emailed back 4 letters to MetLife benefit plans.

76. Dec 20, 2018: Scanned and emailed letter to Stacey Gray RE: Claim for 401K benefits from MetLife.

77. Dec 20, 2018: Scanned and emailed letter RE: Metlife retirement plan.

78. Jan 4, 2019: Read email and attachments from Mike Lieder regarding interrogatories.

79. Jan 4, 2019: Completed interrogatories and emailed to counsel.

80. Jan 11, 2019: Read completed interrogatory document.

81. Jan 11, 2019: Scanned and emailed letter RE: ERISA claims under MetLife Benefit Plan.

82. Jan 13, 2019: Read email from Mike Lieder confirming receipt of my final draft of interrogatories.

83. Feb 22, 2019: Read email from Mike Lieder on update on developments, printed, signed, scanned and emailed ERISA appeal letter.

84. Mar 23, 2019: Read email regarding declaration for collective action, read, answered questions and emailed back.

85. Mar 27, 2019: Read email and attachment from Mike Lieder regarding Judge Crotty's Opinion and Order.

86. Apr 1, 2019: Read email regarding updated declaration from Lauren Nussbaum, signed and emailed back to Lauren.

87. Apr 2, 2019: Scanned and emailed counsel three letters that I received from MetLife for the ERISA appeals for MetLife Retirement Plan and MetLife Benefit Plan, and MetLife Benefit Plans-Requested Plan Documentation.

88. Apr 17, 2019: Read email from Stacey Gray with ERISA appeal letter to print, sign, scan and email back.

89. Apr 18, 2019: Scanned and emailed letter Re: ERISA appeal.

90. Jun 24, 2019: Read email from Mike Lieder regarding MetLife's willingness to discuss settlement.

91. Jun 26, 2019: Read, answered questions and emailed Stacey and counsel my statement of termination from MetLife.

92. Jun 27, 2019: Emailed some questions to Stacey Gray regarding termination of employment from MetLife.

93. Jul 1, 2019: Phone call with Stacey Gray regarding termination of employment from MetLife.

94. Jul 1, 2019: Resent answers to Stacey Gray's questions about termination from MetLife in a different format.

95. Jul 1, 2019: Conference call with counsel regarding settlement discussions.

96. Jul 12, 2019: Read email from Mike Lieder about settlement update and read 2 attachments.

97. Aug 2, 2019: Conference call to discuss settlement conference outcome.

98. Aug 15, 2019: Read email from Stacey Gray regarding Confidentiality and settlement discussions.

99. Sep 9, 2019: Read email from Mike Lieder regarding progress toward settlement.

100. Oct 3, 2019: Read email and 9 attachments form Mike Lieder regarding settlement.

101. Oct 4, 2019: Read Mike Lieder's email with my estimated settlement amount.

102. Oct 4, 2019: Conference call regarding settlement.

103. Oct 6, 2019: Emailed Mike Lieder to sign the settlement agreement for me.

104. Oct 15, 2019: Read and replied to email from Stacey Gray about preparing a declaration for service awards.

105. Oct 19, 2019: Read and replied to email from Stacey Gray about setting up a phone meeting and providing an itemized list of documents and correspondence in support of the requested service award.

106. Oct 20, 2019: Emailed Stacey Gray and counsel an itemized list of efforts and time spent to advance this case for myself and all the dental consultants at MetLife.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

_11/3/2019_
Date

_Shilpa Vlk_
Shilpa Vlk