# EXHIBIT 6

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CAROL McNEELY, *et al.*, | ) | Civil No. 1:18-cv-00885-PAC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **DECLARATION OF** |
| | ) | **GEORGE BERNHARD IN** |
| METROPOLITAN LIFE INSURANCE | ) | **SUPPORT OF PLAINTIFFS'** |
| COMPANY, *et al.*, | ) | **MOTION FOR SERVICE** |
| | ) | **AWARDS** |
| Defendants. | ) | |
| | ) | |

I, George Bernhard, declare upon personal knowledge and under penalty of perjury that the following is true and correct:

1. I opted in to the above-captioned lawsuit on March 15, 2018 and was named as a Class Representative in the Amended Complaint filed on March 30, 2018.

2. I am competent to give this declaration, which I do in support of Plaintiffs' Motion for Service Awards.

3. All of the statements in this declaration are made based on my personal knowledge and I could testify about this declaration in support of my service award in the amount of $15,000.00.

4. I worked for Metropolitan Life Insurance Co. ("MetLife") from February 1993 through February 2018 as a Dental Consultant. By the term "Dental Consultant," I mean a dentist or hygienist engaged by MetLife primarily to review claims for dental benefits submitted by persons insured by MetLife in order to make recommendations concerning whether MetLife should pay benefits on the claims.

5. I initially was reluctant to become a named plaintiff after Carol McNeely filed the lawsuit on February 1, 2018 out of fear that MetLife would retaliate against me because I've

1

observed MetLife behave in concerning ways since 1993. For example, in the past MetLife employees were terminated shortly after the company reassured them of job security.

6. Also, on November 1, 2017, MetLife reduced the hourly rates of all Dental Consultants by 10% even though we performed the same duties under both the Old and New Contracts. Despite the cut in compensation, most Dental Consultants continued to work for MetLife. This shows the economic power that MetLife has over the Dental Consultants.

7. I decided to retire from MetLife in February 2018 because of the 10% pay cut while knowing that securing other employment would be nearly impossible at my age. I'm 77 years-old. After serving in the Navy as a dentist for over 27 years, I then worked for MetLife for the next 25 years until my retirement.

8. Once I spoke with Plaintiffs' counsel, Stacey Gray, about my concerns involved in becoming a plaintiff, I resolved to become a Class Representative to recoup the money that MetLife owes me and other dental consultants.

9. After joining the case, I supplied the lawyers with information about my own claims, assisted in the discovery process, reviewed any documents that the lawyers sent to me (and generally the other plaintiffs), participated in group calls about the case arranged by the lawyers, communicated frequently with other plaintiffs about the case, and reviewed and discussed all documents related to the settlement. On the numerous occasions in which the lawyers asked me for information or requested us to review or sign documents, I responded promptly. In all of this work, I kept in mind the need to advance the interests of other dental consultants, not just myself.

10. I tried to benefit class members in other ways as well. For example, I contacted all of the dental consultants assigned to the panel in Rhode Island (which included persons

working from their homes in Connecticut, Rhode Island, Massachusetts, and Maine) in March, April and May of 2018. I spoke with each person for approximately 30 to 45 minutes, and all of them were too scared to join the lawsuit because they could not risk retaliation. Eventually, however, one of them, Sam Penta, joined the case. They need MetLife's income to sustain themselves and their families. Since I was the only participant in the case on the Rhode Island panel until the last few months of the case, I was able to provide indispensable information about the practices for dental consultants in that panel which benefitted me and my former colleagues.

11. I worked closely with my attorneys to honor my fiduciary obligations that resulted in the successful resolution of this lawsuit. I didn't keep a log that allows me to remember all the work I did on this case, but beyond what I have identified above, I remember the following:

    a. <u>Initial Period</u>. On February 15, 2018, I participated in a conference call with Plaintiffs' counsel to learn about the lawsuit. I then reviewed the Complaint. I communicated with the lawyers in mid-March that I had decided to join, and they sent me documents that I reviewed, signed and returned. In March 2018, I spent 6 to 8 hours reviewing old time sheets, invoices, notes from supervisors, duties as a dental consultant, different letters from MetLife over the years, personal notes, updated continuing legal education documentation, information about MetLife dinners at which MetLife gave updates, and old manual guidelines. Based partly on this document review, I talked with one of the lawyers and provided information about my circumstances and the Rhode Island panel. I reviewed a draft of the Amended Complaint and provided corrections. I then reviewed the final version of the Amended Complaint.

    b. <u>Discovery.</u> I reviewed requests from the lawyers for documents, reviewed my paper and computer files, and sent the lawyers every document that I could find that

3

was on their list. I also provided information from which they could estimate the amount of money to which I might be entitled for purposes of my initial disclosures. I then reviewed and approved a draft of the initial disclosures applicable to me. Later the lawyers drafted responses to interrogatories and document production requests that they sent to me. I reviewed those documents and provided any additional information that I could.

  c. <u>ERISA Claims.</u> The lawyers informed us that we should seek benefits through the employee benefit plan administrators. They sent us a letter requesting benefits and a second letter appealing the denial of the first benefit request. I reviewed, signed and returned both letters.

  d. <u>Motion for Conditional Certification.</u> The lawyers also drafted a motion for conditional certification of a FLSA collective action in 2018 and then a new version in 2019. I was asked to sign a declaration in support of each motion. Each time I reviewed the draft declarations prepared by the lawyers, discussed any corrections with them, and then signed and returned the declarations.

  e. <u>Settlement.</u> The lawyers discussed the proposed settlement with us in multiple emails and phone conferences. I read all the emails and participated in all the telephone conferences. When the lawyers sent documents to review, I reviewed them. I concluded that the settlement was fair for me and the other Dental Consultants, and in a phone call and email authorized the lawyers to sign the Settlement Agreement on my behalf.

  f. <u>Other communications</u>. The list above does not contain all the communications and requests for information from the lawyers. They regularly updated

me and the other Plaintiffs on developments in the case and sometimes requested information from us. To the best of my knowledge I read every email, participated in every telephone conference, and provided information whenever requested.

12. I realize that, unlike non-Plaintiff class members, the other Plaintiffs and I are required under the Settlement Agreement in order to accept our awards to release virtually all of our claims against MetLife and related entities and individuals that arose prior to the date of preliminary approval of the Settlement (October 17, 2019) rather than only the types of claims asserted in the Second Amended Complaint. Although I now am unaware of any such claims, that does not mean that there are none. MetLife and the related entities and individuals are vast. I may be unaware of actions taken by one of the released entities or individuals prior to October 17 that have damaged me. This is a risk I am being asked to take by the settlement.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

November 2, 2019
Date

George Bernhard