# EXHIBIT 10

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CAROL McNEELY, *et al.*, | ) | Civil No. 1:18-cv-00885-PAC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **DECLARATION OF** |
| | ) | **SCOTT VLK IN** |
| METROPOLITAN LIFE INSURANCE | ) | **SUPPORT OF PLAINTIFFS'** |
| COMPANY, *et al.*, | ) | **MOTION FOR SERVICE** |
| | ) | **AWARDS** |
| Defendants. | ) | |
| | ) | |

I, Scott Vlk, declare upon personal knowledge and under penalty of perjury that the following is true and correct:

1. I opted in to the above-captioned lawsuit on March 15, 2018 and was named as a Class Representative in the Amended Complaint filed on March 30, 2018.

2. I am competent to give this declaration, which I do in support of Plaintiffs' Motion for Service Awards.

3. All statements in this declaration are made based on my personal knowledge and I could testify about this declaration in support of my service award in the amount of $15,000.00.

4. I have worked for Metropolitan Life Insurance Co. ("MetLife") from 2011 until June 2019 as a Dental Consultant. By the term "Dental Consultant," I mean a dentist or hygienist engaged by MetLife primarily to review claims for dental benefits submitted by persons insured by MetLife in order to make recommendations concerning whether MetLife should pay benefits on the claims.

5. Prior to November 1, 2017, MetLife paid me at a rate of $42 per hour. However, on November 1, 2017, MetLife reduced the hourly rates of all Dental Consultants by 10%, even though we performed essentially the same duties under both the old and new Contracts. Despite

the cut in compensation, most Dental Consultants have continued to work for MetLife. This shows the economic power that MetLife has over the Dental Consultants.

6. In fall 2017, when MetLife notified the Dental Consultants that our hourly rates would be reduced by 10%, I saw that the new contract also contained lots of new language. As a result, I thought that the Dental Consultants needed to hire an attorney to determine our rights and options. I began contacting other Dental Consultants to join me in request a delay in the deadline to sign the 2017 contracts pending our consultation with counsel. Unfortunately, MetLife denied that request, telling us to either sign the new contract or terminate our relationship with MetLife.

7. I was very concerned and scared about joining this case as a Class Representative because I knew MetLife could terminate my contract at any time, without having to give any reason, and I was worried that MetLife would terminate my contract if I associated my name with this case. I spoke with other Dental Consultants on my panel who shared the same fear about our lack of employment security given our status as independent contractors. In addition, one Dental Consultant, who had previously worked with another insurance company, informed me that dental consultants' contracts at that company were terminated when the company learned that the consultants were considering litigating similar claims as the claims raised in this lawsuit. I had numerous conversations with other Dental Consultants, and everyone was scared to sue MetLife. I wanted to at least speak with counsel to consider our options, and encouraged the other Dental Consultants to join me. I worked closely with Carol McNeely, the original plaintiff in this case, who initially contacted Stacey Gray.

8. After joining the case, I worked closely with my attorneys to honor my fiduciary obligations that resulted in the successful resolution of this lawsuit. I participated in a conference call with Plaintiffs' counsel to learn about the lawsuit. I then reviewed the Complaint. I

communicated with the lawyers in mid-March that I had decided to join, and they sent me documents that I reviewed, signed and returned. I reviewed old time sheets, invoices, notes from supervisors, duties as a Dental Consultant, different letters from MetLife over the years, personal notes, updated continuing legal education documentation, information about MetLife dinners at which MetLife gave updates, and old manual guidelines.

9. Based partly on this document review, I talked with one of the lawyers and provided information about my circumstances and the Illinois panel. I reviewed a draft of the Amended Complaint and provided corrections. I then reviewed the final version of the Amended Complaint. I reviewed requests from the lawyers for documents, reviewed my paper and computer files, and sent the lawyers every document that I could find that was on their list. I also provided information from which they could estimate the amount of money to which I might be entitled for purposes of my initial disclosures. The lawyers informed us that we should seek benefits through the employee benefit plan administrators. They sent us a letter requesting benefits, which I reviewed, signed and returned. The list above does not contain all the communications and requests for information from the lawyers. They regularly updated me and the other Plaintiffs on developments in the case and sometimes requested information from us. To the best of my knowledge I read every email, participated in every telephone conference, and provided information whenever requested. Although I withdrew from the case on December 4, 2018 upon learning that my potential recovery was minimal because I did not have overtime or limited overtime after the attorneys reviewed my invoices, I still was committed to helping the class.

10. I realize that, unlike non-Plaintiff class members, the other Plaintiffs and I are required under the Settlement Agreement in order to accept our awards to release virtually all of our claims against MetLife and related entities and individuals that arose prior to the date of

preliminary approval of the Settlement (October 17, 2019) rather than only the types of claims asserted in the Second Amended Complaint. Although I now am unaware of any such claims, that does not mean that there are none. MetLife and the related entities and individuals are vast. I may be unaware of actions taken by one of the released entities or individuals prior to October 17 that have damaged me. This is a risk I am being asked to take by the settlement.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 11/5/19 | *Scott Vlk* (signature) |
| Date | Scott Vlk |