# EXHIBIT 12

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CAROL McNEELY, *et al.*, | ) | Civil No. 1:18-cv-00885-PAC |
| Plaintiffs, | ) | |
| v. | ) | **DECLARATION OF ROLAND HOGG IN SUPPORT OF PLAINTIFFS' MOTION FOR SERVICE AWARDS** |
| METROPOLITAN LIFE INSURANCE COMPANY, *et al.*, | ) | |
| Defendants. | ) | |

I, Roland Hogg, declare upon personal knowledge and under penalty of perjury that the following is true and correct:

1. I opted in to the above-captioned lawsuit on July 1, 2019 and was named as a Class Representative.

2. I am competent to give this declaration, which I do in support of Plaintiffs' Motion for Service Awards.

3. All statements in this declaration are made based on my personal knowledge and I could testify about this declaration in support of my service award in the amount of $5,000.00.

4. I have worked for Metropolitan Life Insurance Co. ("MetLife") from January 2002 as a Dental Consultant. By the term "Dental Consultant," I mean a dentist or hygienist engaged by MetLife primarily to review claims for dental benefits submitted by persons insured by MetLife in order to make recommendations concerning whether MetLife should pay benefits on the claims.

5. MetLife initially paid me at a rate of $40 per hour. Over the years, my rate increased to $50 per hour. However, on November 1, 2017, MetLife reduced the hourly rates of all Dental Consultants by 10%, even though we performed essentially the same duties under both the old and new Contracts. As a result, I was making $45 per hour when I left MetLife in May of

1

2018. Despite the cut in compensation, most Dental Consultants have continued to work for MetLife. This shows the economic power that MetLife has over the Dental Consultants.

6. I was very concerned about initially joining this case as a Class Representative because I knew MetLife could terminate my contract at any time, without having to give any reason, and I was worried that MetLife would terminate my contract if I associated my name with this case. At the time of the lawsuit, I was employed on a full-time basis with MetLife. I was worried about retaliation from MetLife and I could not afford to give MetLife any reason to terminate my contract.

7. In May 2018, I terminated my contract with MetLife because I accepted an offer of employment from Cigna, where I began to work in June 2018 as a full-time employee. With that classification, I have enjoyed a panoply of employee benefits, such as medical, dental, and vision insurance, a 401(k) plan, and paid holidays. My job duties for Cigna are essentially the same as my prior job duties for MetLife: I provide my professional opinion regarding the necessity for dental work and whether a claim should be paid. Once I joined Cigna, I no longer feared retaliation from MetLife and thus felt comfortable joining this lawsuit.

8. After joining the case, I supplied the lawyers with information about my own claims, reviewed any documents that the lawyers sent to me (and generally the other plaintiffs), participated in group calls about the case arranged by the lawyers, communicated frequently with other plaintiffs about the case, and reviewed and discussed all documents related to the settlement. On the numerous occasions in which the lawyers asked me for information or requested us to review or sign documents, I responded promptly. I also shared information with my attorneys about my employment with Cigna and how it compared to my work as a Dental Consultant with MetLife. The attorneys drafted a declaration regarding this comparison, which I reviewed and

2

signed in July 2019 after I joined this case. That declaration was filed as part of the motion for conditional certification. In all of this work, I kept in mind the need to advance the interests of other Dental Consultants, not just myself.

9. The lawyers discussed the proposed settlement with us in multiple emails and phone conferences. I read all the emails and documents and participated in all the telephone conferences related to the settlement. I concluded that the settlement was fair for me and the other Dental Consultants, and in a phone call and email authorized the lawyers to sign the Settlement Agreement on my behalf.

10. I realize that, unlike non-Plaintiff class members, the other Plaintiffs and I are required under the Settlement Agreement in order to accept our awards to release virtually all of our claims against MetLife and related entities and individuals that arose prior to the date of preliminary approval of the Settlement (October 17, 2019) rather than only the types of claims asserted in the Second Amended Complaint. Although I now am unaware of any such claims, that does not mean that there are none. MetLife and the related entities and individuals are vast. I may be unaware of actions taken by one of the released entities or individuals prior to October 17 that have damaged me. This is a risk I am being asked to take by the settlement.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

_November 4, 2019_
Date

_Roland Hogg DMD._
Roland Hogg