# EXHIBIT 13

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CAROL McNEELY, *et al.*, | ) | Civil No. 1:18-cv-00885-PAC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **DECLARATION OF** |
| | ) | **SAMUEL PENTA IN** |
| METROPOLITAN LIFE INSURANCE | ) | **SUPPORT OF PLAINTIFFS'** |
| COMPANY, *et al.*, | ) | **MOTION FOR SERVICE** |
| | ) | **AWARDS** |
| Defendants. | ) | |
| | ) | |

I, Samuel Penta, declare upon personal knowledge and under penalty of perjury that the following is true and correct:

1. I opted in to the above-captioned lawsuit on May 13, 2019.

2. I am competent to give this declaration, which I do in support of Plaintiffs' Motion for Service Awards.

3. All statements in this declaration are made based on my personal knowledge and I could testify about this declaration in support of my service award in the amount of $5,000.00.

4. I have worked for Metropolitan Life Insurance Co. ("MetLife") since January 1998 as a Dental Consultant. By the term "Dental Consultant," I mean a dentist or hygienist engaged by MetLife primarily to review claims for dental benefits submitted by persons insured by MetLife in order to make recommendations concerning whether MetLife should pay benefits on the claims.

5. Before November 2017, MetLife paid me at a rate of $57.00 per hour. However, on November 1, 2017, MetLife reduced the hourly rates of all Dental Consultants by 10%, even though we performed essentially the same duties under both the old and new Contracts. As a result, I am currently making $51.30 per hour. Despite the cut in compensation, most Dental

Consultants, like myself, have continued to work for MetLife. This shows the economic power that MetLife has over the Dental Consultants.

6. I was very concerned about joining this case as a Class Representative because I knew MetLife could terminate my contract at any time, without having to give any reason, and I was worried that MetLife would terminate my contract if I associated my name with this case. My fears about retaliation recently increased. Unlike most Dental Consultants, I have not yet received an offer of a new contract for the upcoming year. This concerns me because it leads me to believe that MetLife will not be renewing my contract at all as a result of my joining this lawsuit.

7. I am 72 years old and retired from practicing dentistry ten years ago. Given my age and the fact that I have not been a practicing dentist for ten years, it will be very difficult for me to replace my income from MetLife if my contract is not renewed. This is particularly true because very few companies employ dental consultants, and even few allow consultants to work remotely, as MetLife does. My wife passed away five years ago, and I have three grandchildren that I help to support because two of my daughters have mental health and substance addiction issues.

8. I did not join this lawsuit at its inception in early 2018 because other Dental Consultants told me that I would need to pay my attorney up front in order to join. I did not realize this information was incorrect until spring of 2019. Once I learned that I did not have to pay the attorneys, I decided to join the lawsuit.

9. After joining the case, I worked closely with my attorneys to honor my fiduciary obligations that resulted in the successful resolution of this lawsuit. I supplied the lawyers with information about my own claims, participated in group calls about the case arranged by the lawyers, and communicated frequently with other plaintiffs about the case. The lawyers regularly

updated me and the other Plaintiffs on developments in the case and sometimes requested information from us. To the best of my knowledge I read every email, participated in every telephone conference, and promptly provided information whenever requested. In all of this work, I kept in mind the need to advance the interests of other Dental Consultants, not just myself.

10. The lawyers discussed the proposed settlement with us in multiple emails and phone conferences. I read all the emails and documents and participated in all the telephone conferences related to the settlement. I concluded that the settlement was fair for me and the other Dental Consultants, and in a phone call and email authorized the lawyers to sign the Settlement Agreement on my behalf.

11. I realize that, unlike non-Plaintiff class members, the other Plaintiffs and I are required under the Settlement Agreement in order to accept our awards to release virtually all of our claims against MetLife and related entities and individuals that arose prior to the date of preliminary approval of the Settlement (October 17, 2019) rather than only the types of claims asserted in the Second Amended Complaint. Although I now am unaware of any such claims, that does not mean that there are none. MetLife and the related entities and individuals are vast. I may be unaware of actions taken by one of the released entities or individuals prior to October 17 that have damaged me. This is a risk I am being asked to take by the settlement.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

___11/4/19___
Date

_Samuel Penta_ (signature)
Samuel Penta