UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
CAROL McNEELY, SHILPA VLK, :
GEORGE K. BERNHARD, and DEBORAH :
JOYCE, :
 :
on behalf of themselves and all others :
similarly situated, :
 :
and :
 :
DAVID T. RUDZIEWICZ, FREDERICK :
DEMAIO, DONNA R. KOBIELSKI, :
DONNA MOLTA, NADINE JOY, :
SAMUEL PENTA, and ROLAND HOGG, :
 :
          Opt-In Plaintiffs, : **1:18-CV-00885-PAC**
 :
          -against- : *Electronically Filed*
 :
METROPOLITAN LIFE INSURANCE :
COMPANY, METROPOLITAN LIFE :
RETIREMENT PLAN FOR UNITED STATES :
EMPLOYEES, SAVINGS AND INVESTMENT :
PLAN FOR EMPLOYEES OF METROPOLITAN :
LIFE AND PARTICIPATING AFFILIATES, :
METLIFE OPTIONS & CHOICES PLAN, and :
WELFARE BENEFITS PLAN FOR EMPLOYEES :
OF METROPOLITAN LIFE AND :
PARTICIPATING AFFILIATES, :
 :
          Defendants. :
------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND COLLECTIVE
AND FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

    I.      FACTUAL AND PROCEDURAL BACKGROUND FOLLOWING PRELIMINARY APPROVAL ........................................................................ 2

    II.     STANDARD OF REVIEW ........................................................................... 4

    III.    FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE ........................... 4

        A.     The Settlement Meets the Legal Standard for Class Certification .............. 5

        B.     The Settlement Meets the Legal Standard for Final Certification of the FLSA Collective Action ............................................................... 9

        C.     Notice to the Class Was Appropriate and Complied with Due Process ... 11

        D.     The Settlement Is Substantively Fair, Reasonable, and Adequate ............ 13

CONCLUSION .................................................................................................................. 14

Certificate of Service ........................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Azogue v. 16 for 8 Hospitality LLC*,
  No. 13-cv-7899, 2016 U.S. Dist. LEXIS 111134 (S.D.N.Y. Aug. 19, 2016) ............................ 10

*Beach v. JPMorgan Chase Bank, N.A.*,
  2019 U.S. Dist. LEXIS 97946 (S.D.N.Y. June 11, 2019) ............................................................. 8

*City of Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974) ........................................................................................................ 13

*Clark v. Ecolab Inc.*,
  No. 07 Civ. 8623, 2009 U.S. Dist. LEXIS 108736 (S.D.N.Y. Nov. 17, 2009) ........................... 4

*Dodona I, LLC v. Goldman, Sachs & Co.*,
  296 F.R.D. 261 (S.D.N.Y. 2014) ............................................................................................. 8, 9

*Duchene v. Michael L. Cetta, Inc.*,
  244 F.R.D. 202 (S.D.N.Y. 2007) ................................................................................................. 6

*Goldberg v. Integrated Res., Inc.*,
  209 F.3d 43 (2d Cir. 2000) ......................................................................................................... 13

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
  No. 02 MDL 1484 (JFK), 2007 U.S. Dist. LEXIS 9450 (S.D.N.Y. Feb. 1, 2007) .................... 11

*Joel A. v. Giuliani*,
  218 F.3d 132 (2d Cir. 2000) ......................................................................................................... 4

*Julian v. MetLife, Inc.*,
  298 F. Supp. 3d 699 (S.D.N.Y. 2018) ........................................................................................ 10

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ................................................................................................. 7

*Kelen v. World Fin. Network Nat'l Bank*,
  302 F.R.D. (S.D.N.Y. 2014) ........................................................................................................ 4

*Local 1180, Commc'ns Workers of Am. v. City of New York*,
  392 F. Supp. 3d 361 (S.D.N.Y. 2019) ......................................................................................... 4

*Marsh ERISA Litig.*,
  265 F.R.D. 128 (S.D.N.Y. 2010) ................................................................................................. 7

*Marshall v. Hyundai Motor Am.*,
  No. 12 Civ. 3072, 2019 U.S. Dist. LEXIS 103764 (S.D.N.Y. June 14, 2019) ........................... 7

*Maywalt v. Parker & Parsley Petroleum Co.*,
  67 F.3d 1072 (2d Cir. 1995) .................................................................................................. 4

*Penthouse Exec. Club Comp. Litig.*,
  No. 10-1145(NRB), 2010 U.S. Dist. LEXIS 114743 (S.D.N.Y. Oct. 27, 2010) ...................... 10

*Salomon v. Adderley Indus.*,
  847 F. Supp. 2d 561 (S.D.N.Y. Mar. 6, 2012) ...................................................................... 10

*Trinidad v. Breakaway Courier Sys., Inc.*,
  No. 05 Civ. 4116, 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. Jan. 12, 2007) .............................. 7

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ................................................................................................................ 6

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
  396 F.3d 96 (2d Cir. 2005) ...................................................................................................... 4

*Weigner v. City of New York*,
  852 F.2d 646 (2d Cir. 1988) .................................................................................................. 11

*Yuzary v. HSBC Bank USA, N.A.*,
  No. 12 Civ. 3693, 2013 U.S. Dist. LEXIS 144327 (S.D.N.Y. Oct. 2, 2013) .................. 7, 8, 9

**Statutes**

28 U.S.C. § 1715(d) ......................................................................................................................... 2
29 U.S.C. § 201 *et seq.*............................................................................................................... 1, 9
29 U.S.C. § 216(b) ..................................................................................................... 4, 10, 11, 14
29 U.S.C. §§ 1001 *et seq.*........................................................................................................... 14

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ 4, 5, 10
Fed. R. Civ. P. 23(a) ................................................................................................................ 6, 8
Fed. R. Civ. P. 23(a)(4) ................................................................................................................ 8
Fed. R. Civ. P. 23(b) .................................................................................................................... 6
Fed. R. Civ. P. 23(b)(3) ....................................................................................................... 5, 6, 9
Fed. R. Civ. P. 23(e) .................................................................................................................... 5

# INTRODUCTION

Subject to the Court's final approval, Plaintiffs Carol McNeely, Shilpa Vlk, George K. Bernhard, and Deborah Joyce, and Opt-In Plaintiffs David T. Rudziewicz, Frederick Demaio, Donna R. Kobielski, Donna Molta, Nadine Joy, Samuel Penta, and Roland Hogg (collectively, "Plaintiffs") and Defendants Metropolitan Life Insurance Company, MetLife Retirement Plan, MetLife 401(K) Plan, MetLife Options and Choices Plan, and MetLife Welfare Benefits Plan (collectively, "MetLife" or "Defendants"),[1] have settled this class and collective action on behalf of 121 individuals.[2] The proposed settlement satisfies the criteria for final approval under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Plaintiffs request that this Court (1) finally approve the Settlement Agreement, attached as Exhibit A to Plaintiffs' motion for preliminary approval, ECF No. 111-1; (2) certify the proposed class and collective for settlement purposes only; (3) confirm Settlement Services, Inc. ("SSI") as the Claims Administrator; (4) authorize distributions from the Settlement Fund; and (5) dismiss the case with prejudice upon the Effective Date subject to the Court's continuing jurisdiction to enforce the Settlement Agreement and supervise the distribution of the settlement fund. As discussed below, no member of the class has filed an objection to the settlement and only one class member has opted out. Although MetLife denies the allegations in the Complaint, MetLife supports final approval of the settlement.

---

[1] The entities were incorrectly named in the Complaint as Metropolitan Life Retirement Plan for United States Employees, Savings and Investment Plan for Employees of Metropolitan Life and Participating Affiliates, MetLife Options & Choices Plan, and Welfare Benefits Plan for Employees of Metropolitan Life and Participating Affiliates.

[2] The Settlement Agreement establishes a settlement amount of $3,390,000 for the original 118 participants. Four additional class members were subsequently identified, and five other participants will receive slightly higher settlement amounts based on new data that was located. The Parties have agreed on the amounts these nine individuals would receive (the aggregate amount is under $20,000) if the Settlement is approved. The only remaining issue is whether those payments should come from the $3,390,000 settlement fund or be paid by MetLife in addition. The parties have agreed to submit, by January 14, 2020, two-page letters to the mediator, Hunter Hughes, with their positions. Mr. Hughes' decision will be binding. The parties expect Mr. Hughes would rule before the end of January 2020 so that the Claims Administrator can timely distribute all moneys.

**I.     FACTUAL AND PROCEDURAL BACKGROUND FOLLOWING PRELIMINARY APPROVAL[3]**

On October 17, 2019, the Court took the first step in the settlement approval process by granting preliminary approval, appointing Mehri & Skalet, PLLC and Stacey Gray PC provisionally as class counsel, directing that notice be mailed to Class Members, and setting the date for the final fairness hearing. ECF No. 116. That same day, MetLife sent notices to federal and state authorities required by the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1715(d). The 90-day CAFA notice period concludes on January 15, 2010. The Claims Administrator sent Court-approved notices to all class members identified as of November 7, 2019. Patton Decl. ¶ 5. The notice informed recipients of the terms of the settlement, the monetary relief, the allocation formula, and their right to opt out of or object to the settlement, as well as of Class Counsel's intention to seek service awards for the Plaintiffs, attorneys' fees in the amount of up to $1,260,000, and their out-of-pocket expenses. Ex. A to Patton Decl. (Notice).

Subsequently, the Claims Administrator re-sent copies of the notice to Class Members for whom the original notice was returned as undeliverable and the Claims Administrator, MetLife, or Plaintiffs were able to locate an updated or additional address. Patton Decl. ¶¶ 6, 7. SSI also emailed the notice to all but one person for whom the original mailing was returned as non-deliverable. *Id.* ¶ 6. In addition, four persons who were not on the original list of class members were sent the notice as revised pursuant to Court Order. *See* Patton Decl. ¶ 8; *see also* Letter Motion, ECF No. 123. The success of the notice campaign is shown by the fact that 90 Plaintiffs and class members, almost 75% of the class, have personally reached out to the Claims

---

[3] Plaintiffs respectfully refer the Court to Sections I and II of their memorandum of law in support of their motion for preliminary approval, ECF No. 111-7, for the summary of the settlement agreement and the factual and procedural background of this case up to preliminary approval.

Administrator or Class Counsel about the settlement. *See* Patton Decl. ¶ 7; Supp. Lieder Decl. ¶ 4.

The notice also informed class members that within 20 days after it was mailed Plaintiffs would file a motion for service awards and Class Counsel would file a motion for attorneys' fees and expenses, and that both filings and subsequent briefing on the motions would be available on a website created by the Claims Administrator with information about the settlement, www.dentalconsultantscase.com. The motions were filed on November 6, 2019, ECF Nos. 119–20; MetLife opposed the service awards motion on November 20, 2019, ECF No. 121; and Plaintiffs filed their reply on November 26, 2019, ECF No. 122. The Claims Administrator promptly posted all filings on the website. Patton Decl. ¶ 4.[4]

Finally, the notice informed class members that they had until December 23, 2019 to object or opt out, except for the four persons who received the supplemental notice, who were given until January 7, 2020. No class members objected to the settlement, including the motion for service awards and the motion for attorneys' fees and expenses. Patton Decl. ¶ 11. Only one Rule 23 class member opted out of the settlement. Patton Decl. ¶ 10; Ex. B to Patton Decl. (Letter from Leonard Swimmer, D.D.S., to MetLife Claims Administrator (Dec. 6, 2019)). With such an effective notice campaign and overwhelming support from class members, and for the other reasons stated below, the Court should grant final approval.

---

[4] When the motion for attorneys' fees was filed, Class Counsel had performed work with a lodestar value of about $1,625,000. Through December 31, 2019, Class Counsel performed additional work with a value of about $158,000, bringing the total to about $1,783,000, about 52% more than the $1,167,952 in fees that they are seeking. Supp. Lieder Decl. ¶ 5; Supp. Gray Decl. ¶ 4. The additional work has been primarily in connection with: completing the motion for preliminary approval; preparing the motion for service awards, the motion for fees and expenses, and this final approval motion, along with the documents supporting all three motions; responding to the questions and issues raised by Plaintiffs and about 40 class members; and dealing with other issues that arose during the settlement process. Supp. Lieder Decl. ¶ 6; Supp. Gray Decl. ¶¶ 5-11.

## II. STANDARD OF REVIEW

The trial court has discretion to approve a proposed class action settlement. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995); *Kelen v. World Fin. Network Nat'l Bank*, 302 F.R.D. 56 (S.D.N.Y. 2014). There is a "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). Courts should defer "to the private consensual decision of the parties . . . [and] should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, 2009 U.S. Dist. LEXIS 108736, at *14 (S.D.N.Y. Nov. 17, 2009) (Crotty, J.) (internal quotation marks and citations omitted). In light of this policy, this court should approve this settlement because it is "fair, adequate, and reasonable, and not a product of collusion." *Local 1180, CommCommc'ns Workers of Am. v. City of New York*, 392 F. Supp. 3d 361, 374 (S.D.N.Y. 2019) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000)).

## III. FINAL APPROVAL OF THE SETTLEMENT IS APPROPRIATE

The Court should finally approve the Settlement because, for reasons largely set out in Plaintiffs' memorandum in support of preliminary approval, ECF No. 111-7, the proposed class satisfies all requirements for certification under Fed. R. Civ. P. 23, the proposed collective satisfies the requirements for certification under 29 U.S.C. § 216(b), the notice was disseminated in accordance with the process approved by the Court and the evidence indicates that all or substantially all class members received notice, and the proposed settlement not only is substantively "fair, reasonable, and adequate," but no class member has expressed any objections to its provisions. In addition, the evidence concerning notice shows that SSI has responsibly performed its duties as the Claims Administrator and should be confirmed in that role. Finally, if the Court does finally approve the Settlement, it should also dismiss the case with prejudice upon

the Effective Date subject to the Court's continuing jurisdiction to enforce the Settlement Agreement and supervise the distribution of the settlement fund. The Effective Date will likely be 30 days after entry of a final Order approving the Settlement as no class member objected to the Settlement and, thus, none has standing to appeal.

Accompanying this motion is a proposed Order to which the Parties have agreed that incorporates each of the elements associated with final approval. It contains blanks for the amounts of attorneys' fees and expenses and for service awards, all of which are subject to pending motions and briefing. *See* ECF No. 119 (motion for service awards and supporting documents); 120 (motion for attorneys' fees and expenses and supporting documents); ECF No. 121 (MetLife's opposition to motion for service awards); ECF No. 122 (reply in support of service awards). Class Counsel has supplemented its motion for fees and expenses with two declarations (from Michael Lieder and Stacey Gray) setting out their work since its prior submissions, as described in greater detail in footnote 4 above. MetLife joins Plaintiffs in asking that the Court determine the amounts to be awarded in fees, expenses, and service awards, then enter the proposed Order or a substantially similar Order and resolve this litigation.

### A. The Settlement Meets the Legal Standard for Class Certification

On October 17, 2019, the Court preliminarily certified the settlement class. The Court should now grant final certification because the settlement meets all the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). Plaintiffs respectfully request that the Court certify the Rule 23 Class under Rule 23(b)(3) and 23(e) solely for purposes of effectuating the settlement.

The proposed class consists of dental consultants who performed services for MetLife "(a) in Illinois at any time between February 1, 2008 and July 31, 2019 or (b) anywhere else in the United States at any time between February 1, 2012 and July 31, 2019." Settlement Agreement, ECF No. 111-1, § 1.4. As summarized below and as discussed in further detail in

Plaintiffs' memorandum of law in support of their motion for preliminary approval, ECF No. 111-7, the Class meets all the requirements for class certification for settlement purposes, and MetLife does not oppose provisional certification for settlement purposes only. *Id.* § 2.3(A).

Under Rule 23(a), a class action may be maintained if all the prongs of Rule 23(a) are met, as well as one of the prongs of Rule 23(b). Rule 23(a) requires that:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b)(3) requires the court to find that "questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The settlement class meets each of these requirements.

*Numerosity.* The settlement class easily satisfies the numerosity requirement because there are 121 members, about 85% of whom are located outside this jurisdiction. Patton Decl. ¶ 9; *see Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202, 203 (S.D.N.Y. 2007) (Crotty, J.) (holding that proposed class with "more than 180 members" satisfied numerosity partly because "a number of the proposed class members now live outside the New York metropolitan area").

*Commonality.* Commonality requires that the claims in a case raise questions of law or fact common to the class, but does not require that every issue of law or fact be identical with respect to each class member. Instead, "even a single common question will do." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (internal citation and quotation marks omitted).

This case involves what Plaintiffs believe to be an overarching common issue: whether MetLife misclassified Dental Consultants as independent contractors rather than as employees

6

for purposes of ERISA and the state labor laws in the states where Dental Consultants work. Other issues Plaintiffs contend to be common include, but are not limited to: (1) whether the Dental Consultants were eligible as common law employees to participate in MetLife's benefit plans; (2) whether the dentist Dental Consultants acted as dentists in reviewing claims for MetLife; (3) whether MetLife acted willfully or in reckless disregard of the state labor statutes in allegedly misclassifying Dental Consultants as independent contractors. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 U.S. Dist. LEXIS 144327, at *8–9 (S.D.N.Y. Oct. 2, 2013) (commonality satisfied because "whether Defendants misclassified them as exempt employees [and] failed to pay them overtime wages in violation of state wage and hour laws" were common issues of fact and law); *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 142–43 (S.D.N.Y. 2010) ("By their very nature, ERISA actions often present common questions of law and fact, and are therefore frequently certified as class actions."). Hence, the commonality requirement is satisfied here.

*Typicality.* "Typicality is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marshall v. Hyundai Motor Am.*, No. 12 Civ. 3072, 2019 U.S. Dist. LEXIS 103764, at *36 (S.D.N.Y. June 14, 2019) (quoting *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 378–79 (S.D.N.Y. 2015)). Courts evaluate typicality "with reference to the company's actions, not with respect to particularized defenses it might have against certain class members." *Trinidad v. Breakaway Courier Sys., Inc.*, No. 05 Civ. 4116, 2007 U.S. Dist. LEXIS 2914, at *15 (S.D.N.Y. Jan. 12, 2007). The Plaintiffs' claims arise from the same factual and legal circumstances as do the class members' claims. MetLife classified the Plaintiffs and other Dental Consultants as independent contractors, exempt from overtime and ERISA benefits, pursuant to the same alleged company policy and pattern or practice. Plaintiffs shared the same

7

job title, are alleged to have had the same or similar job duties, and signed the same contracts as the other Dental Consultants. Plaintiffs also claim the same injuries as other Dental Consultants—that MetLife failed to properly pay them for alleged overtime hours worked, pay them on the schedules required by law for employees, and provide them with employee benefits under plans governed by ERISA. Accordingly, the typicality requirement is satisfied here.

*Adequacy.* Rule 23(a)(4) requires class representatives and their counsel to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Class representatives can meet this requirement "if they (1) 'have an interest in vigorously pursuing the claims of the class'; and (2) 'have no interests antagonistic to the interests of other class members.'" *Beach v. JPMorgan Chase Bank, N.A.*, No. 17-CV-563 (JMF), 2019 U.S. Dist. LEXIS 97946, at *26–27 (S.D.N.Y. June 11, 2019) (citation omitted). Plaintiffs do not have interests antagonistic to other class members' interests. *See Yuzary*, 2013 U.S. Dist. LEXIS 144327, at 10 (finding adequacy requirement satisfied "because there is no evidence that the Plaintiffs' and the class members' interests are at odds"). They also have vigorously pursued the Class's claims by participating in the preliminary investigation and discovery and supporting the Settlement.

Rule 23(a)(4) also requires that class counsel be "qualified, experienced, and generally able to conduct the proposed litigation." *Dodona I, LLC v. Goldman, Sachs & Co.*, 296 F.R.D. 261, 268 (S.D.N.Y. 2014). The lawyers here have substantial relevant experience, Mehri & Skalet, PLLC in employment class actions and Stacey Gray in wage and hour law and labor and employment matters more generally. The quality of their filings throughout the litigation and their negotiation of the Settlement testify to their competence and the zealousness of their representation in this case.

In sum, all four requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy – are satisfied here.

*Predominance and Superiority*. Rule 23(b)(3) requires that common questions of law or fact "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, the issue of whether MetLife misclassified the Dental Consultants as independent contractors, thereby depriving them of the protections and benefits of ERISA and the state labor laws, as well as the other legal and factual issues believed by the Plaintiffs to be common, predominate over any individual factual or legal issues. *See Yuzary*, 2013 U.S. Dist. LEXIS 144327, at *11 ("Plaintiffs' common factual allegations and a common legal theory—that Defendants violated federal and state wage and hour laws by misclassifying Plaintiffs as exempt administrative employees and failing to pay them for premium overtime hours—predominate over any factual or legal variations among class members.").

"The Superiority Requirement asks courts to balance, in terms of fairness and efficiency, the advantages of a class action against those of alternative available methods of adjudication." *Dodona I*, 296 F.R.D. at 271. The manageability of a class action is not a concern because a settlement has been negotiated. Resolving the common issues stated above in a class settlement is far superior to individual proceedings, which could lead to inconsistent judgments regarding the same MetLife policies and practices. Plaintiffs are unaware of any individual actions filed by Dental Consultants, and it is unlikely that they would have an interest in doing so.

### B. The Settlement Meets the Legal Standard for Final Certification of the FLSA Collective Action

For settlement purposes, Plaintiffs seek to certify the collective action, as defined in Section II.B *supra*, under § 216(b) of the FLSA. The definition of the proposed collective is similar to that of the class except that the time period is shorter. The collective begins on varying dates depending primarily on when members joined the case, but, at the earliest, it

begins February 1, 2015 and ends July 31, 2019.  ECF No. 111-1 (Settlement Agreement) § 1.6.  MetLife does not oppose conditional certification for settlement purposes only.  *Id.* § 2.3(B).

The FLSA authorizes employees to bring an action on behalf of "themselves and other employees similarly situated".  29 U.S.C. § 216(b).  Unlike the procedure under Rule 23, collective members must affirmatively opt into the litigation in order to join it.  *See Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 84-85 (S.D.N.Y. 2001).  "Because, under the FLSA, parties may elect to opt in but a failure to do so does not prevent them from bringing their own suit at a later date, FLSA collective actions do not implicate the same due process concerns as Rule 23 actions . . . [and] the high standard for approval of a class action under Rule 23 does not apply to an FLSA settlement."  *Azogue v. 16 for 8 Hospitality LLC*, No. 13-cv-7899, 2016 U.S. Dist. LEXIS 111134, *14 (S.D.N.Y. Aug. 19, 2016) (internal citation and quotation marks omitted).

Plaintiffs have more than satisfied their minimal burden to present evidence that that they and other Dental Consultants were "victims of a common policy or plan that violated the law."  *Salomon v. Adderley Indus.*, 847 F. Supp. 2d 561, 563 (S.D.N.Y. Mar. 6, 2012) (Crotty, J.) (citations omitted); *see also Julian v. MetLife, Inc.*, 298 F. Supp. 3d 699, 706 (S.D.N.Y. 2018) (conditionally approving collective action based on evidence from three of five offices because all LTD Claims Specialists were similarly classified, "trained using the same materials[,] and provided the same checklists and scripts to use in processing claims"); *In re Penthouse Exec. Club Comp. Litig.*, No. 10-1145(NRB), 2010 U.S. Dist. LEXIS 114743, at *12–13 (S.D.N.Y. Oct. 27, 2010) (conditionally approving collective action for workers classified as independent contractors because the workers "all hold the same job title, have the same job responsibilities, work at the same location, and, by extension, are subject to the same ownership and management").  The Dental Consultants signed substantially similar Contracts, were

10

compensated on an hourly basis, and did not receive overtime. Plaintiffs also allege that MetLife controlled their work in similar ways, and contractually foreclosed their entrepreneurial opportunities in same manner. Accordingly, the Court should conditionally certify this case as a collective action under § 216(b) for settlement purposes only.

### C. Notice to the Class Was Appropriate and Complied with Due Process

The notice program used here was implemented in accordance with the terms agreed upon by the Parties and approved by the Court. The facts show that the program was more than adequate.

No "rigid rules" govern the adequacy of notice for a class action settlement. *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 U.S. Dist. LEXIS 9450, at *26 (S.D.N.Y. Feb. 1, 2007). Rather, when measuring the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules of Civil Procedure, the court should look to its reasonableness. *Id.* "Notice need not be perfect, but need be only the best notice practicable under the circumstances, and each and every class member need not receive actual notice, so long as class counsel acted reasonably in choosing the means likely to inform potential class members." *Id*. (citing *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988)).

In compliance with the comprehensive notice program set forth in the Settlement Agreement, notice was delivered via U.S. mail, emails and through a settlement website. Patton Decl. ¶¶ 4-8. The Claims Administrator, SSI, mailed the notice to all class members. *Id.* ¶ 5. The notice explained the total amount of the settlement, the amounts to be sought as service awards, the maximum amount to be sought as attorneys' fees and expenses, and the allocation formula. Notice (Ex. A to Patton Decl.). It stated that class members could contact SSI or Class Counsel to learn their Base Awards and to access the motions for attorneys' fees and expenses

11

and for service awards on the settlement website. The notice also informed Class members how to opt out from the Settlement and how to object to the Settlement. *Id.* While over 1/3 of the notices initially were returned to SSI as undeliverable without forwarding information, SSI, MetLife and Plaintiffs were able to locate updated mailing addresses for all of them, and none of the re-mailed notices were returned as undeliverable. Patton Decl. ¶¶ 6-7. In addition, SSI emailed a copy of the notice to all but one of the class members whose original notice was returned as undeliverable. *Id.* ¶ 6. These efforts make it likely that a notice was sent to, and received at, the correct home and/or email address of every class member. Finally, SSI established the website required under the Settlement Agreement, [www.dentalconsultantscase.com](www.dentalconsultantscase.com), which went live on November 3, 2019, 17 days after preliminary approval. *Id.* ¶ 4.

There is direct confirmation that 90 of the 121 class members are aware of the Settlement, establishing that the notice campaign has been successful. Supp. Lieder Decl. ¶¶ 4. Forty-one class members contacted Class Counsel to learn their expected award amount and/or to discuss the settlement. Supp. Lieder Decl. ¶ 3. Another 36 class members who did not contact Class Counsel contacted SSI after notice was mailed. Patton Decl. ¶ 7; Supp. Lieder Decl. ¶ 4. Class Counsel communicated about the settlement with each of the 13 current or former Plaintiffs. Supp. Lieder Decl. ¶ 2. In addition, some of the other class members may have accessed the website about the settlement maintained by the Claims Administrator. Given the likelihood that notice was successfully mailed to every class member, that 3/4 have confirmed receipt through their subsequent communications, and that some class members may have visited the website, notice in this case was reasonable and more than adequate.[5]

---

[5] The same facts establish that SSI has performed its duties as Claims Administrator in an exemplary manner. Its invoices have been reasonable in amount. Supp. Lieder Decl. ¶ 7. The proposed final approval order confirms SSI's service as Claims Administrator.

### D. The Settlement Is Substantively Fair, Reasonable, and Adequate

As set out in Plaintiffs' memorandum in support of preliminary approval, courts in the Second Circuit generally consider the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) ("*Grinnell*"), *abrogated on other grounds, Goldberg v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), in evaluating whether the substantive terms of a class action settlement are "fair, adequate, and reasonable." The *Grinnell* factors are (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

Only the second *Grinnell* factor has changed since preliminary approval. The reaction of the class to the settlement can now be assessed. Of the 121 class members, only one class member opted out, and no class member filed any objections. Patton Decl. ¶ 10. Moreover, the reason that the single class member opted out was not because he felt that the settlement was unfair to class members; rather, he wrote that he opted out because he "was treated very fairly" and "had no complaints about MetLife." *Id.*, Ex. B (Letter from Leonard Swimmer, D.D.S., to MetLife Claims Administrator (Dec. 6, 2019)). As such, eight of the nine *Grinnell* factors now weigh heavily in favor of approval of the Settlement Agreement, and the final factor, whether MetLife could withstand a greater judgment, has little importance.[6]

---

[6] Plaintiffs respectfully refer the Court to their analysis of the *Grinnell* factors in their memorandum in support of preliminary approval. *See* ECF No. 111-7 at 14–21.

13

Moreover, it bears repeating that the proposed Settlement Agreement is the result of extensive, arms' length negotiations by counsel well-versed in the prosecution and defense of employment class and collective actions. *See* MOL ISO Preliminary Approval, ECF No. 111-7, at 6. The claims raised several difficult issues of law or mixed law and fact, including whether the dental consultants were employees rather than independent contractors, as MetLife treated them, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and the laws of the eight states in which they worked. *See id.* at 14-15, 17-19; MOL ISO Attys' Fees, ECF No. 120-1, at 4-6. The average award for the class members is substantial, especially in comparison to the awards in other class misclassification cases in federal district courts in New York. ECF No. 111-7, at 9-11. Moreover, the settlement fund will be allocated among class members based on reasonable factors. These indicia that the settlement is fair, reasonable, and adequate strongly favor final approval.

## CONCLUSION

For the reasons set forth above, the Settlement easily satisfies all the requirements for final approval. Plaintiffs respectfully request that the Court grant their motion and enter the accompanying proposed Order.

Dated: January 8, 2020

Respectfully submitted,

| **STACEY GRAY PC** | **MEHRI & SKALET PLLC** |
| --- | --- |
| /s/ Stacey M. Gray | /s/ Michael D. Lieder |
| Stacey Gray | Cyrus Mehri (pro hac vice) |
| 60 East 42nd Street | Michael D. Lieder (pro hac vice) |
| 46th Floor | Lauren Nussbaum (pro hac vice) |
| New York, NY 10165 | 1250 Connecticut Ave., NW, Suite 300 |
| Tel: (212) 227-9163 | Washington, DC 20036 |
| Fax: (866) 224-6703 | Tel: (202) 822-5100 |
| sgray@staceygray.com | Fax: (202) 822-4997 |
| | cmehri@findjustice.com |
| | mlieder@findjustice.com |
| | lnussbaum@findjustice.com |

## Certificate of Service

      I certify that on January 8, 2020, a true and correct copy of the Memorandum of Law in Support of Plaintiffs' Motion for Certification of the Settlement Class and Collective and Final Approval of the Class Action Settlement was served via the Court's CM/ECF system upon all counsel of record.

                                                                                             */s/ Michael D. Lieder*
                                                                                            Michael D. Lieder