UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
CAROL McNEELY, SHILPA VLK,
GEORGE K. BERNHARD, and DEBORAH
JOYCE,

on behalf of themselves and all others
similarly situated,

and

DAVID T. RUDZIEWICZ, FREDERICK
DEMAIO, DONNA R. KOBIELSKI,
DONNA MOLTA, NADINE JOY,
SAMUEL PENTA, and ROLAND HOGG,

     Opt-In Plaintiffs,     **1:18-CV-00885-PAC**

     -against-     *Electronically Filed*

METROPOLITAN LIFE INSURANCE
COMPANY, METROPOLITAN LIFE
RETIREMENT PLAN FOR UNITED STATES
EMPLOYEES, SAVINGS AND INVESTMENT
PLAN FOR EMPLOYEES OF METROPOLITAN
LIFE AND PARTICIPATING AFFILIATES,
METLIFE OPTIONS & CHOICES PLAN, and
WELFARE BENEFITS PLAN FOR EMPLOYEES
OF METROPOLITAN LIFE AND
PARTICIPATING AFFILIATES,

     Defendants.
---------------------------------------------------------------x

**SUPPLEMENTAL DECLARATION OF MICHAEL LIEDER
IN SUPPORT OF PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Michael Lieder, declare upon personal knowledge and under penalty of perjury that the following is true and correct:

1. I am a partner in the firm of Mehri in Skalet, PLLC ("M&S") with offices in Washington, DC. This declaration supplements my declaration filed October 7, 2019 in support of preliminary approval of the proposed settlement with information that only became available after October 7. Except as expressly indicated, I make all of the statements below based on personal knowledge, in some instances after reviewing the firm's records to refresh my recollection as to specific facts.

2. All 13 Plaintiffs and former Plaintiffs are aware of the settlement. Not only did we (Class Counsel) send them written information about the proposed settlement and discuss it with them in two telephonic conference calls prior to October 7, 2019, but we worked with each of them in preparing declarations about their participation in the case in connection with Plaintiffs' motion for service awards filed November 6, 2019 (ECF Nos. 119-2 to 119-14).

3. The mailed notice informed recipients that they could obtain information about the settlement from Class Counsel and the Claims Administrator and provided contact information for us and for Settlement Services, Inc. ("SSI"). Lauren Nussbaum has been the primary member of the Class Counsel team to field questions from unnamed class members. Before she started four months of parental leave, she prepared a list of 34 unnamed class members with whom she had discussed the settlement. In addition, co-counsel Stacey Gray has identified five unnamed class members with whom she has discussed the settlement who are not on Ms. Nussbaum's list and I have discussed the settlement with two unnamed class members not on either list. In total, to date we have discussed the settlement with 41 unnamed class members, approximately 40% of the 108 unnamed members of the class.

4. Mark Patton of SSI provided us with a list of the names of 66 Plaintiffs and

class members with which it had had communications since sending the notice. I eliminated the names of 30 Plaintiffs or persons with whom Ms. Nussbaum, Ms. Gray, or I had communicated. That left 36 individuals with whom SSI had communicated that we had not, bring the total number to 90 (13 Plaintiffs and former Plaintiffs + 41 unnamed class members with whom Class Counsel has communicated + 36 unnamed class members with whom only SSI has communicated), almost 75% of the 121 Plaintiffs and unnamed class members.

5. In support of Class Counsel's motion for attorneys' fees and expenses, Class Counsel submitted evidence that, after exercise of billing judgment, the time that they and their staffs had worked on this matter through October 24, 2019 was valued at $1,624,671 at their normal billing rates. Since then, I reviewed a printed report of M&S' time records for this case from October 25, 2019 through January 2, 2020 and exercised billing judgment to eliminate time that seemed excessive or otherwise inappropriate to bill. After exercise of that billing judgment, lawyers and staff had worked a total of 227.1 hours during these 69 days which, at normal billing rates for each of them, is valued at $133,698. Ms. Gray similarly has exercised billing judgment over her records and informed me that she worked 34.2 hours between November 4, 2019 and January 7, 2020, which at her ordinary billing rates is valued at $24,795. The supplemental total is $158,493. This brings the total lodestar fees of Class Counsel on this matter, after exercise of billing judgment, to $1,783,164.

6. Based both on my knowledge of the work that we have performed and my review of the records, I know that the firms have spent the time since October 24, 2019 primarily on the following projects:

- Completing the preparation of documents in support of Plaintiffs' motion for service awards;
- Completing the preparation of documents in support of Class Counsel's motion

3

for fees and expenses;

- Responding to questions and otherwise communicating with Plaintiffs and class members about the settlement;

- Communicating with opposing counsel and SSI about various issues that arose, including how to address issues associated with the four class members whom MetLife had not identified on its original list of class members; and

- Preparing documents in support of the motion for final approval of the settlement.

7. I have reviewed the invoices submitted by the Claims Administrator, SSI, through December 31, 2019. I believe that the rates, which range from $160 per hour for the lead administrator to $40 per hour, are reasonable and, if anything, less expensive than those of other leading claims administration companies. I believe that the hours worked to date have been reasonable. The total amount invoiced through December 31, 2019, about $9,900, is about 2/3 of the estimate that SSI originally provided.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
|     January 6, 2020     |     /s/ Michael D. Lieder     |
| Date | Michael D. Lieder |