UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAROL McNEELY, SHILPA VLK, GEORGE K. BERNHARD, and DEBORAH JOYCE,

on behalf of themselves and all others similarly situated,

and

DAVID T. RUDZIEWICZ, FREDERICK DEMAIO, DONNA R. KOBIELSKI, DONNA MOLTA, NADINE JOY, SAMUEL PENTA, and ROLAND HOGG,

Opt-In Plaintiffs,

-against-

METROPOLITAN LIFE INSURANCE COMPANY, METROPOLITAN LIFE RETIREMENT PLAN FOR UNITED STATES EMPLOYEES, SAVINGS AND INVESTMENT PLAN FOR EMPLOYEES OF METROPOLITAN LIFE AND PARTICIPATING AFFILIATES, METLIFE OPTIONS & CHOICES PLAN, and WELFARE BENEFITS PLAN FOR EMPLOYEES OF METROPOLITAN LIFE AND PARTICIPATING AFFILIATES,

Defendants.

---

1:18-CV-00885-PAC

*Electronically Filed*

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS**

The above-captioned matter came before the Court on: (1) Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement; (2) Plaintiffs' Motion for Attorneys' Fees and Expenses; and (3) Plaintiffs' Motion for Class Representative Service Awards. All defined terms contained

1

herein shall have the same meanings as set forth in the Settlement Agreement executed by the Parties and filed with this Court.

On October 17, 2019, this Court entered an Order preliminarily approving the Settlement on behalf of the Class set forth therein, conditionally certifying the Class and Collective, appointing Mehri & Skalet, PLLC and Stacey Gray P.C. as Class Counsel, and authorizing Notice to all class members. ECF No. 116. On November 7, 2019, the Claims Administrator sent the Court-approved Notice to all class members informing them of their rights under the Settlement, and of Plaintiffs' intention to seek service awards in stated amounts, of Class Counsel's intention to seek attorneys' fees and expenses in the amount of up to $1,260,000, and of their rights to opt out or object. Subsequently the Claims Administrator sent the Notice to updated mailing addresses, including by email, to Class Members for whom the original mailing was returned as undeliverable. On December 6, 2019, following the Court's approval, *see* ECF No. 124, the Claims Administrator sent the supplemental notice to four newly discovered Class Members. No Class Member has objected to the Settlement, and only one Class Member has opted out of the Settlement.

On November 6, 2019, Plaintiffs filed their Motion for Class Representative Service Awards and Plaintiffs' Motion for Attorneys' Fees and Expenses. ECF Nos. 119–20. Defendants filed an opposition to Plaintiffs' Motion for Class Representative Service Awards, ECF No. 121, and Plaintiffs' filed a reply in support of their motion. ECF No. 122.

The Court held a final fairness hearing on January 15, 2020. No Class Member objected to the Settlement at the hearing.

Having considered (1) Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement, (2) Plaintiffs' Motion for Attorneys' Fees and Expenses, and (3) Plaintiffs' Motion for Class Representative

Service Awards, the supporting declarations and exhibits, the oral argument presented at the January 15, 2020, fairness hearing, and the complete record in this matter, for reasons set forth therein and stated on the record at the January 15, 2020 fairness hearing, and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court certifies the following Class under Federal Rule of Civil Procedure 23(e), for settlement purposes only: All persons who contracted or otherwise arranged with Defendant Metropolitan Life Insurance Company or any related or affiliated entity (collectively "MetLife") to perform services as a Dental Consultant (which includes dentists and hygienists) (a) in Illinois at any time between February 1, 2008 and July 31, 2019 or (b) anywhere else in the United States at any time between February 1, 2012 and July 31, 2019. The Court finds that the Rule 23 class meets all the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

2. In addition, for settlement purposes only, the Court finds that a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, is appropriate pursuant to 29 U.S.C. § 216(b) for all persons who contracted or otherwise arranged with MetLife or any related or affiliated entity to perform services as a Dental Consultant (which shall include dentists and hygienists) between the initial dates set forth below and July 31, 2019 (the "Collective"). The initial dates of the FLSA claims are three years before Dental Consultants opted in to the litigation for the first eleven Dental Consultants listed below, and for the other Dental Consultants three years plus a period of tolling to which the Parties have agreed only for purposes of the Settlement Agreement (rounded to the first day of the nearest month):

| **Dental Consultants** | **Date** |
|---|---|
| Carol McNeely | 2/1/15 |

| George Bernhard, Deborah Joyce, David Rudziewicz, Scott Vlk, Shilpa Vlk | 4/1/15 |
|---|---|
| Harry Tuber, Frederick DeMaio, Nadine Joy, Donna Kobielski, Donna Molta | 5/1/15 |
| Samuel Penta | 12/1/15 |
| All other Dental Consultants | 1/1/16 |

3. The Court hereby grants the Motion for Final Approval and finally approves the Settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between the parties. The Court concludes that the proposed Settlement Agreement is the result of extensive, arms' length negotiations by counsel well-versed in the prosecution and defense of employment class and collective actions and is substantively fair, reasonable, and adequate. The claims raised several difficult issues of law or mixed law and fact. Notwithstanding those complexities, the total amount that MetLife has agreed to pay, at least $3,390,000, is substantial.

4. The facts that none of the 121 identified Class Members objected to the Settlement, that only one Class Member opted out, and that the opt out stated that he did so because he believed that MetLife had not violated his rights rather than because of any belief that the settlement was inadequate, reinforces the conclusion that the Settlement is fair, reasonable and adequate.

5. The Court finds that class members were provided with the best notice practicable under the circumstances. Pursuant to the Preliminary Approval Order, the Claims Administrator sent the Notice by first-class mail to each Class Member. The Claims Administrator, MetLife, and Plaintiffs then worked to find mailing addresses for every Class Member for whom the original mailing was returned as undeliverable. The Claims Administrator also emailed the notice to all but one Class Member for whom the original mailing was returned as undeliverable.

The Claims Administrator also created and has maintained a website with information about the settlement. Approximately three quarters of the Class Members have engaged in direct communications with Class Counsel or the Claims Administrator indicating awareness of the settlement. The Court concludes that the Notice distribution process comported with all legal requirements, including those of due process.

6. The Court finds that the Notices fairly and adequately advised Class Members of the terms of the Settlement. The Notice explained the total amount of the Settlement, the amounts to be sought as service awards, the maximum amount to be sought as attorneys' fees and expenses, and the allocation formula. It also stated that Class Members could contact the Claims Administrator to learn their Base Awards. Finally, the Notice informed Class Members of their right to object to or opt out from the Settlement and explained how to do so. The Court concludes that the Notice comported with all legal requirements, including those of due process.

7. The Court concludes that Settlement Services, Inc. has been properly performing its duties as Claims Administrator under the Settlement Agreement and authorizes the payment of its reasonable fees and expenses from the Settlement Fund.

8. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and Expenses and awards Class Counsel $1,167,952 in attorneys' fees and $52,992 in expenses, for a total award of $1,220,944. The Court finds that these awards are fair and reasonable. The amount of fees awarded is approximately 35% of the total paid through the Settlement net of expenses. Class Counsel contends that its lodestar exceeded the amount awarded in fees by over 50% even after the exercise of billing judgment. The Court need not review each entry to determine the actual amount of the lodestar. This is an exceptional case in which an attorney fee award in excess of 33% is justified: Class Counsel overcame the legal complexities arising out a case containing three types of claims governed by both federal law and the laws of seven states to achieve a

settlement with a substantial gross average award to Class Members, thereby demonstrating their commitment to the Class and to representing the Class's interests. Class Counsel have devoted substantial resources to prosecuting this case.

9. The Court hereby grants Service Awards in the following amounts:

   (1) Carol McNeely: $_____;

   (2) George Bernhard, Frederick Demaio, Nadine Joy, Deborah Joyce, Donna Kobielski; Donna Molta, David Rudziewicz; Shilpa Vlk: $_____;

   (3) Harry Tuber, Scott Vlk: $_____;

   (4) Roland Hogg, Samuel Penta: $_____.

10. The "Settlement Effective Date" shall be thirty-five (35) days after the date of entry of this Order. If a party appeals the Court's Final Order and Judgment, then the "Effective Date" of the settlement shall be fifteen (15) days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final, without any further right of appeal.

11. By no later than twenty (20) business days after the date of entry of this Order, Defendants shall deposit the balance into the Settlement Fund.

12. By no later than ten (10) calendar days following the Effective Date, the Claims Administrator shall distribute the money in the Settlement Fund by making the following payments:

   (1) Paying Class Counsel the amounts in attorneys' fees and reimbursement of expenses set out in ¶ 8 of this Order;

   (2) Paying the Claims Administrator's fees and expenses as directed in ¶ 7 of this Order;

   (3) Paying the Service Awards in the amounts stated in ¶ 9 of this Order;

   (4) Paying eligible class members their individual settlement payments;

(5) Paying the Unclaimed Funds as defined in Section 1.27 of the Settlement Agreement.

13. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

14. Upon the Effective Date, this litigation shall be dismissed with prejudice, and all Rule 23 class members who have not excluded themselves from the Settlement and all FLSA collective members who opt into the lawsuit by negotiating their award payments shall be permanently enjoined from pursing and/or seeking to reopen the claims that have been released pursuant to the Settlement.

**It is so ORDERED this \_\_\_ day of _____, 2020.**

Honorable Paul A. Crotty
United States District Judge